**SCANNED**

**19 CV 458**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORY REID, Plantiff

-against-

CITY OF NEW YORK, et al
Defendants

CIVIL RIGHTS COMPLAINT PURSUANT
TO BIVENS AND TITLES 42 USCS
1981(A)(C), 1983, 1985(3), 1986
1988. Also 28 USCS 1367(A).
Authorized by TITLES 28 USCS
1331 andf 1343(A)(1)(2)(3)(4).

RECEIVED
PRO SE OFFICE
2019 JAN 16 AM 9:48

＊JURY TRIAL DEMANDED(7th Amd)

Parties to this Complaint.

Plantiff : CORY REID was a criminal defendant in two separate cri
m,inal actions(2017NY050276)-(4445-2017)that took place in the Co
unty of New York, sufficient for Jurisdiction and Venue Pursuant
to TITLES 28 USCS 1391 B2. The plaintiff now resides at 240 Madison
Street, #2D, NY, NY, 10002.

Defendants.
1. CITY OF NEW YORK, Corporation Counsel, 100 Church Street, New
York, New York, 10007. 24th Floor.

NYPD Arresting officers from TD 4.
2. DAVID SIMON, 3. SERGEANT FRAZIER, 4. JANE DOE, 5. JOHN DOE, wh
o is currently employed at Transit District Four Police Station l
ocated at 14th Styreet and Union Square, NY, NY,

6.         M.D's at Bellvue Hospital Emergency Room.
6. CHEYENNE SNAVELY, 7. JOSEPH HABBOUSHE, who are both currently
employed at 462 First Avenue, Kips Bay, NY,        Bellvue Hospital

NYPD Transporting Officers from TD 4.
8. OFFICER GHEGAN, 9. OFFICER PHOENIX, who is currently employed
at TYransit Bureau Four Police Station located at 14th Street, UN
ion Square, NY, NY,

Arraignment on Docket Number 2017NY050276 in APAR 1.

10. JUDGE DARKEH who is currently employed at 100 Centre Street, NY, NY, 10013, APAR 1.

11. ADA JOHN DOE, he got assigned on 9-25-2017 to prosecute the f irst Arrest Prosecution, who is currently employed at One Hogan P lace, NY, NY, 10013.

Defense Attorney before CPL 170.20.

12. YOSHA GUNASEKERA who is currently employed at the Legal Aid S ociety located at 49 Thomas Street, NY, NY, 10013.

Part C Prosecution on Docket Number 2017NY050276.

13. JUDGE HERBERT MOSES, he was the presiding Justice for the fir st Arrest charges who is currently employed at 100 Centre Street, NY, NY, 10013. Part C.

YOSHA GUNASEKERA's SUPERVISOR.

14. YOSHA GUNASEKERA's SUPERVISOR is currently employed at the le gal Aid Society located at 49 Thomas Street, NY, NY, 10013.

Second Arrest Prosecution on #4445-2017 in Part 71.

15. JUDGE LAURA.A.WARD, she presided over the second arrest charg es first. She is currently employed at 100 Centre Street, NY, NY, 10013. Part 71.

16. ADA NICHOLAS BARNES, he prosecuted the second Arrest Charges with Ann Scherzer as well, and he is currently employed at One Ho gan Place, NY, NY, 10013.

Clerks At Appellate Division, First Department.

17. MARGARET SOWAH, Deputy Clerk, 18. SUSANNA MOLINA ROJAS, Clerk of Court, 19. A.ORTIZ, they are all currently employed at 27 Madi son Avenue, NY, NY, 10010.

Inspector General for the UCS.

20. SHERILL SPATZ, who is currently employed at 25 Beaver Street, NY, NY, 10007.

2241 Habeas Corpus Petition.

21. DISTRICT JUDGE ANN.M.DONNELLY(18-cv-4066AMD)who is currently employed at 225 Cadman Plaza East, Brooklyn NY, 11201.

22. CYRUS. R. VANCE JR, he is the District Attorney for the County of New York, and is currently employed at One Hogan Place, NY, NY, 10013.

23. MARTIN BOWE, Assistant Corporation Counsel, who is currently employed at the Law Department located 100 Church Street, NY, NY, 10007. Room 2194.

24. JOHNATHAN PINE, General Litigations Division, who is currently employed at the Law department located at 100 Church Street, NY NY, 10007.

Second Arrest Prosecution on #4445-2017 in Tap A.

25. ANN SCHERZER, she was the second Trial Judge for the second Arrest Prosecution, who is currently employed at 100 Centre Street NY, NY, 10013. Tap A.

26. CLERK OF COURT PART TAP A, who is currently employed at 100 Centre Street, NY, NY, 10013. Tap A.

27. KENDRA THIMBREL, she was the stenographer in Tap A on 10-11-2018, who is currently employed at

Defense Attorney after CPL 170.20.

28. MICHAEL JACCARINO, who is employed at 546 Fifth Avenue, NY, NY, 10036.

Second Defense Attorney after CPL 170.20.

29. ADAM SILVERSTIEN, who is currently employed at 185 Whyte Avenue, Suite A, Brooklyn NY, 11249.

Second ADA for #4445-2017.

30. ADA JOHN DOE FOR #4445-2017, who is currently employed at One Hogan Place loca ted at NY, NY, 10013.

31. ELEANOR OSTROW, she was the Attorney for Cyrus.R. Vance Jr in 18 cv 4066 AMD, who is currently employed at the Appeals Bureau of the Distric t Attorneys Office of New York County located at One Hogabn Place, NY, NY, 10013.

<u>**Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements.**</u> **Lujan, 504 U.S., at 560, 112 S. Ct. 2130. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision. . . . To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."** <u>**Lujan**</u>**, 504 U.S. at, 560, 112 S.**

**TERM: preponderance of evidence.**

**TEXT:** 1. The weight, credit, and value of the aggregate evidence on either side; the greater weight of the evidence; the greater weight of the credible evidence. In the last analysis, the probability of the truth; evidence more convincing as worthy of belief than that which is offered in opposition thereto. 2. The expression does not mean the mere numerical array of witnesses; it means weight, credit, and value.

Defendant Margaret Sowah(referred to in complaint as Def Sowah)the Deputy Clerk of the Appellate Division, First Department, who practiced Law for 28 yrs(1990-2018)and Worked for the New York State Court of Appeals, highest Court for the State of New York, is now ands was completely familiar with the contents of the third paragraph on this paper when the plantiff forwarded to the First

### THIS COURT HAS SUBJECT MATTER JURISDICTION

A proceeding against a body or officer generally must be commenced in Supreme Court (see, CPLR 7804 [b]; see also, CPLR 506 [b]). Where prohibition is sought against a Justice of the Supreme Court or a Judge of the County Court, however, it must be commenced in the Appellate Division in the judicial department where the underlying action is triable (see, CPLR 506 [b] [1]). That provision is directed to the Court's subject matter jurisdiction, not merely venue, and therefore is nonwaivable (see, Matter of Nolan v Lungen, 61 N.Y.2d 788, 790, 473 N.Y.S.2d 388, 461 N.E.2d 874; Ferrick v State of New York, 198 A.D.2d 822, 823, 605 N.Y.S.2d 716).

Here, petitioners named County Court Judge Himelein as a respondent. Thus, notwithstanding the naming of other officers as respondents, the proceeding must be commenced in the Appellate Division (see, CPLR 506 [b] [1]; Matter of Pollak v Mogavero, 114 A.D.2d 640, 641, 494 N.Y.S.2d 476). Nevertheless, the Attorneys-General assert that a petitioner may not confer subject matter jurisdiction upon the Appellate Division merely by naming a County Court Judge as a respondent and that, in such cases, the Court must scrutinize the allegations of the petition to determine whether the Judge is properly named as a respondent, i.e., whether the petition in reality seeks relief against that Judge or merely against another body or officer (see, Matter of New York State Rifle & Pistol Assn. v City of Mount Vernon, 148 A.D.2d 616, 540 N.Y.S.2d 15; Matter of Williams v Shanley, 138 A.D.2d 885, 886, 525 N.Y.S.2d 980).

We conclude that Judge Himelein is a proper respondent and that the proceeding therefore is within the original jurisdiction of this Court. Judge Himelein granted the Attorneys-General leave to resubmit the case to a second Grand Jury, thereby endorsing their purported appointment as Assistant District Attorneys. Further, the proceeding actually seeks relief against Judge Himelein, i.e., an order prohibiting him from proceeding with the trial of the indictment. Moreover, numerous decisions hold or imply that a presiding Judge is properly named as a co-respondent in a prohibition proceeding challenging the authority of a special prosecutor or the (221 A.D.2d 144) Attorney-General (see, e.g., Matter of B. T. Prods. v Barr, 44 N.Y.2d 226, 231, 234, 405 N.Y.S.2d 9, 376 N.E.2d 171; Matter of Dondi v Jones, 40 N.Y.2d 8, 386 N.Y.S.2d 4, 351 N.E.2d 650, rearg denied 39 N.Y.2d 1058; Matter of Blancero v Brown, 216 A.D.2d 384, 628 N.Y.S.2d 729, lv denied 86 N.Y.2d 705; Matter of Liebowitz v Harrington, 152 A.D.2d 737, 544 N.Y.S.2d 189; Matter of Collesano v Marshall, 151 A.D.2d 1045, 542 N.Y.S.2d 455; Matter of Board of Supervisors v Aulisi, 62 A.D.2d 644, 406 N.Y.S.2d 570, affd 46 N.Y.2d 731, 413 N.Y.S.2d 374, 385 N.E.2d 1302), or challenging the prosecutor's authority to proceed upon an allegedly illegally obtained indictment (see, Matter of Forte v Supreme Ct., 48 N.Y.2d 179, 183-184, 422 N.Y.S.2d 26, 397 N.E.2d 717; Matter of Vega (644 N.Y.S.2d 940) v Bell, 47 N.Y.2d 543, 546-547, 419 N.Y.S.2d 454, 393 N.E.2d 450).

Department the April 12 and April 19 2018 Article 78 Petitions.

*Jurisdictionally defective*

Haggerty v.Himelen,221 ad2d 138
In May 10 2018 leter
to def Sowah.

CPL 170.20

# R 2102.  Filing of papers

**(a)** Except where otherwise prescribed by law or order of court, papers required to be filed shall be filed with the clerk of the court in which the action is triable. In an action or proceeding in supreme or county court and in a proceeding not brought in a court, papers required to be filed shall be filed with the clerk of the county in which the proceeding is brought.

**(b)** A paper filed in accordance with the rules of the chief administrator or any local rule or practice established by the court shall be deemed filed. Where such rules or practice allow for the filing of a paper other than at the office of the clerk of the court, such paper shall be transmitted to the clerk of the court.

**(c)** A clerk shall not refuse to accept for filing any paper presented for that purpose except where specifically directed to do so by statute or rules promulgated by the chief administrator of the courts, or order of the court.

P7  01

# C O M P L A I N T..

To survive a Rule 12(b)(6) motion to dismiss, a complaint must pr
ovide 'enough fact to raise a reasonable expectation that discove
ry will reveal evidence' of illegality. D'Alessandro v. City of N
ew York, 2017 U.S. App. LEXIS 20209; UNITED STATES COURT OF APPEA
LS FOR THE SECOND CIRCUIT.

The plaintiff stated the following facts in April 19 2018 Art
icle 78 Petition(but only up until 12-4-2017) one of the reasons,
def's Barnes, Ward, Sowah did not want it commenced, and, Scherze
r okayed it as well when she becAME aware.

1. On Sep 25 2017, in the County of New York, on the corner of Ma
dison and Rutgers Streets, on the lower east side, four Transit D
istrict fourr officers grabbed the plantiff arms and stated 'free
ze you under arrest' (def's Simon, Frazier, Jane and JOhn Doe onl
y grabbed the plantiffs;arms because they knew him from prior arr
est in eastbroadway, and, because he is black, they wanted to see
if the plaintiff actually commited a crime that day, but they had
to allege something to amke aND Complete an arrest on 9-25-2017).
After contißously asking them what did I do? Simon, Frazier, Jane
and John Doe forced the plantiff into the squad car when it arriv
ed on Madison and Rutgers Streets. At the precint the plantiff re
fused to be fingerprinted. While def's Frazier and Simon was toge
ther transporting the plantiff to the van that was awaiting him o
n 14th street between Broadway and University ppace to take him t
o central bookings, def Frazier told the plantiff that he was bei
ng arrested for swiping someone thru a turnstile(but they did not
voucher any metrocards nor money to put in evidence against the p
Tantiff CPL 1.20 sub 40). Inside van was def John Doe, the one th
at stood at Bellvue hospital with def's Ghegan and Phoenix when d
ef John Doe put the plantiff ina cholkhold. On drivers side was d
ef Jane Doe. Def's Simon and Frazier put the plantiff on the vAn
ledge, the plantiff turned around to face them asking who saw me
swipe someone on a turnstile?, and, def's simon and Frazier just
wanted the plantiff inside of van they pushed him and he fell bac
kwards on van hurting his middle back from push into van(because
the rwear cuffs hurt his middle back).

02

An ambulance arrived and took the plantiff to Bellvue Hospital. A
fter keeping the plantiff in Bellvue Hospital's Physch Ward for t
wo hours approximately rear cuffed on bed, and, the plantiff kept
on acreaming, my back, my back, the doctor finally cleared him an
d sent him to a part for his back. A short time later, def's Gheg
an and Phoenix showed up to stay with def John Doe(arresting offi
cer). They all became the transporting officers. A short time lat
er, def M.D. Cheyenne Snavely appeared, and, the plantiff spit at
def John Doe, and, the plantiff did that while he wasschackled on
bed and each arm was cuffed to arms of bedposts(B) right in front
of def John Doe(arresting officer) def's Snavely and Phoenix twis
ted a bedsheet into the air right above the plantiff, and, tied i
t uner the plantiff's under arms(to show that is what they do to
black criminal) and, def Snavely put on an extra pair of leg scha
ckles to go with the leg schackles that been there since 14th str
eet ambulance pick-up. A short time later, def M.D Joseph Habbous
he came and saw the sheet around the plantiff and the extra pair
of leg schackles, and, did not think anything was worng with it.
Around an hour or so later, def John Doe took the sheet from arou
nd the plantiff, and, also took off the extra pair of leg schackl
es, then, def's Snavely and Habboushe cleareds the plantiff, and,
told him that he can take tylenol for the pain(the reason they cl
eared the plantiff without performing thier official duties, is b
ecause they figured all black suspects under arrest faked injurie
s to get civil suits against the police thsat arrested them). Sub
sequently, def's Ghegan, Phoenix and John Doe told the plantiff t
hjat we are leaving, and, the plantiff stated 'well your I can't
walk right now' and, one of them stated 'well you better or we go
ing to dragh your ass' before you knew it, they stood him up to r
ear cuff him, and, def Ghegan and Phoenix carried the plantiff by
his legh while schacled and def John Doe carried the plantiff by
his shoulders and they all transported him to van like that, and,
when at van, def Ghegan opended up van door, and,(c)they threw hi
m in there(in van)on floor by seat after falling on seat first.

After picking up the plantiff, def Phoenix sat on seat in front o
f the plantiff, def John Doe(arresting officer)sat next to the pl
antiff, and, def Ghegan drove. (D)Def Phoenix then put the planti
ff's head down with force while rear cuffed and schackled and sta
ted'yeah Muthafucka you like spitting at cops' and, the plantiff
stated twice loud so Ghegan can hear 'get off of my neck I can't
breathe, get off of my neck I can't breathe' and, after about two
minutes, def Phoenix let go of the plantiff, and, def John Doe(Ar
resting officer)put the plantiff in a cholkhold for about one min
ute. Once we arrived at transit district fopur Police station at
14th Street and Union Square, def Ghegan got out first with anger
(because he slammed the door hard) opened up the van door, and, d
ef Phoenix got out then def John Doe(arresting officer) and, the
plantiff stood up and stated loud wait I am rear cuffed and schac
kled while standing on the van ledge(because def John Doe was Pul
ling him closer by his shirt)and then(E)together, after John Doe
pulled the plantiff by his shirt and the plantiff fell on ground
hard and almost hit his mouth(F)while rear cuffed and schackled
they caried the plantiff upside down steps - meaning, the plantif
f's face was south and his legs were north, and, the plantiff was
crying saying to the def's PLEASE PLEASE YOUR, DON'T LET MY HEAD
HIT THE STEPS, I DON'T WANT TO DIE, PLEASE PLEASE YOUR. Once insi
de of Transit District Four POlice station, all three def's dropp
ed the plantiff on his back in front of Sergeant on duty there.(S
howing that is what they do to black guy criminals who spit at po
lice)another ambulance was called and the plantiff was taken back
top Bellvue Hospital with a neckbrace. At Bellvue hospital, the M
.D. for that tour(the tours cahnged)told the plantiff that she di
]d feel tenderness in his neck, and, she also checked his back ou
t, prescribed him medication and diuscharged him.(The U.S. Supre
me Court has held that the question wheter an officer has used ex
cessive force requires careful attention to the facts and circums
tances of each particular case, including the severity of the cri
me at issue, wheter the suspect poses an immediate threat to the
safety of the officers or others, and wheter he is actively resis
ting or attempting to evade arrest by flight. KISLEA v. HUGHES:
SUPREME COURT OF THE UNITED STATES: 138 S. Ct.1148)

Indide of Central Bookings, with the two new transporting officer s that treated the plantiff with respect and care, showed the pla ntiff his arrest charges, the ones that brought him to jail from Madison and Rutgers Streets, one count of 145.20 D felony, one co unt of 145.05 sub 2 E felony, one count of 165.16 B misdemeanor(S ee NYPD PETS PROPERTY CLERK INVOICE listed only this criminal cha rge, unauthorized sale of certain transportation services) and, o ne violation of Transit Rule 1050.6 B 2.

(Joint Liability arises when a tortious act is committed by sever al persons acting in concert. It means that each tortfeasor is en tirely responsible for the damage resulting from that concerted c onduct. Thus, in a true joint liability situation, a successful p lantiff may look to any one of the defendants for full satisfacti on of a damage award. Implicit in this analysis is the notion tha t the liability of each party is dependent on the liability of th re other-that is, that it would be logically inconsistent for one to be held liable while the other is not. CAYUGA v. PATAKI, et al 79 F. Supp. 2d 66).

When liability is said to be joint and several' it means that eac h tortfeasor is individually responsible to plantiff for the whol e of the damage. CAUUGA v. PATAKI, et al; 79 F. Supp. 2d 66)

Wholly fabricated means, after a reading by your at the local cou rt arraignment of of the Non-Criminal Complaint, your concluded t hat, since your kmnow that there is no device in any trainstation where simon could have saw the plantiff committ crimes in the sta tion while Simon was on duty there, and, there is no money, metyo cards, and, video in evidence right now at the local court arraig nment to corroborate Simon's allegations in this complaint, the a llegations in this complaint is deliberately created by Simon and Frazier to complete an unconstitutional arrest, and, to have Cory Reid illegally prosecuted on that deliberate creation, to deny Co ry Reid his right to fair trial., Pursuant to RICCIUTI, 124 f.3d 123; UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

***Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection***

***Civil Rights Law > Section 1983 Actions > Law Enforcement Officials***

Ricciuti's holding applies to falsified information contained in an officer's account of his or her observations of alleged criminal activity which he or she conveys to prosecutors.

***Civil Procedure > Appeals > Standards of Review > Abuse of Discretion***

***Civil Procedure > Trials > Jury Trials > Jury Instructions > Supplemental Instructions***

GARNETT v. CITY OF NEW YORK, 838 f.3d 265;UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

01

Pg 10

## Civil Rights Law > Section 1983 Actions > Law Enforcement Officials

## Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection

A 42 U.S.C.S. § 1983 plaintiff may sue for denial of the right to a fair trial based on a police officer's fabrication of information, applies when the information fabricated is the officer's own account of his or her observations of alleged criminal activity, which he or she then conveys to a prosecutor.

## Civil Rights Law > Immunity From Liability > Defenses

## Civil Rights Law > Immunity From Liability > Local Officials > Individual Capacity

GARNETT v. CITY OF NEW YORK, 838 f.3d 265;UNITED STATES COURT O
F APPEALS FOR THE SECOND CIRCUIT.

02

Pg 10

Non-Criminal means, after you read the Wholly fabricated Complain
t, at the local Court Araignment, and, in Part C, you concluded t
hat, since you know that putting a piece of Paper into an opening
of A MVM, and, turning the light from green to yellow, then, appr
oaching two people to speak to them, then swiping those two peopl
e thru A turnstile, without accepting any kind of payment for the
swipe is not crimes(A Goverment Official does not have absolute i
mmunity for acts that are manifestly or palpably beyond his autho
rity, or performed in the clear absence of all jurisdiction. DOE
v. PHILLIPS, 81 f.3d 1204; UNITED STATES COURT OF APPEALS FOR THE
SECOND CIRCUIT.) you did not have any criminal Matter that could
legally justify you remanding Cory Reid to the Dept of Correc. Al
so you concluded that, there is npo Criminal Matter to allow my c
lient Cory Reid to be prosecuted on, nor, is there any Criminal M
atter to preside over, and, Criminal Accusation to prosecute Cory
Reid on and present to a Grand Jury against Cory Reid Pursuant to
CPL 170.20, eventhough, your know, CPL 170.20 do not apply to 201
7NY050276 Pursuant to NUNZIATA; 2001 N.Y. Misc. LEXIS 1006, CRIMI
NAL COURT OF THE CITY OF NEW YORK, NEW YORK COUNTY PART F.

2. Before the plantiff got arraigned in APAR 1, def's ADA John Do
e and Darkeh reduced the aforementioned Criminal charges pursuant
to CPL 180.50, and, dismissed the felony complaint Pursuant to CP
L 180.50 3 d(because at the local courtr arraignment, there was n
o video, money nor metrocards, so def's Drakeh, ADA John Doe, and
, Gunasekera tryed to con the plantiff into taking a Nine month p
lea deal, because the plantiff last two arrest at the eastbroiadw
at trainstation he took nine moth plea deals) and threer is no au
thority to restore one kind of felony and add another one of that
same kmmd pursuant to prevailing authority People v. King, 37 Mis
c. 2d 1070; and, ADA John Doe, Gunasekera, Supervisor and Moses k
new the same.(King case Attached).
3. Sep 26 2017, the plantiff got arraigned on one count of 145.15
Amisdemanor, one count of 145.00 sub 1 A misdemeanor, and, two vi
olations of Transit rules-1050.4(c), 1050.6 B2. Prior to that arr
aignment, the plantiff met with his defense Attorney, def Yosha G
unasekera, and, she shopwed the plantiff the Non-Criminal, Wholly
fabricated complaint, and, it read as follows

An allegation that, def Simon was watching thru videosurviellance (while he was on duty there) and saw the plantiff insert a piece of paper into an opening of a MVM, and, then, Simon stated he saw the plantiff approach two people to speak to them, def Simon then stated that after that, he saw the plantiff take those two people to the service gate and attempted to open it up, and, when that did not work, he saw the plantiff take those two people to the turnstile, and, swipe those two people thru the turnstile(he did not say the plantiff accepted anything for the swipes). Once the plantiff read the aforementioned, he then told his attorney, def Gunasekera, that, that is a lie because, there is no device at the eastbroadway trainstation where someone can see thru and look at the stations while they are there in the station, the only device is at the Mass Transit Authority itself, eastbroadway nor any other trainstation have one, since the videosurviellance only belong to the Mass Transit Authority, and, not the police. That day (9-26-2017) def's ADA John Doe and Darkeh  'intentionally' remanded the plantiff on that complaint, 'knowing' that it was Wholly fabricated and Non-Criminal, because they knew that, there is no device at any trainstation where you can see the stations while you are on duty there, pluis, they knew that what def Simon stated in the Complaint did not amount to crimes-consistent with the all egations not being facts of evidentiary character sufficient for further lawful prosecution, they just remanded the plantiff because he was black with priors in that same trainstation, and, because the plantiff did not take the Nine month plea deal like they expected he will. That day(9-26-2017) def Gunasekera knew also that her clients complaint was Wholly fabricated and Non-Criminal, she was waiting around for def's Darkeh and ADA John Doe. That day(9-26-2017) def Gunasekera intentionally failed to inquire if the People's(Darkeh, ADA John Doe) had an actual video in evidence, as well as Money and metrocards against her client pursuant to C PL 1.20 sub 40. So on that day(9-26-2017) with Gunasekerra's cons ent, def Darkeh and ADA John Doe 2017NY050276 to Part C for furth er unlawful prosecution, while they both proceeded without nothin g to proceed with and together to deprive the plantiff of his Con stitutional right not to be deprived of liberty on the basis of f alse evidence fabricated by Simon and Frazier at eastbroadway.

4. Prior to or on 10-4-2017, def Moses read the Complaint against the plantiff that was unlawfully sent to Part C(First Court appearance in Part C for the plantiff) by Darkeh, after Moses read the Complaint, he then knew right away, it was Wholly fabricated, and , Non-Criminal, he then realized that he did not have any trial Jurisdiction Pursuant to CPL 1.20 sub 24, and, he knew that if he intentionally proceeded any further, it would be 'knowingly' proceeding in the clear absence of all jurisdiction while at the same time, depriving the plantiff of his right not to be deprived of liberty on the basis of false evidence fabricated by Simon and Frazier, and, def Moses did both because the plantiff is black and had a history in eastbroadway trainstation, and, def Moses wanted top see what can he do to pay the plantiff back for not taking the plea deal as he felt he should have. That day(10-4-2017), the plantiff met with his Attorney def Gunasekera, and, that day(10-4-2017) she intentionally failed to argue(because she knew) her clients complaint was Wholly fabricated and Non-Criminal, she was waitimng for def's Moses and ADA£ John Doe's next move, so with her permission, def Moses and ADA John Doe without legal Justification set another court appearance for 10-17-2017, and, Moses and ADA John Doe together proceeded without nothing to proceed over and q ith, and together with Gunasekera to deprive the plantiff of his right not to be deprived of Liberty on the Basis of false evidence fabricated by Simon and Frazier, and, Jane and John Doe permitted the fabrication.(All four arresting officers).

5. Prior to or on 10-17-2017, A video arrived from the Mass Transit Authority, so thgen def's Moses and ADA John Doe made a plan to tetaliate against the plantiff for not taking the Nothe Month plea deasl, when they(moses, ADA John Doe)did not know it was actually a video for the complaint(since there wasn't one at the local coprt arraignment, as required to arrest and remand) by def Moses insisting ADA John Doe present the complaint to the Grand Jury as #2017NY050276 pursuant to CPL 170.20 with the help of Gunasekera and her supervisor, because they all knew that CPL 170.20 was only for cases that originate as misdemeanors. It do not apply to cases that originte as felonies.(So they knew 170.20 did not apply to the plantiff)But they did it so the plantiff would not proceed to trial on the misdemeanors, to invoke trial on the felonies.(TAPA)

6. On 10-17-2017, in 100 Centre Street, NY, NY, 10013, the planti
ff met with his defense Attorney, def Gunasekera, and, her Superv
isor(prior to Part C appearance), and, Gunasekera brought her Sup
ervisor along for two reasons. #1 was to tell the plantiff in oth
er words, Mr.Reid, whatever I am telling you, you should believe
me because my supervisor is with me, and, he will tell you if I a
m lying or not'. #2 was to provide assistance to def's Moses and
ADA John Doe, even if the plantiff did not believe Gunasekera. Th
at day(10-17-2017) they(gunasekera and Supervisor) came to try an
d con the plantiff into taking a E felony plea deal to 110/145.20
Attempted Criminal Tampering in the First Degree, or, they(Moses
and ADA John Doe) was going to gauranteed indict the plantiff on
two counts of Criminal Tampering  in the first Degree in violatio
n of Penal Law 145.20 D Felony(Gunasekera stated that right next
to her supervisor)(See why Gunasekera, Supervisor, ADA John Doe,
and Moses was so interested in two counts of 145.20, after they
viewed video, see what def ADA Barnes only wanted to see in video
on 12-4-2017, then see what def Jaccarino saw in video on 10-17-
2018, when he told the plantiff), the plantiff kept on saying to
Gunasekera and her supervisor, how can they indict me on a felony
, and, they already reduced the felonies?(gunasekera's supervisor
did not tell the plantiff, that, by law, they cannot restore one
count of 145.20 and add another, the Judge(Moses) and the Prosecu
tor(ADA John Doe) are only restoring one count of 145.20 and addi
ng another one because you did not take the plea, and, we(Gunasek
era and Supervisor) helping because you are black with priors in
eastbroadway). That day(10-17-2018) def Gunasekera did not twell
the plantiff exactly what she saw in video, but she did tell the
plantiff that it was not just one machine he damaged like the Com
plaint stated.(As the Mollen Commission recently reported: 'Polic
e Perjury and falsification of official records is a serious prob
lem facing the Deparetment and the Criminal Justice System... Whe
n Police lose thier credibility, they significantly hamper their
own ability to fight crime and help convict the Gulity. A police
word is a Pillar of our criminal Justice System. People v. Kendri
ck. 1623 Misc. 2d 75: CRIMINAL COURT OF THE CITY OF NEW YORK, NEW
YORKL COUNTY.)

That day(10-17-2017), def Gunasekera unconstitutionally left #201
7NY050276, after they(gunasekera, Supervisor, ADA John Doe, Moses
) first plan to con the plantiff into taking a plea to an E felon
y to a Wholly fabricated, Non0Criminal Complaint did not work, bu
t, just in case the plantiff did not take the E felony plea deal,
they(Gunasekera, Supervisor, ADA John Doe, Moses) second plan to
present the Wholly fabricated, Non-Criminal Complaint to a Grand
Jury pursuant to CPL 170.20 as docket Number 2017Ny050276, to get
one count of 145.20 back, and, add another count pursuant to the
video, without effective assistance from the plantiff's Attorney
def Gunasekera arguing CPL 170.20 do not apply to her client's ca
se, and, even if it do, the complaint that he is being prosecuted
on is Wholly fabricated, I saw the video, and, the complaint is N
on-Criminal, so this court do not have trial Jurisdiction pursuan
t to CPL 1.20 sub 24 worked, because, eventhough, def Gunasekera
unconstitutionally left that day(10-17-2017), prior she knew the
aforementioned, and, the only reason she unconstitutionally left
is because her duty for them(ADA John Doe, Moses) was done like t
hey(Gunasekera, Suprevisor, ADA John Doe, Moses) planned. That da
y in Part C, def Moses affirmed(letting Gunasekera, ADA john Doe
know) that he was granting the People's(Moses, Gunasekera, Superv
isor, ADA john Doe) application for CPL 170.20, so they(Gunaseker
a, supervisor, ADA John Doe, Moses) can restore one count of Crim
inal Tampering in the First Degree in violation of Penal Law 145.
20 D felony, and, add another count(to match video for trial). Th
at day(10-17-2017), def 's Moses and ADA john Doe, together proce
eded in the clear absence of all jurisdiction, thanking def Gunas
ekera for not saying anything about it since 9-26-2017 when she r
ead the Non-Criminal comploaint, and, prior to 10-17-2017, or, on
10-17-2017, when she saw the video and assured herself that the N
on-criminal complaint was Wholly fabricated, since she surely bel
ieved that before seeing actual video(because at the local court
arraignemtn, thewre was no money, metrocards or video there) but,
she kept her belief out of Part C, so, the plantiff would not kno
w that she knew(that by law there was suppose to be money, metroc
ardfs and video at the arraignment to legally justify remanding
her client for further prosecution on 2017Ny050276).

7. Back at the Jail, the plantiff found out about CPL 170.20,

8. 11-20-2017, the plaintiff testified on his own behalf at the Gr
and Jury, and, told the Grand Jurors 'Ladies and Gentleman, today
I am here Pursuant to CPL 170.20, and, that Laws very Lanquage ap
plies only to cases that originate as misdemeanors. It do not app
ly to cases that originate as felonies. And Ladies and Gentleman,
I got arrested for two felonies(one count of 145.20, and, one cou
nt of 145.05 sub 2- D andf E felonies) and before I even got to a
rraignemt court, the Judge(Darkeh APAR 1) and Prosecutor(ADA john
Doe) reduced to misdemeanors(145.15, 145.00 sub 1, both A misdeme
anors)before I got araigned because they(Darkeh and ADA john Do
did not have a video(to amke sure the complaint was non-fabricate
d)so they(Darkeh and ADA john Doe) offered me nine months due to
my last two arrest at the eastbroadway trainstation I took nine m
onth plea deals, and, Ladies and gentleman, I am not saying that
I did not commit no crime, but, what I am saying is thast, it is
illegal for me to be here today(11-20-2017) due to CPL 170.20 not
applying to docket number 2017NY050276, and, ladies and Gentleman
the prosecutor(ADA John Doe) have to tell your what I am saying i
s true or he will impair your integrity, and, then the plantiff p
ut on record that he was leaving with the Grand Jurors, two crimi
]nal cases that talk about CPL 170.20.(People vNunziata;2001 N.Y.
Misc. LEXIS 1006, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YOR
K COUNTY PART F. And People v Lebron, 182 Misc. 2d 640)(One of th
e plantiff's April 3 2018 Article 78 Petition stemmed from his su
b 1 subsec C part of his 210.20 Pre-trial moption, that, saemmed
from the Grand Jury, compelling def Ward to comply with Brady, 's
tating in substance, that, if the prosecutor(ADA John Doe) did no
t tell the Grand Jurors, trhat, they cannot indict Cory Reid, due
to CPL 170.20 not applying to 2017NY 050276, that constituted Bra
dy Material favorable to the plantiff, because, def Ward in her d
ecision and Order dated March 14 2018, entertained only that part
of motion(due to the ohter parts beoing jurisdictional) stating th
at there was no defect in the Grand Jury proceedings. Nor do the
Grand Jury minutes reflect any such defect. Making that NOn-frivo
lous Article 78, proper for filing pursuant to CPLR 2102(c). See
part of this complaint that starts off sometime after May 1 2018)
(People v. Nunziata case attahed)

9. 11-21-2017, in 100 centre Street, NY, NY, 10013, Part C, def M oses☞ was not present, and, the reason is, is that, he had no aut hority to grant CPL 170.20, def Moses only illegally granted CPL 170.20, because the plantiff is black and did not take the pleas( nine months, then E felony). That day(11-21-2017) a female Judge was in Part C, she was one of the plantiff's Respopndents in his April 19 2018 Article 78 Petition. The plantiff told the Judge 'Y our Honor, CPL 170.20  applies only to cases that originate as mi sdemeanors. It do not apply to cases that originatye as felonies. ' Subsequently, the Judge stated to the plantiff, Mr.Reid, you di d get arrested for felonies(she meant in other words that cpl 170 .20 did not apply to 2017Ny050276, she do not know the reason it was granted). That day(11-21-2017) in Part C, the plantiff was to ld that he was indicted, but he⊄ really was not, that is the main reason, def Sowah concealed the plantiff's April 19 2018 Petition for 55 days, illegally forwarded back to the plantiff his April 1 2 2018 Petition, made believed she did not recieve⊄ his JUne 20 2 018 Petition, and, her and her partners in crimes(18 USCS 241, 24 2) Rojas, and, A.Ortiz hid his July 11 2018 Petition, all okayed by def's Barnes and Ward(readily inferred from them ignoring the Plantiff's June 19 2018 Petition for warded to all three of them via Mail(barnes, Ward and Sowah). That day(11-21-2017), def Nicho las Barnes got assigned to prosecute #4445-17, eventhough the pla ntiff did not gwet indicted by the Grand Jury to recieve #4445-17.

10. 12-4-2017, in the County of New York, Part 71, the plantiff g ot arraigned on the Video, charging him with two counts of Crimin al Tampering in the First Degree Inviolation of Penal Law 145.20 D felony, exactly what they(Gunasekera, Supervisor, Moses, ADA Jo hn Doe) plann␴d. That day(12-4-2017), def ADA Barnes told Part 71 ⍾hat he viewd in video, the plantiff rip a piece of pasper off of the wall, and, insert that paper into two metrocard machines(The Second Circuit has held that a person has 'the right not to be de prived of Liberty as a result of the fabrication of evidence by a Goverment officer acting in an investigating capacity. Zahrey v. Coffey, 221 f.8d 342). If Barnes only wanted to see that in video so did Moses, ADA john Doe, and Supervisor with Gunasekera prior to, or, on 10-17-2017, substantiating the plantiff's claim that t he complaint was Wholly fabricated, Simon and his integral partic ipants never watched thru videosurviellance and def's

Darkeh, Gunasekera, Supervisor and Moses knew that def's Simon an
d Frazier never watched thru videosurvielance because they knew t
hat there is no device in the Trainstation where a person could h
ave but they still insisted ADA John Doe prosecute the plantiff o
n that complaint.(Def Ward could not have legally filed that two
count indictment with Part 71, becuase it did not directly derive
from the initial one within the meaning of CPL 1.20 16B, and, def
Ward did 'Knowingly' so the plantiff filed an Article 78 dated Ap
ril 3 2018 against def Ward and Simon dealing with the latter ask
ing for Relief from def Ward Pursuant to CPLR 506 B1 making that
Petition Non-frivlous, Proper for filing Pursuant to CPLR 2102c.
See part of this Complaint that begins with sometime after May 1
2018)(In Def's ward and Barnes Decision and Order dated March 14
2018, def Ward stated the evidence presented to the Grand Jury su
pports Felony Charges, sufficient for NYPL 145.20 D Felony. The p
lantiff did not think so because, if def Ward was the quatal Judg
e for 3739/2015 and she allowed the plantiff to take a plea to a
B Felony for an allegation that on nine days the plantiff rendere
d the metrocard machines inoperable(out of service)making thast a
Substantial interruption, then, how is not fully operable a subst
antial interruption and since it is the province and duty of the
Judicial Department top say what the qlaw is, the plantiff filed
an Article 78 prohibiting def Ward from moving until she tell the
plantiff the définition of a substantial interruption in #4445-20
17, making that Petition Non-frivolous, Proper for Filing Pursuan
t to CPLR 2102c. See Part of this complaint that begins with some
time after May 1 2018). That day(12-452017) after the plantiff go
t arraigned on the Mass Transit Authority video Accusation, add a
fterr the plantiff made a timely request to proceed as his own At
torney, the plantiff then told def Ward that those two papers tha
t Part 71 handed to him did not amount to crimes(D'Alessandro v.
City of New York, 2017 U.S. App LEXIS 20209: UNITED STATES COURT
OF APPEALS FOR THE SECONDCIRCUIT stated AN Indictment is jurisdic
tionally defective only if it does not effectively charge the def
endant with the commission of a particular crime')and, the planti
ff read in substance that he damaged and Tampered with the proper
ty of a metrocard machine to wit of a gas, electric, sewer, steam
and Waterworks corporation, common carrier(same thing as metrocar
d mach

18

ine)telephone and telegraph Corporation, nuclear powered electric generating facility operated by a municipality and district and t hereby caused a substantial interruption and impairment of servic es rendered to the public. Whe def Ward and def Barnes read the a forementioned, def Ward totally disregarded her position as a Jud ge and def Barnes totally disregarded his position as a Prosecuti ng Attorney, and the Court's Stated goals, failing to act upon th at major defect thier subjectmatter Jurisdiction SUA SPONTE,(<u>sinc e a Court is duty bound not only to notice, but to act upon it as well. In Re Martinez, 129 F. 3D 213)</u>see def Ward totally disregar ded her position as a Judge so she could 'intentionally' and 'KNo wingly' proceeded in the clear absence of all jurisdiction with d ef Barnes. By that same presiding over a Mass Transit Authority v ideo accusation unconstitutional conduct, def's Barnes and Ward s et a date for defense motions.(1-29-2018). (<u>Thus, the clear absen ce of all Jurisdiction' exception to absolute immunity requires t he opfficial to know that he lacked jurisdiction. When the want o f jurisdiction is known to the judge, no excuse is permissible. B radley v. Fisher, 80 U.S. 335.</u>) (April 12 2018, the plantiff file d an Article 78 Petition against def's Barnes and Ward compelling them to dismiss the indictment filed with her Court Part as Juris dictionally defective, making that Article 78 Non-frivolous, prop er for filing Pursuant to CPLR 2102c. See this Complaint that beg ins with sometime after May 1 2018). (June 20 2018, the plantiff filed an Article 78; see why due to April 12 2018; and, the June ]20 2018 Article 78 was against def Ward only compelling her dism iss the indictment filed with her Court Part as jurisdictionally ddfective, making that Article 78 Non-frivolous, Proper for filin g Pursuant to CPLR 2102c and CPLR 506 B 1).

11. 1-6-2018, the plantiff forwarded to def Ward an Affidavit to berebutted by her, that told her that she lacked jurisdiction due to her not having an indfictment pending against the plantiff in her Court Part 71. (Affidavoit Attached).

12. 1-29-2018, in Supereme Court Part 71, def's Ward and Bannes c ontinued together to 'intentionally' and Knowingly' proceed in th e clear absence of all jurisdiction.(Def Ward ignored the affidav it the plantiff forwarded to her via amil).

13. After the People's(Def's Barnes and Ward) unlawfully responde d to the plantif's CPL 210.20 sub 1 subsec's A and H part of Pre-Trial MØTIOn(sub 1 is dismissing, and, A part is indictment being defective, and, H part is jurisdictional impediment for convictio n fro NYPL 145.20) def's Barnes and Ward made a decision and orde r dated March 14 2018.(Decision and Order attached).

Substantyive Due Process protects individuals against Goverment a ction that is arbitrary, conscience schocking, or oppresive in a constitutional sense. GRILLO v. COUGHLIN, 31 f. 3d 53;UNITED STAT ES COURT OF APPEALS FOR THE SECOND CIRCUITY

14. March 26 2018, in Supreme Court Part 71, the plaintiff was han ded the March 14 2018 Decision and Order from def's Ward and Barn es. The plaintiff rerad it entirely when back in the bullpens, and , concluded that def's barnes and Ward purposely did not entertai n the plaintiff's subsections A nad H part of the motion because i t was dealing with jurisdiction of the court.

That conduct from def's Barnes and Ward 'Schocked the Conscience, '...and interfered with rights 'implicit in the concept of ordere d liberty, '''U.S. v.Salerno, 481 U.S. 739.

15. On March 28 2018, the plantiff filed a writ of Mandamus, Arti cle 78 Petition Pursuant to CPLR 506 B 1, 2012(c), and, forwarded that writ to the App Term First Department's Clerk of Court(def R ojas) top compell def Ward to entertain his Subsection A and H pa rt of motion.(Pre-Trial motion attached).

A denial-of-Access-to-the-courts claim is not valid if a litigant 's position is not prejudiced by the alleged violation. Ruiz v. U nited States, 160 f. 3d 273. It is only when a prisoner suffers s ome actual prejudice or dertiment because of the alleged denial o f access to the courts that the allegation becomes one of constit utional nature. Walker v. Navarro County Jail, 4 f. 3d 410. To Po ve hisa claim, a plaintiff must show real detriment- a true denial of access, such as the loss of a motion, the loss of a right to c ommence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determinatioin in a proceeding. Oaks v Wain wright, 430 f. 3d 241.

16. April 3 2018, the plantiff forwarded three(3) Article 78's da
ted April 3 2018, addressed to the Clerk of Court(def Rojas) of t
he App Term, First Department, Located at 27 Madison Avenue, and,
since they was all asking for relief against a Supreme Court JUdg
e,(def Ward), the plantiff had no other choice but to forwarde th
em to an Appellate Division, Pursuant to CPLR 506 B 1.

17. April 12 2018, the plantiff forwarded an Article 78 Petition
addressed to the first department's Clerk of Court(def Rojas) aga
inst, Def's Barnes and Ward, asking for relief from def ward, bec
use it was challenging an illegaly obtained indictm,ent, and, its
suffiecency of allegations., sow the plantiff had no other choice
but to forward that Petition to an App Term, Pursuant to CPLR 50
6 B 1.(Writ attached, also see pg 6 of this complaint).

The Second Circuit has stated 'In order to establish a violation
of a right of Access to Courts, a plantiff must demonstrate that
a defendant caused actual inujury, i.e., took or was responsible
for actions that hindered a plaatiff efforts to pursue a legal cl
aim.'''

18. April 19 2018, the plantiff forwarded an Article 78 Petition
to the First Department, App Term, addressed to the Clerk of Cour
t(Def Rojas) against def's Ward, Darkeh, Moses, Judge in Part C o
n 11-21-2017, Four Arrewsting 6fficers from TD 4, All Grand Jury
Members on 11-20-2017, Gunasekera, Supervisor, Ghegan, Phoenix, S
navely, Habboushe, Proswecutor John Doe(one before Barnes) Legal
Aid Society, Mass Transit Authority, and, the Petition wasd to va
cate and set aside the respondents all grand Jury Members decisio
n as null and void to indict Cory Reid contrary to CPL 170.20, si
nced they was told by Cory Reid they couldf not legally. And the
Petition was directing def Ward to dismiss indictment filed with
her court part 71, since it was found in violation of CPL 170.20
since the Petitoin was asking for relief from a supreme court jud
ge, the plantif had no other choice but to forward it to an App T
erm pursuant to CPLR 506 B 1.(see number or rather pg 6 of this
complaint).

## *Civil Rights Law > Section 1983 Actions > Scope*

The allegation of intentional violation of the right of access to the courts states a cause of action under 42 U.S.C.S. § 1983 suggests that a reasonable official would know that intentional deprivation of the Bounds right violates the constitution.

## *Civil Procedure > Summary Judgment > Supporting Materials > General Overview*

## *Civil Procedure > Summary Judgment > Opposition > General Overview*

## *Civil Procedure > Summary Judgment > Supporting Materials > Affidavits*

Lewis v. Casey,518 U.S.343, 351, 116 S.ct 2174,2180, 135 LED 2D 606(1996)(Quoting Bounds,430 U.S at 825.

19. Around the ending of April of 2018, the plantiff called the m
otion of the First Department, Appellate Division's motion office
and Renae told the plantiff that he had two return dates. One for
May 8 2018(March 28 2018 Petition) and one for May 15 2018(April
3 2018 Petition wqith Ward and Simon).

20.*** Sometime after May 1 2018, the plantiff recieved via mail
a correspondence from def Margaret Sowah dated May 1 2018, with f
our Article 78's attached unfiled and returned to plantiff for hi
m to file in the Lower Court. Def Sowah forwarded back via mail a
ll three April 3 2018 Petitions stamped recieved April 6 2018 on
cover letter. The April 12 2018 Petition stamped recieved April 2
7 2018. But, def Sowah did not return the april 19 2018 Petition
stamped recieved April 24 2018. Due to no rebutting the June 19 2
018 Petition(see June 19 2018 Petition) the plantiff figured that
either, on def's Sowah's own initiative she illegally and contrar
y to CPLR 2102(c)returned those have to file there article 78 Pet
itions, or, she contacted def's Ward and Barnes and they gave her
instructions on what to do with which ones.(The plan was to have
the plantiff forget about the April 19 2018 one). See Defs' Moses
Gunasekera, Supervisor, and ADA John Doe wanted the plantiff pros
ecuted on two counts of criminal Tampering in the first degree in
violation of Penal Law 145.20 Pursuant to the video, and, to disr
egard anything else illegal the video might show the plantiff do
Prohibited by a Penal Law and Transit Rule regardless of an actua
l indictment by a Grand Jury( so not filing that April 19 2018 Pe
tition was top priority to them(Moses, Gunasekera, Supervisor, AD
A john Doe, ADABarnes, Ward, Sowah, Rojas, A.ortiz)even though th
e first four names probably did not know about the Petition(due t
o it never getting filed)they(Moses, Gunasekera, Supervisor, ADAJ
ohn Doe)still wanted the prosecution, one of the proximate causes
of this complaint.(Correspondence attached).

21. On 11-20-2017, docket Number 2017NY050276 got terminated by t
he Grand Jurors because the plantiff told them that CPL 170.20 di
d not apply to him, so indictment number 4445-2017 did not lawful
ly form from a Grand Jury as required to be an actual indictment
number.

22. On May 7 2018, the plantiff unconstitutionally was compelled to appear in Supreme Cort Part 71, in 100 Centre Street, NY, NY, 10013, in front of Laura.A.Ward and not the Honorable Laura.A.War d presiding over any criminal matter against the plantiff as re quired by the constitution, just a video accusation from Moses, G unasekera, Supervisor, ADA john Doe. That day(5-7-2018)def's Ward and Barnes continued together to prosecute with and proceed over a video accusation, while concurrently both of them knew and cont inued to know about def Sowah forwarding back the plantiff's Arti cle 78 Petitions that could have gotten commenced in the First De partment, Appellate Division where def Sowah is the Deputy Clerk at, depriving the plantiff of the 'full and equal bebefits of a S tate proceeding.''' And the second reason why they(Ward, Barnes, Rojas, A.Ortiz, Sowah)are not commencing nor going to commencing the plantiff highly merited Article 78 Petitions in the First Dep artment, Appellate ADivision, where def's Sowah, A.Ortiz and Roja s work at is because the plantiff is a poor black guy from the Be rnard Baruch Housing projects located on the lower east side.(De f's barnes, Ward told def's Roajas, Sowah, and A.Ortiz that). (Ac cess to the courts may not be denied to the poor, while available to the wealthy. See Edwards v. California, 314 US 160.)'''

23. Pursuant to the Mail box Rule, on May 9 2018, the plantiff fo rwarded to def Sowah an affidavit talking about CPLR 506 B 1 and two Article 78 Petitions datred April 3 2018, the same one agains t def Ward only to refile for the plantiff since def Sowah was ob ligateed by CPLR 2012(c)to keep them filed there(1st dept). Now d ef Sowah must give the plantiff anew return date because the May 15 2018 return date got dismissed with prejudice once def Sowah u nfiled- the same thing with when a Petitioner/plantiff withdraw-w e must start anew.(Affidavit attached).

24. Pursuant to the Mailbox Rule, on May 10 2018, the plantiff fo rwarded to def Sowah a leter talking about CPLR 506 B 1 with vali d case law(Haggerty v. Himelen, 221 AD2D 138 see pg 6) annexed wi th an Article 78 Petition against def's Ward and Moses dated May 11 2018(formerly known as def Ward and Simon)with a return date o f June 20 2018 which was denied on Sep 25 2018.

The May 10 2018 letter is attached.

25. Pursuant to the Mailbox Rule, May 11 2018, the plantiff forwa
rded to def Sowah a letter talkiong about CPLR 506 B 1.(Letter at
tached).

26. May 18 2018, def Sowah forwarded to the plantiff via mail a c
orrespondence stating that the plantiff have two return dates- on
e for May 15 2018, which is no longer existing, def Sowah tryed t
o trick the plantiff into thinking she did refile the two April 3
2018 Petitions that the plantiff forwarded to def Sowah with the
May 9 2018 Affidavit that def Sowah did not mention in her corres
pondence dated May 18 2018 that she recieved it. Def Sowah mentio
ned only in her May 18 2018 Correspondence that she recieved the
]plantiffs May 10 and May 11 2018 letters. See number 23 of this
complaint that talks about the dismissed with prejudice May 15 20
18 return date. The second returnm date was for June 20 2018, and
thast one is for the May 11 2018 Aricle 78 Petition against Ward
and Moses. Still def Sowah did not mention the April 19 2018 Arti
cle 78 Petition stamped recieved by her or def Rojas April 24 201
8.Depriving the plantiff of the 'full and Equal benefits of a Sta
te proceeding''

27. Pursuant to the Mailbox Rule, May 17 2018, the plantiff forwa
rded to def Sowah another letter talking about CPLR 506 B 1.(Lett
er attached).

28. Pursuant to the Mailbox Rule, May 23 2018, the plantiff forwa
rded to def Sowah a letter notarized asking about the April 19 20
18 Article 78 Petition stamped recieved April 24 2018.(Letter att
acxhed). Def Sowah Just ignored the plantiff depriving tyhe plant
iff of ther 'full and Equal benefits of A StATE proceeding'.

29. Pursuant to the Mailbox Rule, June 12 2018, the plantiff forw arded to def Sowah an affidavit stating thsat she did something w ith the plantiff's April 19 2018 Article 78 Petition. In that aff idavit, the plantiff told def Sowah that he was making complaints against her(Def Sherill Spatz). With that Affidavit, the plantiff also forwarded back his April 19 2018 Article 78 Petition to fil e for him for the second time Pursuant to CPLR 2102(c)since the p lantiff have no other legal choice but to have that Petition file d in the Appellate Division. This affidavit def Sowah did not com pletely ignore;see #34 of this complaint.

30. June 12, 15 and the 22 of 2018, the plantiff forwarded to the inspector General of the UCS def Sherill Spatz, a complaint again st def Sowah.(All three complaints attached).

31. June 15 2018, the plantiff forwarded to the First Department, Appellate Division, Clerk of Court(Def Susanna Rojas)an Article 7 8 Petition asking for relief against def Ward a Supreme Court Jud ge, since the Petition was against def's Ward, Barnes and Sowah. According to existing Law, the plantiff hade no other choice but to file that Petition there in the Appellate Division. That Petit ition was annexed with a notice.(Notice and Petition attached).

32. Pursuant to the Mailbox Rule, June 16 2018, the plantiff forw arded to the First Department, Appellate Division, Clerk of Court (Def Rojas)and Def Ward a motion for default judgement for the Ma y 15 2018 return date. To this very day of the typing of these wo rds in this complaint, the plantiff have not heard anything from the first department concerning that motion, I mean, that departm ent(Def Rojas, Sowah)completely ignored the motion because def So wah tryed to trick the plantiff with the May 15 2018 return date.

33. Pursuant to the Mailbox Rule, June 16 2018, the plantiff forw arded to def Sowah, a letter stating to her that he was going to try and put what she is doing to him in the public's eye. Def Sow ah just ignored the plantiff's letter dated June 16 2018.(Letter attached).

34. June 18 2018, def Margaret Sowah, forwarded to the plantiff a correspondence stating that his April 19 2018 Article 78 Petition cannot be commenced in this Department(55 days later). See, the o nly reason, def Sowah forwarded this corresppndence(June 18 2018) to the plantiff, is, becvause the plantiff wrote def Sowah and to ld her that he was making complaints against her(he wrote to def Spatz). Def Sowah then contacted def's Barnes and Ward, and, they instructed her on what to say in correspondence. Def Sopwah was t rying to hold out on hiding Petition until the plantiff got illeg ally convicted. (Def Sowah was actually helping out the initial d efendants, such as but not limited to, Moses, Gunasekera, Supervi sor, and ADA john Doe, by hiding the April 19 2018 Petition). Def' s Barnes, Ward and Scherzer just wanted to keep the illegal prose cution going, thsat explains why they did not take the appropriat e steps when they found out about the concealment of the April 19 2018 Article 78 Petition. The Latter is proven by them(Barnes, Wa rd and Scherzer)knowing CPL 170.20 was not lawfully suppose to be applied for nor Granted. (The Equal Protection of the Laws does n ot mean merely Equal Protection of those Laws which concern the v iolation of Constitutional Rights. Rather, it requires Equal Prot ection of all the Laws. Barbier v. Connolly, 113 U.S. 27.)

35. Pursuant to the Mailbox Rule, June 19 2018, the plantiff forw arded to def's Sowah, Barnes and Ward, a Petition simply asking t hem to right a wrong on their own initiative. Def's Sowah, Barnes and Ward just ignored the plantif's Lawful request for them to ab ide by the Constitution.(Petition Attached).

36. Pursuant to the Mailbox Rule, June 20 2018, the plantiff forw arded to the Fisr Deparetment, Appellate Division, Clerk of Court (Def Rpgas), andArticle 78 Petition against def Ward only.(Since t he plantiff's April 12 2018 Petition never got commenced). To thi s very day of the typing of these wprds in this complaint, the pl antiff have not heard anything from the first Department concerni ng that Writ dated June 20 2018 .(Writ Attached).

37. Pursuant to the Mailbox Rule, June 22 2018, the plantiff forw
arded to def's Ward and Sowah, a cover letter(cover letter only t
o def Ward)and with the cover letter to def Sowah, the plantiff a
ttached the two April 3 2018 Article 78 Petitions so she can file
for the plantiff for the third time.(Smae April 3 2018 Petitions
against def Ward·only talked about in  numbers 8 and 10 of this c
omplaint) - (second time was with the May 9 2018 Affidavit that d
ef Sowah did not mention in her May 18 2018 correspondence to the
plantiff.) See def Sowah knew that she could not file with the Ap
pellate Division she is the Deputy Clerk at a dated Aril 3 2018 A
rticle 78 Petition on May 9 2018 not on June 22 2018, because the
Judges will want to know why so late?, som omn May 18 2018, Sowah
tryed to trick the plantiff, and, on JUne 22 2018, def Sowah just
ignored the plantiff causing a major constotutoonal violation and
depriving the plantiff of the 'Full and Equal benefits of all the
Laws''.(Cover Letter attached).

38. Pursuant to the Mailbox Rule, June 29 2018, the plantiff forw
arded to def's Sowah and Ward an affidavit talking about the 55 d
ays later sending the April 19 2018 back to the plantiff contrary
to CPLR 2102(c).- (Defs! Laura.AWard and Margaret Sowah just igno
red the plantiff depriving the plantiff of the 'Full and Equal be
nefits of all the Laws.)

39. Pursuant to the Mailbox Rule, June 29 2018, the plantiff forw
arded to def's Sowah and Ward an affidavit talking about how def
Sowah pretended like she did not recieve the plantiff's May 9 201
8 affidavit that talked sabout the two return dates for May 8 and
May 15 both of 2018 that renae told the plantiff he had over the
phone. Def Ward and Sowah Just ignored the plantiff because dfef
Ward was completely aware that def Sowah was trying to trick the
plantiff with the May 18 2018 Cprrespondence to him.

40. Eventhough, def Sherill Spatz, is responsible foo the investi
gation and elimination of infractions of disciplinary standards,
criminal activities, conflicts of &interest, misconduct, misfeasa
nce and imcompetence on the part of nonjudicial employees(Def Sow
ah, Deputy Clerk) of the UCS(App Div's), and, persons or cor

porations doing buisness with the UCS, with respect to thier deal
ings with the courts(Article 78's) and recieves complaints and in
formation from the public and other sources(Plantiff) about Non -
Judicial employees(Margaret Sowah) and takes appropriate action
(not making believe you not the person for the job) on such compl
aints.   The reason Def Sherill Spatz forwarded to the plantiff a
correspondence dated July 2 2018(Attached correspondence) describ
ing in words something that the plantiff did not complain of, tha
t, def Spatz cannot oversee the Appellate Division regarding an A
rticle 78 Petition, is because, def Spatz said to herself 'the pl
antiff probably committed the crime that he is incarcerated for''
so why is she(Def Spatz) going to stop Margaret Sowah(collectivel
y known as def Sowah) from not filing Article 78 Petitions forwar
ded to the First Department where she is the Deputy Clerk at by t
he plantiff, that, by Law(CPLR's 506 B1, 2102(c) ) have to be fil
ed in that department ?. So what I am going to do is make - belei
ve that I(Def Spatz) am not that official that can help stop def
Sowah's serious misconduct that already caused a deprivation of a
Federal Right, and, change Cory Reid's complaint around inm my co
rrespopndence to him so I can also deprive him of the 'Full and E
qual benefits of all the Laws' because I know that barring a liti
gant from the courthouse is a serious matter(like def Sowah did a
nd still going to do along with Rojas and A.Ortiz with my permiss
ion)for Access to the Courts is one of the Cherished freedoms of
our system of Goverment.Raffle v. Doe,619 F.supp.891;S.D.N.Y.

41. The reason def's Barnes and Ward agreed not to entertain that
Plantiff's Pre - Trial CPL 210.20 sub 1 A motion on its merits is
because def Ward and Barnes was planning with def Scherzer to for
ward the video to Scherzer's Court Part(Tap A) since def's Moses
Gunasekera, Supervisor and ADA John Doe illegaly restored one cou
nt of 145.20 and added another count of 145.20 Pursuant to the Vi
deo for Trial purposes(Tap A). Def's Ward and Barnes wanted def S
cherzer to unconstitutionally compel the plantiff to be presented
in front of her as Ann Scherzer, and, not the Honorable Ann Scher
zer presiding over any crimonal Matter against the plantiff as re
quired by State Law, just a video, consistent with what def Ward

did for 7 months together with Barnes. July 2 2018, def Ward toge
ther with Barnes did just that and forwarded indictment #4445-201
7 to Trial Part Tap A'knowing' the plantiff never got indicted by
A Grand Jury to recieve indictment # 4445-2017, depriving the pla
ntiff of the 'Full and Equal benefits of a state Proceeding.

42. July 6 2018, the plantiff forwarded to the Eastern District o
f New York, A Writ of Habeas Corpus Pursuant to 28 USCS 2241.

43. Pursuant to the Mailbox Rule and the Certified Mail proof tha
t the plantiff have in his possession today, July 11 2018, the pl
antiff forwarded to the First Department, Appellate Division, an
Article 78 Petition against def Ward only(like def Sowah wanted w
hen she stated in her June 18 2018 correspondence that the Appell
ate Division only have jurisdiction over Judges)compelling def Wa
rd to transfer indictment number 4445-2017 back to her couret par
t 71, and, to dismiss it since she have no other alternative, mak
ing thatNon-Frivolous, Proper for filing Pursuant to CPLR 2102 c.

44. The reason Def Sowah told def Rojas to unlawfully forward to
the plantiff a correspondence dated July 18 2018, with the planti
ff June 15 2018 Article 78 Petition back to the plantiff against
Def's Ward, Barnes and Sowah asking for Relief against a Supreme
Court Judge Pursuant to CPLR 506 B 1, is, because, def Sowah did
nto want to make it seem Ex Parte if she forwarded the correspond
ence herself along with the Petition since she is a party to it,
plus neither one of them wanted the Judges in the Appellate Divis
ion, First Department where they are Clerks at to know the illega
l things they were doing with the plantiff's Article 78 Petitions
(Since what they were doing with the plantiffs Article 78 Petitio
ns illegaly is what the Petition is based on)so def Sowah told de
f Rojas to come up with a big lie and to write the same in her co
rresppndence to the plantiff, since what def Rojas wrote is contr
adicted by valid case law and Statues uner the Civil Practice Law
and Rules, already forwarded to def Sowah prior and Pursuant to t
he Mailbox Rule thereby depriving the plantiff of the 'Full and E

qual benefits of a State Proceeding''. June 15 2018 Petition atta
ched. Correspondence attached, and, one forwarded back attached w
here the plantiff wrotwe on the second page of def Rojas correspo
ndence, and, sent it back to her.

45.The reason def Susanna Molina Rojas totally ignored the plant
iff's first coreespondence forwarded to her via Mail, Pursuant to
the Mailbox Rule, dated July 25 2018, asking about his July 11 20
18 Article 78 Petition is because they(Ward, Barnes, Scherzer, So
wah, Rojas, A.Ortiz)wanted the plantiff convicted on the video ac
cusation, that is why to the very day of the typing of these word
s in this complaint, the July 11 2018 Article 78 Petition is not
filed Pursuant to CPLR 2102 c thereby depriving the plantiff of t
he 'Full and Equal benefits of a state proceeding for security of
his person.

46. The reason def's Rojas, Sowah, A.Ortiz, Barnes and Ward did n
ot have a problem with filing the plantiff's July 18 2018 Articl
e 78 Petition against def Ward only Like def Sowah wanted forwqar
ded Certified Mail to the first department with return reciept re
quested is because that Writ is not dealing with the plantiff not
being indicted. So everyone was cool with the filing of it. Retur
n date September 20 2018.

47. The reason def Rojas totally ignored the plantiff's second co
rrespopndence to her dated July 26 2018 forwarded via Mail Pursua
nt to the Mailbox Rule asking about his July 11 2018 Article 78 P
eitition is because they(Barnes, Ward, Sowah, Rojas, A.Ortiz, Sch
erzer) wanted the plantiff convicted on the video accusation, tha
t is why top the very day of the typing of these words in this co
mplaint, the July 11 2018 Article 78 Petition is not filed Pursua
nt to CPLR 2102 c thereby depriving the plantiff of the 'Full and
Equal benefits of a State Proceeding for securoiy of his person.

48. Aug 2 2018, the Clerks' Office(all of a sudden it is the cler ks office and not the Deputy Clerk) of the First Department, Appe llate Division, forwarded to the plantiff a correspondence about his July 19 2018 Article 78 Petition stating that it was calendar ed for September 20 2018. No metion on the July 11 2018 Article 7 8 Petition and they was both forwarded Certified mail with return reciept requested thereby depriving the plantiff of the Full and Equal benefits of all the Laws for security of his person.

49. Aug 2 2018, the plantiff forwarded to the EDNY a motion under rule 15 talking about the two Article 78 Petitions forwarded to t he first department certufied Mail with return reciepts requested sdaying the plantiff have not heard anything from that department concerning the July 11 2018 one since the July 19 2018 one got fi led. Motion atached.

50.The reason def Rojas completely ignored the plantiff's third c orrespondence dated Aug 7 2018 forwarded to her via Mailt pursuan t to the Mailbox Rule asking about his July 11 2018 Article 78t P etitiomn is because they(Ward, Barnes, Scherzer,A.Ortiz, Scherzer Sowah) wanted the plantiff convicted on the video accusation, tha t is why to this very day of the typing of these words in this co mplaint, the July 11 2018 Article 78 Petition is not filed Pursua nt to CPLR 2102 c thereby depriving the plantiff of the 'Full and Equal benefits of A State Proceeding for security of his Perason!

51. The reason def's Sowah, Rojas, Ward and Barnes completely ign ored the plantiff's Affidavit dated Aug 9 2018 forwarded to them via Mail Pursuant to the Mailbox Rule and on that same day def Ro jas completely ignored a letter forwarded to her via Mail Pursuan t to the Mailbox Rule is because they(Barnes, Ward, Sowah, A.Orti z, Scherzer, Rojas) wanterd the plantiff convicted on the video a ccusation, that is why to this very day of the typing of these wo rds in this complaint, the plantiff's July 11 2018 Article 78 Pet ition is not filed Pursuant to CPLR 2102 c thereby depriving the plantiff of the 'Full and Equal benefits of a State Proceeding fo r swedurity of his person'''.

52. Since def Donnelly(collectively known as the district Judge A
nn.M.Donnelly presiding over the Habeas Corpus Petition 18-cv-040
66) inadvettantly forwarded the Order to show cause to the UNited
States Attorney along with the actual Petition and  attached exbi
ts. Aug 15 2018, def Donnelly sent an amended OPdered to Sbow cau
se along with the petition and attached exhibits to the Corporati
on Counsel giving them thirty days to respond. Petition attached.

53. The reason def Sowah and the reason def Rojas completely and
totally ignored the plantiffs Affidavit dated Aug 17 2018 forward
ed to them via Mail Pursauant to the Mailbox Rule is because they
got tired of the plantiff asking about his July 11 2018 Article 7
8 Petition, since they(Barnes, Ward, Scherzer, A.Ortix, Rojas, So
wah) all wanted the plantiff convicted on the video accusation th
at Moses, Gunasekerra, Supervisor and ADAJohn Doe authorized char
ging the plantiff with two counts of 145.20 only and disregarding
any other illegal acts the video might show the plantiff commit p
rohibited by a Penal Law and Transit Rule, making that the primar
y reason the plantiff July 11 2018 Article 78 Petition is not fil
ed today(typing of these words in this complaint)thereby deprivin
g the plantiff of the 'Full and Equal benefits of a State Procedd
ing for security of his person. Affidavit attached.

54. Aug 27 2018, in Supreme Court Part Tap A, 100 Centre Street,
NY, NY, 10013, the plantiff met with def Ann Scherzer, and, not
the Honorable Ann Scherzer presiding over any criminal mAtter aga
inst the plantiff as required by State Law, just the video accusa
tion from def Ward, from def's Moses, ADA JOhn Doe, Gunasekera an
d her Supervisor. See Def ADA John Doe's interest on 9-25-2017 wh
en he read the complaint filed by David and Frazier conflicted wi
th his official duites, since he knew the felony complaint def's
David and Frazier commenced was without merit, but, def ADA John
Doe together with def Darkeh wanted to file the felony complaint
with the district Attorney's office in the County of New York any
way to remand the plantiff because of his past criminal histotry

(Where a prosecutor faces an actual conflict of interest, and fil
es charges he or she knows to be baseless, the prosecutor is acti
ng outside the scope of his authority and thus lacks immunity. Si
nce A prosecutor who faces a conflict of interest is in a poor po
sition to act impartiality as a judge who predetermines a judicia
l proceeding. BEARD v. UDALL, et al, 648 f.2d 1264.). That day(AU
g-27-2018) the plantiff also met with def Clerk of Court Part Tap
A for the first time. That day(8-27-2018) the plantiff told def S
cherzer that he is not indicted and def Scherzer immediately lied
to the plantiff and stated yes you are Mr.Reid and told def Clerk
of Court Part Tap A to hand her the indictment,and def Clerk of C
ourt Part Tap A subsequently handed def Scherzer those two paper
a that Part 71 handed to the plantiff on 12-4-2017 making beleive
that was an indictment and the plantiff was indicted(No immunity
extends to clerks of court acting outside the scope of their juri
sdiction, as is true for judges. See Bradley v. Fisher, 80 U.S.33
5)lying to the plantiff and the(courtroom must be the ultimate fo
rum of the truth. UNITED STATES OF AMERICA v. SHEILDS, 783 F. Sup
p. 1052)def Scherzer told the plantiff that metrocard machine is
all he needed to be indicted and prepare a defense to. After cont
imously arguing with def Scherzer about me not being indicted whi
le def Clerk of Court Part Tape A heard the plantiff keep saying
that he is not indicted(since they both togewther knew) the plant
iff asked def Scherzer if she can entertain his Pre-trial motion
on its merits since Judge Ward(collcetively known as def Ward)did
n't, and, def Scherzer stated yes, so, subsequently the plantiff
handed to the Court guard his pre-trial motion dated Aug-18-2018
along with his Habeas Petition filed with E.D.N.Y on July 6 2018
and Case Law People v. Nunziata and People v.King and the court
guard haneded the following to def Scherzer and def Scherzer sche
duled a day(10-11-2018) to answer the plantiff's Motions That day
(8-27-2018) def's Scherzer and Barnes proceeded 'knowingly' toget
her in the clear absence of all jurisdiction just like def's Ward
and Barnes wanted, they wamnted def Scherzer to preside over the
Mass Transit Authority videoaccusation like def Ward and Barnes
did but they wanted def Scherzer to end with trtial,thereby depri
ving the plantiff of the full and equal benefits of a state proce
eding.

55. Pursuant to the Mailbox Rule, Aug 28 2018, the plantiff forwa ]rded via mail to def's Scherzer and Ward and Affidavit relating to jurisdiction. Affidavit attached.

56. Pursuant to the Mailbox Rule, Aug 31 2018, the plantiff forwa rded vai Mail to def's Barnes and Scherzer a Motion with case Law and Stauethat authorize his argument of not being indicted. Motio n attached.

57. Pursuant to the Mailbox Rule, Sep 4 2018, the plantiff forwar ded to def Scherzer vai mail an affidavit relating to the plantif f not being indicted. Affidavit attached.

58. Prior to sep 6 2018, def's Donnelly, Pine, Bowe, Scherzer, Wa rd and Barnes planned and did tell def's Sowah and Rojas to have someone besides Rojas(eventhough she is the clerk of court becaus e she was already involved in illegaslity with the plantiff) sign for the return reciept for the July 11 2018 Article 78 Petition and forward it to the plantiff pursuant to the Aug 2 2018 motion under Rule 15 the plantiff forwarded to 225 Cadman PLaza East Pur suant to 18-cv-04066(A.M.D)because the plantiff claimed that he d id not hear nothing from that department concerning that Writ.

59. Sep 6 2018, the plantiff recieved via Mail, the return reciep t from def A.Ortiz in the Appellate Division. First Department 50 days later inreference to the July 11 2018 Article 78 Petition th at they never filed so why? did she return the reicpt, that is ho w A.Ortiz became a defendant.

60. Pursuant to the Mailbox Rule, Sep 6 2018, the plantiff forwar ded to def's scherzer and A.Ortiz a letter talking about the 50 d ays later. Letter Attached. That day(9-6-2018) in the same envelo pe was an afffidavit plus the June 20 2018 Article 78 Petition th e plantiff forwarded to the App Term First Department that def So wah have not filed yet to this very day of the typing of these wo rds inthis complaint, but, the plantiff told def Scherzer that bu t he did not say complaint. Affidavoit Attached.

61. Oct 11 2018, in Supreme Court Part Tap A, def Scherzer did not answer the plantiff's Pre-Trial motion in his favor, def Scherzer just told the plantiff that his motion was denied without a decision and Order(CPL 255.10)as required(When a Judge knows that he lacks jurisdiction, or acts in the face of clearly valid statues or case Law(Aug 31 2018 motion)expressly depriving him of jurisdiction, Judicial immunity is lost 'when the want of jurisdiction is klnown to tyhe Judge, no excuse is permissible. See Bradley v Fisher, 80 U.S. 335). See the rerason def's Barnes and Scherzer did not give a written Decision and Order is because they would have had to do what def's Barnes and Ward did in they decision and Order, or dismiss the video accusation. That day(10-11-2018)def Scherzer told the Court Guards not to put the cuffs in the front of Plantiff, and, def Scherzer told the Court Guards that because def Scherzer did not want the plantiff handing case Law to the Court Guards to hand to her like the plantiff did on Aug 27 2018(Nunziata, King)def Scherzer only wanted to hear from def Barnes as planned by Scherzer and Banres(Judges Prosecutorial acts were Non judicial;no immunity for such actds. Lopez v Vander Water, 620 F. 2d 1229). Since def Scherzer already khew that the plantiff was going to come inside of Tap A and talk about him not being indicted and not having a Grand Jury indictemnt to prepare a defense to, that day(10-11-2018)prior to entering Tap A, def Scherzer in front of def's Barnes and Clerk of Court Part Tap A told def Thimbrel not to type in anything the plantiff say about him not being indicted(because everytime the plantiff stated something about him not being indicted, the plantiff looked at def Thimbrel and she was not typing). That day(10-11-2018)def Scherzer told the plantiff ' that is why you need amn Attorney Mr.Reid(because the plantiff kept on repaating orally and written what am I going to prepare a defense to?)so def Scherzer hired an Attorney that day(10-11-2018) so her attorney can show the plantiff the video accusation so the plantiff can prepare a defense to it and def's Scherxzer and Barnes can immediately take the plantiff to an illegal Trial. That day(10-11-2018)def Scherzer set a date(10-12-2018)so the plantiff can meet with her attorney to show the plantiff the video accusation. Since def's Ward and Banres passed the TORCH off to def's Scherzer and Barnes, def Scherzer is having her RUN  with unconstitutionally compelling the plantiff to be presented in front of her as Ann Scherzer

and not the Honorable Ann Scherzer presiding over any Criminal Ma
tter against the plantiff as required by State Law and the State
Consdtitution, just the video accusation indtituted by def's Mose
s, ADA John Doe, Gunasekera, and her Supervisor, and, def Scherze
r is with Nicholas Bannes and not the ADA Nicholas Barnes a Quasi
Judicial Officer with the requisite Authority to prosecute the pl
antiff, and, they a team, consistent with when Nicholas Barnes an
d L:aura.A.Ward was a team, but consolidating them as a big team
for Trial purposes.(Tap A)(..

62. Oct-12-2018, In Supreme Court Part Tap A, the plantiff met wi
th def Michael Jaccarino, the Attorney def Scherzer hired to show
the plantiff the video accusation so the plantiff can have someth
ing to prepare a defense to for thier(Barnes, Scherzer)illegal Tr
ial, since the plantiff kept on repeating saying 'what am I going
to prepare a defense to?. Def Jaccarino was also instructed by de
f's Scherzer and Barnes not to assist in any of the plantiff meri
ted contentions. That day(10-12-2018)def Scherzer scheduled a day
(10-17-2018)for her Attorney to show the plantiff the video accus
ation only and, def's Scherzer and Barnes did not want nothing el
se to take place that day(10-17-2018)so they illegal Trial can ta
ke place subsequently.

63. 57 days later(Aug 15 2018 to Oct 12 2018)still no response fr
om the Law Department nor def Donnelly regarding the plantiff's 2
241 Habeas Corpus Petition Pursuant to 18 cv 4066 AMD, and the re
ason is because def Donnelly persuaded def Cyrus. R. Vance Jr not
to hire a Licensed Attorney to defend the State. Defg Donnelly pe
rsuaded def Vance Jr because def Donnelly was waiting for def's S
cherzer and Barnes to invoke thier illegal Trial against the plan
tiff and after he gets illegally convicted his Pre-Trial Petition
can become Moot(whic is not an act normally performed by a judge
not to want to adjudicate and not intimately associated with the
Judicial process to not defend the State)def Vance agreed not to
defend the State. Oct 12 2018, the plantiff wrote def Donnelly a
Letter, three parts underlined relevant to this complaint #1 No o
ne answered the Order to show cause so I should be getting discha
rged. #2 And I feel like you are waiting for the State Courts to
take me to Trial holding out on the petition. #3 And I am sti

ll looking for cases that talk about sending the Order to Show Ca
use to the Corporation Counsel.

64. Oct-17-2018, in 100 Centre Street, the plantif met with def M
ichael Jaccarino, one year exactly from the day(10-17-2017)the pl
antiff met with his defense Attorney before CPL 170.20, Yosha Gun
asekera and her Supervisor. That day(10917-2017)was the illegal g
ranting of CPL 170.20's application, the reason the plantiff is i
n Tap A today(today means the writing of these words in this comp
laint). That day(10-17-2018)def Jaccarino came to show the planti
ff the video accusatiop only and not to discuss any of the planti
ff's merited contentions, such as buit not limited to the plantif
f never got indicted. That day(10-17-2018)def Jaccarino came to r
efuse anything from the plantiff(the plantiff had to force def Ja
ccarino to take his motions the plantiff filed with def's Ward, S
cherzer and Barnes). That day(10-17-2018)def Jaccarino told the p
lantiff after the plantiff refused to watch only the video, that
he saw in the video the plantiff swipe two People thru a turnssil
e and accept payment for the swipes. The plantiff subsequently to
ld def JaccARINo that if you saw that, then the Grand Jury saw th
at on 11-20-2017, and, if the Grand Jury saw me commiting a crime
, why? didn't they indict me on that crime to go with the felonie
s as Joinable offensesŕEL 145.20, CPL 200.20)and if the prosecuti
ons theory is that I damafge the machines so I can put people thr
u the service gate or turnstile for payment' why? would the Grand
Jury let me get away with that crime(165.16,1050.4c)that is clear
ly shown in the video the prosecutor(ADA John Doe)used. Also sir(
Jaccarino)why? today(10-17-2018) I am not being charged with NYPL
165.16 or Transit Rule 1050.4 c if 165.16 is the charge that brun
g me to jail from Madison and RTutgers Streets on 9-25-2017 and 1
65.16 and 1050.4c cannot turn into one nore two counts of 145.20,
they are substantive crimes, you know why sir(Jaccarino)because o
n 11-20-2017 no Grand Jury indicted me period because of what I t
old them about CPL 170.20 and you and the Judge(Scherzer) and the
prosecutor(Barnes) are making -believe I am indicted. Def Jaccari
no just walked out withg the plantiff's motions and the letter th
at the plantiff had to force def Jaccarino to take and look over.

38

(42 USCS 1983, unlike 42 USCS 1981 and 1982, requires that the action for which redress is sought be under 'color' of state Law. The clause deprivation, under color of any state Law 'may also mean deprivation, under color of any state Constitution. GANNON v.ACTION, 303 F. Supp. 1240). That day(10-17-2018) in Tap A, def Scherzer asked the plantiff did he watch the video his(her) attorney came to show him, the plantiff stated no, and def Scherzer was so upset with the situation that she just unconstitionally set another illegal cvourt appearance for 11-8-2018. That day(10-17-2018) the plantiff told def Jaccarino that he was putting together a Civil Rights Complaint and showed def Jaccarino the parts the plantiff put togehter so far and def Jaccarino went and told def Scherzer because def Scherzer asked the plantiff was he planning on suing his(her) atttorney. That day(10-17-0018) def's Scherzer and Barnes continued together to proceed over the video Accusation forwarded to Tap A from def Ward from def's Moses and ADAJohn Doe the def's that authorized the video Accusation along with def's Gun asekera and her Supervisor to only charge the plantiff with two counts of Tampering and to disregasd anything else illegal the video might show the plantiff comitting prohibited by a Penal Law and Transit Rule threreby depriving the plantiff of the 'Full and Equal benefits of a State Proceeding for security of his person''.

65. Oct - 20 - 2018, the plantiff forwarded an affidavit to def's Scherzer, Ward, Barnes and Jaccarino to be rebutted before or on 11-8-2018. Sometime after that affidavit, def's Barnes and Jaccarino left Indictment Number 4445-2017, eventhough the plantiff did not get indicted by a Grand Jury to recieve INdictment number 4445-2017 by them.(A Fed. R. Civ. P(b)(6) motion to dismiss hinges on a claim's 'legal sufficienty'. In considering the motion, the court must examine the factual allegations of the complaint, including exhibits to the complaint and documents or statements incorporated in it by reference. For purposes of the motion, the factual pleadings in the complaint are deemed true and all reasonable inferences are drawn in plantiff's favor. ROMER v. MORGENTHAU, 119 F. Supp. 2d 346;UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.)

66. Eventhough, Johnathan Pine and Martin Bowe were not Attorney of record for Cyrus. R. Vance Jr in 18 cv 4066 AMD, def Donnelly was so motivated by the plantiff Oct 12 2018 letter to her, def Donnelly decided anyway to tell def's Pine and Bowe to write her requesting an adjournment in 18 cv 4066 AMD, and, just so def Donnelly can do the following on Oct 30 2018, then def Vance Jr can tell Def Eleanor Ostrow to do the Following on Oct 31 2018, in order for def Ostrow to do the following on Nov 13 2018 for def Vance.

Oct 28 2018, the plantiff recieved via mail, a request for an adjournment dated Oct 25 2018 from def's Pine and Bowe, acting in concert with def's Donnelly, Vance and Ostrow, and they was helping def's Sowah, Rojas, A.Ortiz, Ward, Barnes, Scherzer and the Clerk of Court Part Tap A keep the plantiff incarcerated outside the bounds of the Duer Process Caluse of the Fourteenth Amendment of the U.S. Constitution.(Sowah, Rojas and A.Ortiz knew of the plantiff's unconstitutional detention from all of the Article 78's forwarded to 27 Madison Avenue, the same Article 78's they used to bar the plantiff from litigating meritorious issues in 27 Madison Avenue. Since from the knowledge of Law they have and the Article 78's they have read written by the plantiff, they wanted the plantiff convicted on the video accusation.)

68. Oct 30 2018, def Donnelly granted def's Pine ANd Bopwe's adjournment up until Nov 16 2018, but the adjournment was not actually for def's Pine and Bowe, the adjournment was for def Vance Jr.

69. Oct 31 2018, the plantiff recieved via mail, an Appearance of Counsel on the record from def Eleanor Ostrow dated Oct 31 2018, Pursuant to existing Rule 83.1 A, 3A, 77 days after def Ostrow was required to do so(eventhough it was 77 days later, def Vance told def Ostrow to do it anyway due to that Oct 12 2018 letter to def Donnelly)the reason def's Pine and Bowe could not have filed a resppnse anyway because they did not enter an Appearance to be Counsel on the record for Cyrus. R. Vance Jr, making they request a nullity, because(The Courts can know no Counsel in a cause, except those who reguarly appear as such on the record. Bacon v. Hart, 17 LED 52)

40

70. Nov 8 2018, prior to entering Supreme Court Part Tap A, the plaintiff met with def Adam Silverstien for the first time while t he plaintiff was in bullpens. Def Silverstien was the second Attor ney hired by def Scherzer to take the plaintiff straight to Trial and was told by def's Scherzer and ADA John Doe for #4445-2017 no t to assist in any of the plantiff merited contentions. Def Silve rstien got hired sometime between Oct 17 2018 and Nov 8 2018, but right after def Jaccarino unconstitutionally left the plantiff wi thout ever doing any motions for him. Def Jaccarino left with def Silverstien the motions thje plantif had to force def Jaccarino t ake on Oct 17 2018 to look them over, because that day(11-8-2018) while the plaintiff was in Bullpens, def Silverstien immediately t old the plaintiff 'I do not think that you are going anywhere with challengimng that indictment' I looked at the moions.(Eventhough from the files def Silverstien revieved from def Jaccarino, he kn ew the plaintiff ded not get indicted, he still felt that way beca use of def Scherzer and ADA John Doe for #4445-17). That day(11-8 -2018)in Supreme Court Part Tap A, the plaintiff met with def ADA John Doe for #4445-17 for the first time, and from the files he r ecieved from def Barnes, he knew the plaintiff never got indicted on 11-20-2017. That day(11-8-2018)def Scherezer set an illegal Tr ial date for 12-13-2018, and knowing the plaintiff response for de f Ostrow's return is due 12-14-2018. After def Scherzer ste that illegal Trial date, her and def ABA JOhn Doe for #4445-17 togethe r' knowingly' proceeded over the video accusation making believe that that is a Grand Jury indictment required by State Law to pro secute with and preside over thereby depriving the plantiff of th e'Full and Equal benefits of all Laws''.

71. 93 days later(Nov 16 2018), the plaintiff recieved via mail an illegal response from def Eleanor Ostrow dated Nov 13 2018, and d ef Ostrow's respopse was on behalf of Cyrus. R. Vance Jr to the p lantiff's Pre-Trial Peitition Pursuant to 28 USCS 2241 that got f iled with theE.D.N.Y. on July 6 2018. In the pream,ble of def Ost rows response, def Ostrow 'intentionally' lied in relevant part t o this complaint by saying' As agreed to by the City of New York Law Department' I will be Counsel on record for the repondent War den.

The reason def Ostrow 'Intentionally' lied is because she was cov
ering for def's Donnelly and Vance Jr, beduase def Osteow knew th
at def Vance Jr agreed with def Donnelly not to hire an Attorney
for him in Proceeding 18 cv 4066 AMD on Aug 16 2018 because def O
strow knew that def Donnellyytold def Vance Jr that she had no pl
ans on actually adjudicating the Petition the plantiff filed on J
uly 6 2018 with EDNY, she was letting it become Moot until the Oc
t 12 2018 letter from the plantiff to her came about, and, that i
s how def Ostrow's lie came about in her 93 day later response fo
r def Vance Jr for the plantiff's Pre-Trial Petition. Def Cyrus.
R. Vance Jr, aided and abetted def Donnelly to interfere with the
plantiff's Rights implicit in the concept of ordered Liberty, sin
ce not wanting to hire an Attorney to settle judicially a claim a
gainst him so it won't get settled is without authorization and b
]rung def Vance Jr outside the scope of his official duties, sinc
e def Vance Jr do not get paid to use hius office for conspiracie
s, and, not wanting to settle a claim against him Judicially have
nothing to do with the Judicial process.(Establishing Joint liabi
lity means that: 'all those who, in pursuance of a common plan to
commit an act which is tortious, actively take part in it, or fur
ther it by cooperation or request, or lend aid or encouragement,
or ratify and adopt the acts done, are equally liable as the pers
on who performs the tortious act itself' Piccoli A/S v. Calvin Kl
ien Jeanswear Co., 19 F. Supp. 2d 157 S. D. N. Y. 1998).

72. Dec 13 2018, prior to entering Supreme Court Part Tap A, whil
e inside of bullpens, the plantiff met with def Silverstien, the
Attorney def Scherzer hired to only take the plantiff to Trial, a
nd that day(12-13-2018) def Silverstien tolsd the plantiff to tak
e a plea deal to a 2-4 year sentence because def Silverstien stat
ed to the plantiff that ity was going to be hard to appeal his co
nviction(Trial conviction). That day(12-13-2018) def's Scherzer a
nd ADA John Doe for #4445-2017 continued to proceed with and over
the video accusation by unconstitutionally setting another couet
appearance(1-7-2018)and def Silverstien permitted what def's Sche
rzer and ADA JOhn Doe for #4445-2017 was doing to his client(plan
tiff)(prosecuting his client without an indictment).

Substantial Constitutional Question directly involved in 18 cv 40 66AMD relevant to this complaint for def's Ostrow, Donnelly, Pine ,Bowe and VANCE JR.

Donnelly, if def Ostrow legally by the rules of the court and the Fed. R. Civ. Procedure's relieved def's Pine and Bowe of all duti es owed to def Vance Jr in 18 cv 4066AMD, when def Ostrow stated in the preamble of her 93 day later response to 18 cv 4066 AMD 'A s agreed to by the City of New York Law Department' I will be cou nsel on record for the respondent Warden. Why? when you def Donne lly denied the plantiff's request for an evidentiary hearing and motion for defualt judgement and sanctions, you def Donnelly for warded the denial to def's Pine and Ostrow, if def Pine and Bowe is no longer involved in 18 cv 4066AMD because def Ostrow releive d them, but, def Donnelly, you did not send the denial to def Bow e and Bowe was the person who may have information about this mat ter and will be back from vacation on friday(Nov 2 2018) and they (Pine and Bowe)needed time to review the matter and file a respon se on behalf of respoindent Warden Matthews???

Substantial Constitutional Question directly involved in 18 cv 40 66AMD relevant to this complaint for def's Vance Jr and Donnelly.

Def Vance Jr, if you are a Corporation, meaning you could not app ear Pro-Se and defend the State in 18 cv 4066 AMD, so you was obl igated to hire a licensed Attorney to defend the allegations in 1 8 cv 4066AMD, the plantiff made against the State, why? did you a gree not to hire a Licensed Attorney with def Donnelly if that is a Prosecutorial obligation to advocate for the State, and you cho se not to until that Oct 12 2018 letter to def Donnelly, why? A District Attorney who acts beyond the scope of his Authority, u sing his office in pursuit of a conspiracy to accomplish an unlaw ful purpose, should not be immune.ROUSSELLE v. PEREX, 293 F. Supp .298. Thus, if immunities are broadly granted to State officers w ithout consideration of the nature of their alleged misdeeds and the reason for the immunity, the Statue(1983)becomes subject to c ircumvention, if not emasculation. ROUSSELLE v. PEREZ, 293 F. Sup p 298.

43

# United States District Court

Eastern District of New York

18 Civ. 4066 (AMD)

CORY REID,

*Petitioner,*

*- against -*

WARDEN MATTHEWS,

*Respondent.*

---

## ANSWER OPPOSING PETITION
## FOR A WRIT OF HABEAS CORPUS

---

CYRUS R. VANCE, JR.
District Attorney
New York County
Attorney for Respondent
One Hogan Place
New York, New York 10013
(212) 335-9000
danyappeals@dany.nyc.gov

By: Eleanor J. Ostrow
EO-9550
Attorney of Record

ELEANOR J. OSTROW
ASSISTANT DISTRICT ATTORNEY
*Of Counsel*

November 13, 2018

43

# United States District Court

Eastern District of New York

18 Civ. 4066 (AMD)

---

**CORY REID**,

*Petitioner,*

- *against* -

**WARDEN MATTHEWS,**

*Respondent.*

---

## MEMORANDUM OF LAW
### IN SUPPORT OF ANSWER OPPOSING PETITION
### FOR A WRIT OF HABEAS CORPUS

---

CYRUS R. VANCE, JR.
District Attorney
New York County
Attorney for Respondent
One Hogan Place
New York, New York 10013
(212) 335-9000
danyappeals@dany.nyc.gov

By: Eleanor J. Ostrow
EO-9550
Attorney of Record

ELEANOR J. OSTROW
ASSISTANT DISTRICT ATTORNEY
Of Counsel

November 13, 2018

In sum, the petition should be dismissed and denied.  First and foremost, the *Younger* abstention doctrine bars federal review of petitioner's claims.  Moreover, petitioner has offered no coherent support for his claims, and his own addendum to his petition, as well as the record of the state criminal case, refute his claims.

<u>CONCLUSION</u>

For the foregoing reasons, the petition should be dismissed and the writ of habeas corpus should be denied.

Dated:        New York, New York
              November 13, 2018

                              Respectfully submitted,

                              CYRUS R. VANCE, JR.
                              District Attorney, New York County
                              Counsel for Respondent
                              One Hogan Place
                              New York, New York 10013
                              (212) 335-9000

                              BY: _____/s/_____
                                   Eleanor J. Ostrow (EO-9550)
                                   Assistant District Attorney
                                   Of Counsel
                                   ostrowe@dany.nyc.gov

Exhibit E     Letter from Appellate Division Clerk's Office to petitioner

Exhibit F     Responses by the New York District Attorney's Office
              to two of petitioners applications to the Appellate Division,
              Second Department.

WHEREFORE, it is respectfully requested that the writ of habeas corpus

be dismissed and denied, without an evidentiary hearing.

I declare under the penalty of perjury under the law of the United States of

America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to

the best of my knowledge.

Dated:     New York, New York
           November 13, 2018

Respectfully submitted,


CYRUS R. VANCE, JR.
District Attorney, New York County
Counsel for Respondent
One Hogan Place
New York, New York 10013
(212) 335-9000


BY: _____/s/_____
       Eleanor J. Ostrow (EO-9550)
       Assistant District Attorney
       Of Counsel
       ostrowe@dany.nyc.gov

5

43 ⁰⁴

*Civil Procedure > Remedies > Damages > General Overview*

*Civil Rights Law > Section 1983 Actions > Elements > Protected Rights*

Where a plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, the plaintiff is entitled to compensatory, not merely nominal, damages.

*Torts > Intentional Torts > False Imprisonment > General Overview*

*Torts > Damages > General Overview*

*Civil Procedure > Remedies > Damages > General Overview*

*Civil Procedure > Remedies > Damages > Special Damages*

*Torts > Damages > Compensatory Damages > General Overview*

KERMAN v. CITY OF NEW YORK, 374 f.3d 93;UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

Compensatory Damages.

Blacks Law defenition of Pain and Suffering : Physical discomfort and emotional distress.

Past Physical discomfort : The plantiff was assaulted by the arre sting officers, Transporting officers, and M.D's at Bellvue Hospi tal emergency room, suffering neck pain, back pain, and pain unde r his under arms.

Past Emoional Distress : The plantiff had to repeatedly tell his attorney Gunasekera about it being no device at eastbroadway wher e a person can see thru and she never listened to her client. The plantif had to endure that. The plantiff had to keep on teling bo th Trial Judges orally and written that he is not indicted and th ey both never listened. The plantiff had to endure that. The plan tiff had to keep constantly writing letters and affidavits to the Clerks at the App Term, First Department(all three)about his Arti cle 78's, hoping that they will file them. The plantiff had to en dure that because they never listened. The plantiff had to keep o n arguing that CPL 170.20 did not apply to his case(afeer the ill egal granting of CPL 170.20)and nobody listened. The plantiff had to endure that. The plantiff kept on sending letters and affidavi ts complaining about his Federal Habeas Corpus filed with the EDN Y.

Future emotional Distress : The plantiff will never be able to tr ust doctors anymore due to what the M.D's did to the plantiff at Bellvue Hospital on 9-25-2017. Up until 2017NY050276 and 4445-201 7, the plantiff trusted Police Officers, Prosecuting Attorneys, D efense Attorneys, Judges(except def Ward;see 3709/13) and Clerks, and now, if the plantiff gets arrested again, he do not know if h e will be able to trust his Attorney, trust the Prosecuting Attor ney, trust the Judge, because, even though the plantiff was a car eer criminal and might still be one(who knows the future)every si ngle time the plantiff gets arrested, the aforementioned official s must always abide by the State Laws and the Constitution(both).

45

Eventhough the plantiff hhve a lenthy past rapsheet, the plantiff also have a lenthy past work history. In and out of Jail concurre ntly in and out of Jobs.

Plantiff's Past lenthy work history.

From 14yrs of age to 17yrs of age, the plantiff worked for winter and Summer youth in Hnery Street Settlement located on the lower east side. Henry Street.

At the age of 18, the plantiff moved to Norfolk Virginia, and wor ked at J.D. Miles and Son, a roofing Company. Also worked at Labo r ready in Virginia, and a Private landscaping Company making $7. 25 an hour in 1998.

At bhe age of 19yrs and a half, the plantiff was back in New York working in A express for Kirby and qwendalin Silver located at 60 west 39th Street.

At the age of 20, the plantif worked at Canal Jeans, a retail sto re, located at 504 Broadway. Then Duane Reade located at 23rd Str eet and Park Avenue. Then C.D.L located at 500 5th Avenue. Then V ELOCity located at 829 3rd Avenue. Then the plantiff worked for a Temp agency called Active located at 33rd Street between 5th and 6 avenue's where there the dispatched Vincent always dispatched t he plantiff to the YMCA located at 92nd Street and Leximngton Ave nue. Then from there the plantiff moved to Troy, New York, where he worked at Quadgraphics located in Saratoga Springs New TYork, also worked for a garbage Company in Albany New York. Then the pl antiff moved back to the City of New York and worked in Long Isla nd City Queens in a telemarketing Company called OPinion Access. Then another telemarketing Company called UniversAL Surveys locat ed at 40th Street between 7th and 8th avenue's in Manhattan. Then A.M. New York newspaper located at 37th Street and 8th Avenue whi ch relocated to 33rd and Rawson in Long Island City Queens.

After being unlawfully detained by def Ward in 3709/2013 for 23mo
nths and 17days(Aug 13 2018 to July 15 2015), the plantiff was re
leased om his own recognizance that day(July 15 2015), the very n
ext day the plantiff was approached by a female that he knew from
his past, and she also had a criminal history, but became a manag
er at a retail store in Times Square, Manhattan(hiring manager)an
d she offwered the plantiff a job there doing stock work, the pla
ntiff told her that he was R.O.Red on Criminal Charges at the tim
e, and then she asked for what charges, and the plantif told her
Sodomy and Sexual Abuse in the first degree, and she told the pla
ntiff if it were any other charges I would have worked around the
m but I have a Boss and eventhough I know that you will never com
mit a crime like that(sex offense)I can't hired youi right now, s
o come back wnce those charges get fully dismissed. Subsequently
the plantif got arrested again and then again and just think, sin
ce no one never knows what the future will hold, if def Ward woul
d have dismissed those compelled self-incrimination charges(the p
lantif was charged with one count of NYPL 130.50 mouth to vulva b
ecause I told the district Attorney that the girl allowed me to k
iss below her belly button. And I was charged with two counts of
NYPL 130.65 Sexual Abuse, because I told the district Attorney th
at the girl allowed me to feel on her body two times)on July 15 2
015 like the Constition actually required on 9-30-2013, the plant
iff would have taking that stock position, and who knows if he wo
uld have ever gotten arrested again. The plantiff plans for the f
uture is to seek employment in retail.

47

c                    Claim on which Relief should be Granted

For the Arresting Officers using excessive force to detain the pl
antiff because they precint knew him, and, the M.D's at the Hospi
tal helped. Then the Arraignment Judge and Prosecutor together in
Criminal Court with asWholly fabricated, Non-Criminal Complaint r
emanded him only because he is Black with priors in the same Trai
nstation. Then, the Trial Judge 'Knowingly' without Trial Jurisdi
ction insisted that the Prosecutor prosecute him on that Wholly f
abricated, Non-Criminal Complaint, while the plantiff's defense A
ttorney before CPL 170.20 and her Supervisor provided assistance
to the prosecutor and Trial Judge to retaliate against him. Then
both Trial Judges and Ptrosecutors together as separate teams int
ended to proseed without State Law Appvoval. Then 'Knowingly' pro
ceeded without State Law Approval to become one big team for Tria
l Purposes, while the Clerks denied him Access-to-the-Courts for
Non-frivolous motions against the former team contrary to 1981 su
b A protected by sub C, and Inspector General for the UCS okayed
the denial's. Then both defense Attorneys after CPL 170.20 was in
structed by the big team not to assist in any of the plantiff's m
erited contentions and did just that and neglected to assist in t
he plantiff's immediate release, while the stenographer was told
not to type in anything the plantiff say concurrent with the Dist
rict Judge suspending the plantiff Writ by persuading the Distric
t Attorney not to advocate for the State is unconstitutional. Fed
.R. Civ. P. 8(A)(2)(3), (D)(3), (E)..

48

Generally, proof of proper mailing gives rise to a presumption th
at the item was recieved by the addressee. The presumption may be
created by either proof of actual mailing or proof of a standard
office practice or procedure designed to ensure that items are pr
operly addressed and mailed. Residential Holding Corp. v. Scottsd
ale Ins. Co, 286 AD2D 679; SUPREME COURT OF THE STATE OF NEW YORK
,APPELLATE DIVISION, FIRST DEPARTMENT.


The plantiff holds that, the defendants have to submit proof suff
cient to rebut the presumption, to negate that none of the Petiti
ons, Affidavits, Letters or Article 78's were ever actually maile
d by the plantiff Pursuant to the Mailbox Rule to any of the defe
ndants such as but not limited to Ward, Scherzer, Barnes, Rojas,
Silverstien, Sowah, A.Ortiz, Jaccarino, ADA John Doe for #4445-20
17,,Clerk of Court Part Tap A, Donnelly, Pine, Bowe, Ostrow, Vanc
e Jr.

## Dismissal of complaint

## *L Ed Digest: Pleading § 103*

11. When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder. (Souter, J., joined by Roberts, Ch. J., and Scalia, Kennedy, Thomas, Breyer, and Alito, JJ.)

Atlantic Corp v. Twombly, 550 U.S. 544

**TERM: clear proof.**

**TEXT:** That which may be seen; that which is discernible; that which may be appreciated and understood. In such sense, it may not really mean any more than a fair preponderance. It may, however, under emphasis, convey the idea of certainty, and it probably would to the common mind.

**<u>Generally, a civil plaintiff must prove his</u>**
**<u>affirmative case by no more than a</u>**
**<u>preponderance of the evidence. Ordinarily this is</u>**
**<u>true even where a criminal act is charged as part</u>**
**<u>of a civil case. 425 F.2d at 1120</u> (citations**
**omitted). Having said that, the court of appeals**
**continued:**

The integrity of the Courtroom is so vital to the health o f our legal system that no violation of that integrity, no matter what its motivation, can be condoned or ignored. UNITED STATES OF AMERICA v.SHIELDS, 783 F. Supp. 1052.

Lawyers who cause or permit lies to be told to Judges are guilty of conduct which tends to defeat the administration of JUstice, regardless of the motive of the lawyer and rtegardless of the immediate impact of the lie. UNITED STATES OF AMERICA v.SHIELDS, 783 F. Supp. 1052.

It was the Court's prerogative to know of this little courtroom drama in advance and to pass upon its propriety. UNITED STATES V. SHIELDS, 783 F. Supp. 1052.

The Court must remain the ultimate forum of the truth. UNITED STATES v. SHIELDS, 783 F. Sup. 1052.

A requirement of Article III of the United States Constitution is
that A plantiff who seeks to invoke Judicial Power stands to prof
it in some personal interest. ALLEN v. WRIGHT, 462 US 737.

## Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection

## Criminal Law & Procedure > Trials > Defendant's Rights > Right to Fair Trial

## Civil Rights Law > Section 1983 Actions

The U.S. Court of Appeals for the Second Circuit has recognized a constitutional right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigatory capacity that is cognizable under the Fifth Amendment and 42 U.S.C.S. § 1983. A defendant has a cognizable right to a fair trial, and may sue for damages under 42 U.S.C.S. § 1983 for Brady violations that lead to a distorted evidentiary record being presented to the jury.

## Civil Rights Law > Section 1983 Actions

## Constitutional Law > Bill of Rights > Fundamental Rights

## Governments > Legislation > Statutory Remedies & Rights

```
ZAHREY v. COFFEY,221 F.3d 342;UNITED STATES COURT OF APPEALS F
OR THE SECOND CIRCUIT.
```

## *Civil Procedure > Remedies > Damages > General Overview*

## *Civil Rights Law > Section 1983 Actions > Elements > Protected Rights*

Where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law.

## *Civil Procedure > Remedies > Damages > General Overview*

## *Civil Rights Law > Section 1983 Actions > Elements > Protected Rights*

KERMAN v. CITY OF NEW YORK, 374 f.3d 93;UNITED STATES COURT OF A
PPEALS FOR THE SECOND CIRCUIT.

56

*Rookard v. Health & Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983); see also *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) (actions of a state judge holding "absolute sway" over certain decisions can be attributed to the municipality under § 1983); *Williams v. City of Valdosta*, 689 F.2d 964, 969 (11th Cir. 1982). For the purpose of affixing liability on a municipality, it is irrelevant that the decisionmaker enjoys personal immunity for the behavior under attack. The Supreme Court, in *Owen v. City of Independence, supra* note 224, ruled that a municipality could not escape liability under § 1983 by invoking the good-faith immunity of its officers. 445 U.S. at 651-654, 100 S. Ct. at 1415-1417, 63 L. Ed. 2d at 693-695. In fact, the personal immunity accorded to city officials militates in favor of municipal liability, since a contrary ruling would leave victims of unconstitutional conduct without any remedy, *id.* at 651, 100 S. Ct. at 1413, 63 L. Ed. 2d at 693, and city officials without incentive to abide by the Constitution, *id.* at 652, 100 S. Ct. at 1416, 63 L. Ed. 2d at 694. See also *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir.), *petition for reh'g denied*, 735 F.2d 861 (5th Cir. 1984) (per curiam). The municipality may also face § 1983 liability for the conduct of officials who enjoy absolute personal immunity. E.g., *Familias Unidas v. Briscoe, supra* (municipality may be held liable for conduct of a judge). We believe the same principles apply to render the good faith or absolute immunity of involved officials irrelevant to the determination of municipal liability under *Bivens*.

Requested Relief.

First Cause of Action

Right to Fair Trial claim against the City of New York Pursuant t
o 42 USCS 1983.

Defendants Darkeh and Herbert Moses had 'Absolute Sway' over the
decision to dismiss the Felony turn Misdemeanor complaint chargin
g the plantiff with NYPL's 145.20 D felony, 145.05 sub 2 E felony
165.16 B misdemeanor and 1050.6 B 2 violation of Transit Rule-red
uced to NYPL 's 145.15 A misdeanor, 145.00 sub 1 A misdemeanor, a
nd two violations of Transit Rules-1050.4(c), 1050.6 B2, when the
y both read that def Simon was watching thru videosurviellance, a
nd, there is no device in any trainstation where you can look at
the stations while you on duty bthere and threre was no money, me
trocards nor video in evidence at the local court arraignment as
required to arrest and remand and to corroborater the allegations
andf that was the proximate cause of the plantiff's constitutiona
l injuries that caused this action to commence.

Plantiff request an amount this court deems just and proper again
st the City of New York.

Second Cause of action.

Substantive Due Process Claim against the City of New York Pursua
nt to 42 USCS 1983.

Defendsant Laura.A.Ward had 'Absolute Sway' over the decision to
entertain the plantiff's subsection's A and H part of his Pre-tri
al motion on its merits as required by Law, and, since def Ward d
id not, that 'schocked the Conscience' and proximately caused thi
s action to commence.

Plantiff request and amount this court deems just and proper agai
st the City of New York.

Third Cause of Action.

Excessive Force claim against the City of new york Pursuant to 42 USCS 1983.

The Fourth Amendment confers a Right to be free from excessive fo rce during an arrest, and, the City of New York, and, the New Yor k City Police Department wnet by a policy, Practice or Custom of just allowing their officers to ignore that Right while making ar rest on Blacks, and that was the proximate cause of the plantiff' ds Constitutional injuries that caused this action to commence.

Plantiff requrest an amount of $1.000.000.00 against the City of New York Pursuant to 1983, and reasonable Attorney fees.

Fourth Cause of Action.

Failure to Intervene Claim against the Cóty of New York Pursuant to 42 USCS 1983.

The City of New York and the New York City Police Department acte d with a deliberate indifference to the plantiff Rights secured b y the Fourtheenth Amendment of the U.S.Const by failing to train their officers on how to intervene when blackks suspects under ar rest for alleged crimes rights are being violated by other office rs in their presnece and that was the proximate cause of the plan tiff's constitutional injuriers that caused this action to commen ce.

Plantiff request an amount ob $1.000.000.00 against the City of N ew York Pursuant to 42 USCS 1983, and reasonable Attorney fees.

Fifth Cause of Action.

Fourteenth Amendment Right to Privacy Claim against the City of N
ew York Pursuant to 42 USCS 1983.

The City of New York and the New York City Police Department wen
t by a policy, pattern and practice of just permitting their offi
]cers to target African-Americans to conduct illegal stops and de
tentions on them to see if they are suspects just because they ar
e African-Americans and that was the proximate cause of the plant
iff constitional injuries that caused this action to commence.

Plamntiff request an amount of $1.000.000.00 against the City of
New York Pursuant to 1983, and reasonable Attorney fees.


Six Cause of Action.

Right to Fair Trial Claim against the City of New York Pursuant t
o 42 USCS 1983 under the Fourteenth AMENDMENT.

The City of New York and the District Attorney's Office evinced a
pattern of ignoring Law enforcement improprieties and misconduct
and failed to train and supervise assistant district Attorneys re
garding other legal obligations such as correcting the results of
known false evidence that invoke fair Trial guarantees and that w
as the proximate cause of the plantoiff constitutional injuries t
hat caused this action to commence.

Plantiff request an amount of $1.000.000.00 against the City of N
ew York Pursuant to 42 USCS 1983 and reasonable Attorney fees.

Seventh Cause of Action.

Access-to-the-Courts Claim against Def A.Ortiz Pursuant to 42 USC
s 1983 in his or her individual capacity.

Def A.Ortiz signed for the plantiff's July-11-2018 Article 78 Pet
itioin, certified Mail return reciept on July 16 2018, butnever f
iled nor caused it to get filed to this very day of the typing of
thsesw words in this cause of action and that was the proximate c
ause of the plantiff constitutional injuries that caused this act
ion to commence.

Plantiff request an amount this court deems Just and Proper again
st def A.Ortiz for Compensatory, Punitive and nominal damages Pur
suant to 1983, and reasonable Attorney fees.

Eight Cause of Action.
Access-to-the-courts Calim against Def Margaret Sowah in her indi
vidual capacity Pursuant to 42 USCS 1983.

While having no Right to do so, nor any Civil Practice Law and Ru
le to believe she had(CPLR 2102 c)and for a purpose other than a
desire to see the ends of Justice served, def Sowah Purposely did
not commence two of the plantiff's April 3 2018 Article 78's Peti
tions three(3) times(April 3, May 9, June 22)and the one with def
Simon One time. His April 12 2018 Article 78 Petition one time, h
is April 19 2018 Petition two(2) times(April 19, June 22) and his
motion for defaukt Judgement dated May 15 2018 one time and that
was the proximate cause of the plantiff constitutional injuries t
hat caused this action to commence.

Plantiff request an amount this court deems just and proiper agai
nst def Sowah for Compensatory, Punitive and nominal damages Purs
uant to 1983, and reasonable Attorney fees.

Nineth Cause of Action.

Access-to-the-courts Claim agsainst Def Susanna Molina Rojas and Margaret Sowah in their individual capacities Pursuant to 42 USCS 1983.

While having no Right to do so, nor any Civil Practice Law and Ru le to believe they had(CPLR 2102 c) and for a Purpose other than a desire to see the ends of Justice served, def's Rojas and Sowah aided and abetted eachother in the commission to willfully take a way the plantiff's Federal Right to Petition the Goverment for a Redress of Grievances by not commencing the plantiff's June 15 20 18 Article Petition, June 20 2018 Article 78 Petition and the pla ntiff's July 11 2018 Article 78 Petition and that was the proxima ter cause of the plantif Constitutional injuries that caused this action to commence.

Plantif requsrt an asmount this court deems just and proper again st def's Sowah and Rojas Jointly and severally for Compensatory, Punitve and Nominal damages Pursuant to 42 USCS 1983, and reasona ble Attorney fees.

Tenth Cause of Action.
Right to Fair Trial Claim against def's David Simon and Sergeant Frazier in their individual capacities Pursuant to 42 USCS 1983.
(1)David Simon together with Sergeant Frazier stated that he watc hed the plantiff thru videosurviellaance do ciminal acts(2)Simon S tated that in felony complaint and forwarded to prosecutors offic e located at One Hogan Place(3)and the Petit Jury could have beli eved what the plantiff did by Simon saying it because he stated h e watched thru videosurviellance and that was the proximate cause of the plantiff constitutional injuries thaty caused this action to commence.
Plantiff request anamount this court deems Just and proper agains t def's Simon and Frazier for Compensatory, Punitve and Nominal d amages Pursuant to 1983 and reasonable Attorney fees.

Eleventh Cause of Action.

Failure to Intervene Claim against def's Jane and John Doe's(arre
sting officers) from TD § 4 in their individual capacities Pursua
nt to 42 USCS 1983.

(1)Defs' Jane and John Does' kmew def's Simon amd Frazier was fab
ricating information because on 9-25-2017, they were all together
(2)def's Jane and John Doe's had a realistic opportunity on 9-25-
2017 to prevent def's Simon and Frazier from fabricating a whole
cpmplaint against the plantiff with the intentions to deprive the
plantiff of his liberty with the fabrication(3)so by not preventi
ng, def's Jand and John Doe's authorized def's Simon and Frazier'
s fabrication against the plantiff and that was the cause of the
plantiff constotitional injuries that caused this action to comme
nce.

Plantiff request an amount this court dems just and proiper again
st def's Jane and John Doe's (arresting officers from TD 4) for c
ompensatory, Punitive and nominal damages Pursuant to 1983, and r
easonable Attorney fes.

Twelth Cause of Action.

Malicious Abuse of Criminal Process against déf ADA JOhn Doe in h
is individual capacity pursuant to 42 USCS 1983.

(1)Def ADA John Doe wanted a way to retaliate against the plantif
f for not taking the Nine month plea deal before def ADA John Doe
knew it weas an actual video and it arrived from the MTA(2)def AD
A johnDoe found away, by putting in an application for CPL 170.20
'knowing' that Laws very lanquage applies only to cases that orig
inate as misdeanors. It do not apply to cases that originate as f
elonies. Def ADA john Doe knew the plantiff's case originated as
felonies, which himself and def Darkeh reduced to misdemeanors, a
nd that was the proximate cause of the plantif injuries because i
f it wasn't for def ADA John Doe wanting the plantiff to be again
prosecuted on the felonies now that a video arrived from the MTA,
one of the felonies would have never gotten restored, since def A
DA john Doe cannot tell this court any legal reason he put in a a
pplication for CPL 170.20

Plantiff request an amount this court deems just and proper again
st def ADA John Doe for Compensatory, Punitive and nominal damage
s Pursuant to 42 USCS 1983, and reasonable Attorney fees.

13th cause of Action.
Clear Absence of all jurisdictionClaim Pursuant to the Due Proces
s Clause of the Fourteenth Amendment of the US.Constiution agains
t def Darkeh in her individual capacity Pursuant to 42 USCS 1983.
Contrary to what the legislature proscribed to be done in New Yor
k Criminal Procedure Law 140.45, def Darkeh disregarded what the
legislature proscribed in New York Criminal Procedure Law 140.45
so the plantiff can be detained on known to her(State)fake eviden
ce fabricated by Simon and Frazier because she knew they never sa
w anything thru videosurviellance and that was the proximate caus
e of the plantiff constoitutional injuries that caused this actio
n.
Plantiff request an amount this court deems just and proper again
st def Darkeh for Compensatory, Punitve and nominal damages Pursu
ant to 1983, and reasonable Attorney fees.

14th cause of Action.
Cleasr Absence of All Jurisdiction Claim Pursuant to the Due Proc
ess Clause of the Fourteenth Amendment of the U.S.Const against d
ef's Laura.A.Ward and Nicholas Barnes in their individual capacit
ies Pursuant to 42 USCS 1983.
While def Ward had absolutely no right not to entertain the plant
iff's Pre-Trial Motion on its merits, nor any reasonable ground t
o help def Barnes prosecute,def Ward disregarded the merits of th
e motion purposely so her and def Barnes could proceed over the v
ideo accusation using that as a Grand Jury indictment and that wa
s the proximate causer of the plantiff constitutional injuries th
at caused this action to commence.

Plantiff request anamount this court deems just and proper agains
t def's Ward and Barnes for Compensatory, Punitive and nominal da
mages Pursuant to 42 USCS 1983, and reasonable Attorney fees.

15th cause of Action.

Clear Absence of All Jurisdiction Claim against def Ann Scherzer
Pursuant to the Due Process Clause of the Fourteenth Amendment of
the U.S.Constitution in her indivual capacity Pursuant to 42 USCS
1983.

While having no right to do so, nor, any reasonable ground to bel
ieve she had a Right to pick up right  where def Ward told her to
by permitting the video accusation to be transferred to Tap A fre
m Part 71, then proceeding over the video accusation as a Grand J
ury Indictment and that was the proximate cause of the plantiff's
constitutional injuries that caused this action to commence.

Plaintiff rwquest an amount this court deems just and proper again
st def Ann Scherzer for Compensatory, Punitive and nominal damage
s Pursuan to 1983, and reasonable Attorney fees.


16th Cause of Action.

Clear Absence of al jurisdiction Claim under the Due Proces Claus
e of the Fourteenth Amendment of the U.S.Const against def's ADA
John Doe and Herbert Moses in their individual capacities Pursuan
t to 42 USCS 1983.

'Knowing' what def Simon stated in his Complaint was Non-Criminal
def Mosesd and ADA John Doe proceeded anyway so the plantiff can
be detained on known to them(State)fake evidence by Def's Simon a
nd Frazier's videosurviellance scheme and that was the proximater
cause of the plantiff constitional injuuries that caused this act
ion to commence.

PLantiff request an amount this court deems just and preoper agai
nst def's Moses and ADA John Doe for compensatory, Punitive and n
ominal damages Pursuant to 42 USCS 1983, and reasonable Attorney
fees.

Aplantiff may pursue an independent Due Process Claim premised on fabricated evidence. GARNETT v. CITY OF NERW YORK, 838 f.3d 265;U NITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT)

17th cause of Action.
Due Process violation Calim against def's David Simon and Sergean t Frazier in their individual capacities Pursuant to 42 USCS 1983

The plantiff was prosecuted on the fabricated allegations that de f's Simon and Frazier created to complete their unconstitutional arrest, when they wrote the same in the felony turned misdemeanor complaint Pursuant to CPL 1.20 sub's 7 and 8 and that was the pro ximate cause of the plantiff's constitutional injuries that cause d this action to commence.

Plantiff request anamount this court deems just and proper agains t def's Simon and Frazier for compensdatory, punitive and nominal damages Pursuant to 42 USCS 1983, and reasonable Attorney fees.

18th cause of Action.
Negligernce Legal Malpractice Claim against Yosha Gunasekera in h er individual capacity Pursuant to 28 USCS 1367(A).
(1)Def Yosha Gunasekera was the plantiff's Attorney for #2017NY05 0276 from 9-26-2017 to 10-17-2017 and Gunasekera never challenged by oral nor written motions that her clients criminal court compl aint was Wholly fabricated and Non-criminal, nor did she ever cha llenged by oral or written motion for the exclusionary Rule deali ng with how the video came about after the arrest, and, if def Gu nasekera would haved filedf any one of the motions oraly or writ ten for any one of the aforementioined defanses for her client, d ocket number 2017NY050276 would have gotten dismissed and that wa s the proximate cause of the plantiff injurees from his Attorney that caused this action to commence.

Plantiff request anamount this court deems just and proper agains t def Yosha Gunasekera for Compensatory, Punitive and nominal dam ages and reasonable Attorney fees.

66

19th Cause of Action.
Negligence Legal Malpractice Claim against def Michael Jaccarino
in his Individual capacity Pursuant to 28 USCS 1367(A).

(1)Def Michael Jaccarino was the plantiff's Attorney in #4445-201
7 from 10-12-2018 to sometime before Nov 8 2018, and, after 10-12
-2018, def Jaccarino never challenged by oral and/or written moti
ons that his client Cory Reid did not have a Grand Jury Indictmen
t because he never got indicted on 11-20-2017, CPL 170.20 should
not have gotten instituted in 2017NY050276 and Granted on 10-17-2
017, because his client's case originated as felonies, and, the e
xclusionary Rule must be applied to my client's case because of h
ow his arrest and video came about and that was the proximate cau
se of the plantiff injuries that caused this action to commence.

Plantiff request an amount this court deems just and proper again
st def Michael Jaccarino for Compensatory, Punitive and Nominal d
amages and reasonable Attorney fees.

20th cause of Action.
Fourteenth Amendment Constutitional vilation analyzed under the D
ue Process Clause against def Sherill Spatz in her individual cap
acity Pursuant to 42 USCS 1983.

Def Sherill Spatz, a Goverment Officer who was sworn to faithfull
y discharge her duties, abused her offcial powers with Mailce and
Corruption by making believe that she qwas not the official that
can help the plantiff with preventing def Margaret Sowah an emplo
yee of the UCS from unlawfully denying the plantiff ACCess-to-the
-courts for Non-frivolous motions in his criminal case and that w
as the p½roximate cause of the plantiff injurires thatcaused this
action to commence.

Plantiff request anamaount this court deems Just and proper again
st def Spatz for Compensatory, Punitive and nominal damages Pursu
ant to 42 USCS 1983 and reasonable Attorney fees.

21th cause of Action.

Retaliation Claim against def's Herbert Moses, Yosha Gunasekera, Yosha Gunasekera's Supervisor, ADA John Doe Pursuant to 42 USCS 19083.

(1) The plantiff wnated to have a Jury Trial on the A misdemeanor s charges afeer they got reduced by Darkeh and ADA John Doe(2)jus t because the plantiff did not want to take a plea for the misdem eanor charges, Moses, Gunasekera, Supervisor and ADA John Doe cam e up with a plan to restore illegally one count of 145.20 and add another count of 145.20 soŋ the plantiff can go to Trial on the f elonies with the help of CPL 170.20(3)On 10-17-2017, an illegal a pplication was put in for CPL 170.20 and granted so Tap A can pro ceed to Trial(4)def Moses had absolute 'sway' over the decision n ot to grant the application for CPL 170.20, and Gunasekera was th e plantif's Attorney to challenge the application, and her Superg isot had an opportunity to enforce Gunasekera to challenge for he r client the application for CPL 170.20 against her clerint and t hat was the proximate cauyse of the plantiff's injuries because i f it wasn't for def's Moses, Gunasekera, Supervisor and ADA John Doe not wanting the plantiff to exercvise his constitutional Righ t to have a Jury trial on the misdemeanor Charges, this action wo uld not have commenced which is sufficient to deter a person of o rdiaary firmness from exercising his constitutional Right to A ju ry Trial.

Plantif request an amount this court deems just and proper agains t def's Moses, ADA John Doe, Gunasekera and her supervisor 'Joint ly and severally' for Compensatory, Punitive and nominal damages Pursuant to 1983 and reasonable Attorney Fees.

22nd Cause of Action.

Retaliation Claim against def's David Simon, Sergeant Frazier and Jane and John Doe's(Arresting officers) Pursuant to 42 USCS 1983 in thier individual capacities.

(1) On Sep 25 2017, in Eastbroadway trainstation, the plantiff sp oke to two people in that trainstation. Def's Simon, Frazier, Jan e and John Doe's came up with a plan to say that what the plantif f was speaking about

to thopse two people was against a penal Law or Transit Rule(3)
On Sep 25 2017, def's Simon, Frazier Jane and John Doe's turned
the plantiff's talking to two people into a violatioin of a Trans
it Rule;1050.6 B 2(4)def's Simon, Frazier,Jäner and John Doe's wa
s the four Transit police that arrested the plantiff on Sep 25 20
17 and that was the proximate cause of the plantiff's injuries be
cause if it wasn't for def's Simon, Frazier, Jane and John Doe's
not wanting the plantiff to speak to people, this action would no
t have commenced which is sufficient to deter a person of ordinar
y firmness from exercising his constitutional Right to speak unde
r the Speech Clause.

Plaintiff request anambunt this court deems Just and Proper agaoin
st defd's Simon, Frazier, Jane and John Doe's in thier individual
capacities for Compensatoiry, Punitive and nominal damages and re
asonable Atorney fees.

23rd Cause of Action.
Conspriracy Claim against def's Ann Scherzer and Kendra Thimbrel
in thioer individual capacities Pursuant to 42 USCS 1983.
(1)ON 10-11-2018, def Scherzer conspired with def Thimbrel in Sup
reme Court Part Tap A to deprive the plantiff of Civil Rights:(2)
Since from the motions and Affidavits handed and forwarded to def
Scherzer, the plantiff kept on repeating that he was not indicted
, def Scherzer knew that the plantiff was going to repeat the sam
e on 10-11-2018 in Tap A since the plantiff was his own Attorney,
son prior to entering Tap A, def Scherzer told def Thimbrel not t
o type in anything the plantiff day about him not being indicted,
because def Scherzer did not want that all over the record, every
time the plantiff looked at def thimbrel she was not typing when
the plantiff stated something about not being indicted and that w
as the proximate cause of the plantiff Constitutional injuries th
at caused this action to commence.

PLantiff rwquerst anamount this court deems just and proper again
st def's ANN Scherzer and Kendra Thimbrel for Compensatory, Punit
ive and nominal damages Pursauant to 42 USCS 1983 and reasonable
Attorney fees.

24th Cause of Action.

Conspiracy Claim against def's Sherill Spatz and Margaret Sowah i
n thier individual capacities Pursuant to 42 USCS 1983.

(1)Def Spatz conspired with def Sowah to deprive the plantiff of
his Right to Access-to-the-courts(2)On June 12, 15, 22 of 2018, t
he plantiff forwarded to def Spatz three complaints against def M
argaret Sowah claiming def Sowah was depriving the plantiff of hi
s Right to Access-to-the-courts. On July 2 2018, def Spatz forwar
ded a correspondence to the plantiff stating that she cannot over
see the Appellate Division regarding an Article 78 thereby permit
ting def Sowah to keep depriving the plantiff of his Right to Acc
ess-the-courts and that was the p½roximate cause of the plantiff
constitutional injuries because if it wasn't for def Spatz not wa
nting to take the appropriate action as her goverment position re
quires, the plantiff June 15, June 20 and July 11 all of 2018 Art
icle 78 Petitions would have gotten commenced in the First Depart
ment where the plantiff forwarded them to where def Sowah is the
Deputy Clerk at all pursuant to CPLR 2102 c.

Plantiff request anamount this court deems just and pooper agains
t def's Sherill Spatz and Margaret Sowah for Compensatory, Puniti
ve and nominal damages Pursuant to 42 USCS 1983 and reasonable At
torney fees.

25th Cause of Action.

Conspiracy Calim against def's Michael Jaccarino, Ann Scherzer an
d Nicholas Barnes in thier individual capacities Pursuant to 42 U
SCS 1983.

(1)Def Jaccarino conspired with def's Scherzer and Barnes to depr
ive the plantiff of his Federal Right to have Counsel(since the R
ight to Counsel is the Right to effective assistance of Counsel)b
y telling def Jaccarino not to assist in any of the plantiff's me
rited contentions such as the plantiff did not gety indicted(2)Oc
t 12 2018, def Jaccarino got assigned to #4445-2017, and got the
case file for #4445-2017, and that case file had those two papers
in it that def Clerk of Cpourt Part Tap A handed to def Scherzer
on 8-27-2018 in Tap A when they tryed to trick the plantif and ma
ke-believe he was indicted

and those two papers was his Grand Jury indictment. Def Jaccarino
ignored the same because def's Scherzer andf Barnes told def Jacc
arino video then Trial only. That day(10-12-2018) def Scherzer sc
heduled a day for jaccarino to only show the plantiff the video.
On Oct 17 2018, def Jaccarino met with the plantiff in 100 Centre
Street, on the 12th Floor, Attorney/Client meeting room to only s
how the plantiff the video and that was the proximate cause of th
e plantiff constitutional injuries because if it wasn't for def's
Scherzer and Barnes not wanting def Jaccarino to argue for his cl
ient orally and with written motions(which def Jaccarino did not
do for his client)the plantiff is not indicted, since Jaccarino k
new that he was obligatedf to do so, this action would not have c
ommenced.

Plantiff request anamount this court deems just and proper agains
t def's Ann Schwerzer, Nicholas Barnes and Michael Jacaarino for
Compensatory, Punitive and nominal damages Pursuant to 1983 and r
easonable Attorney fees.

26th cause of Action.
Conspiracy Claim against def's Yosha Gunasekera, Supervisor, ADA
John Doe and Herberet Moses Pursuantr to 42 USCS 1983 in thier in
dividual capacities.

(1)Def Gunasekera and her Supervisor conspired with def's Moses a
nd ADA John Doe to deprive the plantiff of his Equal Protection R
ight to the New York Criminal Procedure Law 170.20's very lanquag
e by def Gunasekera knowing as an Attorney that CPL 170.20 did no
t apply to her client's case because she knew her client's case o
riginated as felonies. Gunasekera's Supervisor knew CPL 170.20 di
d not apply to his subordinate's case docket because he saw that
that docket originated as felonies. Moses could not lawfully gran
t CPL 170.20 because Moses knew that 2017NY050276 origniated as f
elopnies, and ADA JOhn Doe copuld not lawfully apply for CPL 170.
20 because he knew that that docket number 20127NY050276 originat
ed as felonies. On 10-17-2017, def Mopses granted ADA'John Doe's
Application for CPL 170.20 anyway, def Gunasekera did not challen
ge the application by oral nor written motions and Gunsakera's Su
pervisor permitted his subordinate's actions that were unconstitu

tional to the plaintiff and that was the proximate cause of the pl
antiff's Equal Protection injuries because if it wasn't for def M
oses Granting def ADA john Doe's application anyway for CPL 170.2
0 because the plaintiff di not take the pleas. Def Gunasekera not
challenging the application for CPL 170.20 for her client by oral
or written motions on 10-17-2017 or prior and her Supervisor perm
itting def Gunaskera not assisting in her client's contention tha
t the felonies was already reduced, the plantiff would not have b
een in Supreme Court Part's 71 and Tap A filing Article 78's with
the Appellate division and Staste and Federal Habeas Corpuses cha
llenging CPL 170.20(Amongst other challenges).

Plaintiff request an amount this court deems just and proper again
st def's Yosha Gunasekera, Supervisor, Herbert Moses and ADA john
Doe for Compensatory, Punitive and nominal damages Pursuant to 19
83 and reasonable Attorney fees.

27th Cuase of Action.

Conspiracy Claim against def's Joseph Habboushe, Cheyenne Snavely
 David Simon, Sergeant Frazier, Jane and John Doe's in thier indi
vidual capacities Pursuant to 42 USCS 1983.

(1)Def's Habboushe and Snavely conspired with def's Simon, Frazie
r, Jane and John Doe to deprive the plantiff(while he was a suspe
ct in a criminal case)of Liberty without Due Process of Lawbecau
se Habboushe and Snavely figured all Black suspects under arrest
faked injuries to initiate Civil suits against the police that ar
rested them(2)on 9-25-2017 in Bellvue emergency room, Habboushe a
nd Snavely just cleared the plantiff without providing the planti
ff with treatment and stated to the plaintiff that he can take tyl
enol for the pain and that was the proximate cause 66 the plantif
f's injuries because if it wasn't for def's Habboushe and Snavely
not wanting to provide medical treatment to the plantyiff because
of a potential Civil suit against def's Simon and Frazier when th
ey pushed the plantiff into the van on 14th Street and that def's
Snavely and Habboushe did not want to help in anyway, this action
would not have commenced.

PLantiff request anamount this court deems just and proper agsain st def's Cheyenne Snavely, Joseph Habboushe, David Simon, Sergean t Frazier and Jane and John Doe's for Compensatory, Punitive and Nominal damages Pursuant to 1983 and reasonable Attorney fees.

28th cause of Action.

Conspiracy Claim against against def's Yosha Gunasekera, Darkeh, and ADA john Doe Pursuant to 42 USCS 1983.

(1)On 9-26-2017, def Gunasekera conspired with def's Darkeh and A DA John Doe to deprive the plantiff of his Federal Right to have Counsel(Since the Right to Counsel, is the Right to effective ass istance of Counsel)On 9-26-2017, def Gunasekera intentionally fai led to argue at the local Court arraignment for her client Cory R eid that; if there is no money, metrocards and video in evidence right now against my client Cory Reid Pursuant to CPL 1.20 sub 40 to corroborate the allegations in this misdemeanor complaint, thi s misdemeanor complaint have to be dismissed right now and my Cli ent Cory Reid released from custody and since that did not happen it proximately caused the plantiff's Constitutional injuries beca use if it wasn't for def Gunasekera 'knowing' as an Attorney of L aw that the only was her client Cory Reid could have legally gott en arrested and could legally be rem,anded by APAR 1 to the dpet of Corrections way if the fourtr arresting officers had an actual video in evidence(APAR 1)viewed it beforer putting it in eviedence in RRAR 1, and arresting her cleint Cory Reid according to what t eh viodeo showed exactly, and since def Gunasekera knew the afore mentioned did not take place, def Gunasekera made an agreement wi th def's Darkeh and ADA Hohn Doe to take away the plantiff's Fedr al Right to have Counsel assist the plantiff in defending that, a nd only because def's Darkeh and ADA John Doe did not want tyhe p lantiff released because he is black with priors in Eastbroadway causing this action to commence.

Plantiff request an amount this court deems just and proper against def's Yosha Gunasekera, Darkeh and ADFA John Doe for Compensatory, Punitive and nominal damages in tyhier individual capacities Pursuant to 42 USCS 1983 and reasonable Attorney fees.

29th Cuase of Action.
Conspiracy Claim against def's Margaret Sowah, Nicholas Barnes and Laura.A.Ward in thier individual capacities Pursuant to 42 USCS 1983.

(1)DEf's Barnes and Ward conspired with def Sowah to deprive the plantiff of his Federal Right to Petition the Goverment for a redress of Grievances in Haamony with Access-to-the-courts(2)def's Sowah, Barnes and Ward did not right a wrong on thier own initiative when they recieved from the plantiff the June 19 2018 Petition forwarded to all three of them via mail Pursuant to the MAIl box Rule because that Petition from the plantiff described in detail what def Sowah was doing illegal and contrary to cplr 2102 c to the plantiff's Article 78's forwarded to 27 Madison Avewnue where def Sowah was the deputy Clerk at regarding Indictment #4445-2017 that was pending against the plantiff and that was the proximate cause of the plantif injuries that caused this action to commence because if it wasn't for def's Barnes and Ward wanting def Sowah to keep on denying the plantiff Access-to-the-courts contray to CPLR 2102 c so the plantiff do not recieve a favorable outcome in # 4445-2017 pendiong against him after the June 19 20-18 was forwarded to all three of tyhem, the plantiff two April 3 2018 article 78's forwarded to 27 Madison Avenue would have gotten commenced and the plantif possible released shortly after, the plantiff's June 20 2018 Article 78 forwarded to 27 Madison Avenue would have gotten commenced and the plantiff possibly released from unlawful custody shortly after, and the plantiff July 11 2018 Article 78 f orwarded to 27 Madison Avenu would have gotten commenced and the plantiff possibly released shortly after.

Plantifff request an amount this court deems just and proper agai
nst def's Luara.A.Ward, Nicholas Barnes and Margaret Sowah for C
ompensatory, Punitive and nominal damages Pursuant to 1988 and re
asonable Attorney fees.
30th Cause of Action.
Conspiracy Claim against def's Herbert Moses, ADA John Doe, Darke
h, David Simon, Sergeant Frazier, Jane and John Does' inthier ind
ividual capacities Pursuant to 42 USCS 1983.

(1)Def's Simon, Frazier, Jane and John Does conspired with def's
Moses, Darkeh and ADA John Doe to deprive the plantiff of his Con
stitutional Right not to be deprived of Liberty on the basis of f
alse evidence fabricated by a Goverment officer in its investigat
ive capacity(2)On 9-26-2017 and 10-4-2017 when def's Darkeh, Mose
s and ADA John Doe read the complaint that def's Simon, Frazier,
Janer and John Doe's used to arrest the plantiff, def's Moses, Da
rkeh and ADA John Doe knew that since there is no device in any t
rainstation where a person can be on duty and look thru and see t
he station, def's Simon, Frazier and Jane and John Doe's fabricat
ed the complaint just so they can complete an unconstitutional ar
rest and have the plantiff prosecuted on that fabrication and tha
t was the proximate cause of the plantiff constitutional injuries
because if it wasn't for def's Darkeh, Moses and ADA John Doe not
wanting to uphold the laws just because the plantiff is black with p
riors in eastbroadway trainstation, the plantiff would have never
gotten remanded to the Dept of Correetions, the plantiff would ha
ve never gotten prosecuted on that fabrication, and that fabricat
ion would have never gotten presented to the Grand Jury Pursuant
to CPL 170.20 causing this action to commence.

Plaintiff request anamount this court deems just and proper agains
t def's Darkeh, Herbert Moses, ADA john Doe, Sergeant Frazier, Da
vid Simon and Jane and John Doe's for Compensatory, Punitive and
Nominal damages Pursuant to 42 uscs 1983 and reasonab;le Attorney
fees.

31th cause of Action.

Conspiracy Claim against def's Yosha Gunasekera, Yosha Gunasekera 's Supervisor, ADA John Doe and Herbert Moses Pursuant to 42 USCS 1985(3) in thier individual capacities.

(1)JUst because the plantiff is black, def's Moses and ADA John D oe conspired with def Gunasekera and her Supervisor(2)to impeded the prosecution of the misdemeanor charges after reduction from f elonies(3)with purposeful intent to deny the plantiff his Equal P rotection to not have the felony charges restored after CPL 180.5 0 3 D, pursuant to CPL 170.20(4)so all four conspirators put in a n illegal application for CPL 170.20 knwing that laws very lanqua ge applies only to cases that originate as misdemeanors(5)so on 1 0-17-2017, CPL 170.20 was illegaly granted by def Moses and on 11 -20-2017 according to Supreme Court Parts Tap A and 71, one felon y charge of 145.20 was restored with an extra count of 145.20 add ed and the plantiff was deprived of exercising his Equal Protecti on Right not to have the felonies restored like whites asnd that was the proximater cause of the plantiff's injuries that caused t his action to commence.

Plaintiff request an amount this court deems just and proper again st def's Yosha Gunaskera, Yosha Gunaskera's Supervisor, ADA John Doe and Herbert Moses for Compensdatory, Punitive andNominal dama ges Pursuant to 1983 ANd reasonable Attorney fees.

32nd Cuase of Action.
Negligence Legal Malpractice Claim against def Adam Silverstien P ursuant to 28 USCS 1367(A) in his individual capacity.
(1)Def Adam Silverstien was the plantiff's Attorney from Nov 8 20 18 until #4445-2017 finally was disposed of, and, def Silverstien never challenged by oral and written motions that his client Cory Reid was not indicted, and do not have a Grand Jury Indictment, t hat CPL 170.20 should not have gotten instituted in 2017NY050276 because his client case originated as felonies, and the exc;lusio nary Rule must be given to his clienty because of how the plantif f's arrest and video came about and that was the proximate cause of the plantiff injuries that caused this action to commence.

Plantiff request an amount this court deems just and proper again
st def Adam Silverstien for compensatory, Punitive and nominal d
amages Pursuant to 28 USCS 1367(A) and reasonable Attorney fees.


63rd Cause of Action.
Conspiracy Claim against def's Cyrus. R. Vance Jr and Ann. M. Don
nelly in thier individual capacities Pursuant to 42 USCS 1983 and
Bivens.
(1)In the Southern District of ANew York(28 USCS 1391 B2)where de
f's Vance and Donnelly knew Fraudulent Indictment #4445-2017 was
Pneding against the plantiff, and where the District Attorney's o
ffice of the County of New York is located, from there(Dist. Att.
Office)def Cyrus. R. Vance Jr conspired with def Ann.M.Donnelly i
n the Eastern District of New York where def's Donnelly and Vance
knew the plantiff was being unlawfully detained and where 18 cv 4
066AMD was pending against the District Attorney's office of the
County of New York challenging the plantiff's unlawful incarcerat
ion in the District Court of E.D.N.Y, from there(Distric Court of
EDNY)to deprive the State and the plantiff of its and his Right t
o Access-the-Courts when def Donnelly persuaded def vance Jr on A
ug 15 2018 not to defend the State by convincoing him not to hire
a Licensed Attorney to defend the allegations the plantiff made i
n 18 cv 4066AMD claiming the District Attorney's Office of the Co
unty of New York was illegally detaining him interfereing with the
State and the plantiff's efforts to pursue a legal claim and that
same non wanting to advocate for the State and unconstitutional c
onduct against the plantiff, deprived the State of Due Process of
Law and the plantiff of Liberty without Due Process of Law, since
the process that was Due to the State and the plantiff concurrent
when the Petition marked 18 cv 4066 AMD was forwarded to the Dist
rict Attorney's Office of New York was to hire a licensed Attorne
y to defend the allegations not listen to def Donnelly and hold o
ut on the Petition so it can become Moot and the State Judge and
Prosecutor can take the plantiff to an illegal Trial on a felony
Penal Law that they know is just a misdemeanor without a Grand Ju
ry indictment and that was the proximate causae of the plantiffds
injuries that caused thisd actionto commence.

Plantiff request an amount this court deems just and proper again st def'ds Ann.M.Donnelly and Cyrus.R.Vance Jr for Compensdatory, Punitive and Nominal damages Pursuant to 42 USCS 1983 and Bóvens and reasonable Attorney fees.

34th Cause of Action.
Conspiracy Claim against def's Johnathan Pine, Martin Bowe ANd An n.M.Donnelly inthier individual capacities Pursuasnt to 42 USCS 1 983 and Bóvens.

(1)In the Southern District Of New York(28 USCS 1391 B2)where 100 Church Street is located and def's Pine and Bowe are employed, fr om there def's Pine and Bowe conspired with def Donnelly in the E astern District of New York where 18 cv 4066AMD was pending again st the District Attorney's Office of New York County(28 USCS 1391 B2)and where the plantiff was being unlawfully incarcerated to de prive the plantiff of his Due Process Rioght to an impartial Trib unal in a Civil Case 18 cv 4066AMD and they did deprive the plant iff of his Due Process Right to an impartial Tribunal when def's Pine and Bowe requested an adjournment on 10-25-2018 for def Donn elly because Donnelly asked them to because of the Oct 12 2018 le tter the plantiff qwrotye to def Donnelly saying in relevant paer t that she was trying to hold out on the Petition until the plant iff gets unduly convicted by def's Scherzer and Barnes and since def Donnelly did not want the plantiff to think that she was tryi ng to hold out on the Petition becaquse she actually was, she wan ted def's Pine and Bowe to help her request an adjournment so she can grant it and def Vance Jr can now hire an Attorney and that w as the proximate cause of the plantiff's Constutitional injuries that caused this action to commence detaining the plantiff on a c onspiracy.

Plantiff request an amount this court deems just and proper again st def's Johnathan Pine, Martin Bowe aNd Ann.M.Donnelly for Compe nsatory, Punitive and Nominal damages Pursuant to 1983 and Bivens and reasonable Attorney fees.

35th cause of Action.
Conspiracy Claim against def's ADA john Doe for #4445-2017, Ann S
cherzer and Adam Silverstien in thier individual capacities Pursu
ant to 42 USCS 1983.

(1)Def Silverstien conspitred with def's ADA John Doe for #4445-2
017 and Scherzer to deprive the plantiff of his Right to have Cou
sel(Since the Right to Counsel, is the Right to effective assista
nce of Counsel)(2)When def Silverstien got hired by def Scherzer
prior to or on Nov 8 2018, def Silversatien was told by def's Sch
erzer asnd ADA John Doe for #4445-2017 not to Assist in any of th
e plantiff meritwed contentions and def Silverstien agreed with d
ef's Scherzer and ADA John Doe for #4445-20187, because to this v
ery day of the typing of these words in this complaint, def Silve
rstien never argued for the plantiff orally nor written by moions
that his client Cory Reid never got indicted, CPL 170.20 did not
apply to his client Cory Reid's case(2017NY050276)and the exclusi
onary Rule applied in his client Cory Reid's case(4445-2017) and
that was the proximate cause of the plantiff constitutional injur
ies that caused this action to commence.

Plantiff rerquest an amount this court deems just and proper agai
st def's Ann Scherzer, ADA John Doe for #4445-2017 and Adam Silve
rstien for Compensatory, Punitive and Nominal damages Pursuant to
42 USCS 1983 and reasonable Attorney fees.

36th Cause of Action.
Action for neglect to Prevent Conspiracy against def Yosha Gunase
ra's Supervisor Pursuant to 42 USCS 1986.

On 10-17-2017, def Supervisor had knowledge that an illegal appli
cation was being put in for CPL 170.20 against the plantiff, def
Supervisor had the Lawful power to prevent the application by tel
ling his subordinate to argue the samer for her client Cory Reid,
and, since def Supervisor did not do the same, that proximately c
aused this action to commence.

Plantiff request an amount this court deems just and proper again
st def Supervisor for Compensatory, Punitive and nominal damages
and reasonable Attorney fees.

*__Civil Procedure > Remedies > Damages > General Overview__*

*__Education Law > Civil Liability > Defamation__*

*__Torts > Intentional Torts > Defamation > Defamation Per Se__*

When a plaintiff seeks compensation for an injury that is likely to have occurred but difficult to establish, some form of presumed damages may possibly be appropriate. Presumed damages may roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be impossible to measure.

*__Torts > Intentional Torts > False Imprisonment > General Overview__*

*__Torts > Damages > General Overview__*

*__Civil Procedure > Remedies > Damages > Special Damages__*

*__Torts > Damages > Compensatory Damages > General Overview__*

*__Torts > Damages > Compensatory Damages > Pain & Suffering > Emotional & Mental Distress > General Overview__*

*__Torts > Intentional Torts > False Imprisonment > Remedies__*

KERMAN v. CITY OF NEW YORK, 374 f.3d 93;UNITED STATES COURT OF
A APPEALS FOR THE SECOND CIRCUIT.

(Excessive Force claims require 'serious or harmful' - not 'de mi nimis' - use of force. 'Bisway v. City of New York, 973 F. Supp. 2d 504, 529(S.D.N.Y.) 2013).

37th Cause of Action.
Excessive Force Claim analyzed under the Fourth Amendment of the U.S Const. against def's Phoenix and John Doe(Arresting Officer) Pursuant to 42 USCS 1983.

(1) The M.D. at Bellvue Hospital affirmed that she felt tedderness in the plantiff's neck (2) from when def Phoenix aggresively put the plantiff's head down with force in the police van while the plantiff was rear cuffed and schackled, and, then, def John Doe subsequently put the plantiff in a cholkhold by putting his arm around the plantiff's neck(Aggravating phoenix's use of force)(3)and both def's did that(used force that was not needed)becuase the plantiff spit at def John Doe(Arresting officer) in Bellvue Hospital and that was the proximate cause of the plantiff's Fourth Amendment injuries that caused this Action to commence.

Plantiff request anamount this court deems just and proper against def's Phoenix and John Doe 'Jointly and severally' for Compensatory, Punitive and Nominal damages Pursuant to 42 USCS 1983 adn reasonable Attorney fees.

38th Cause of Action.
Failure to Intervene Claim against def Ghegan in his individual capacity Pursuant to 42 USCS 1983.

(1)Def Ghegan heard the plantiff saying 'get off of my neck' I ca 't breathe 2x, because def Ghegan could hear through the glass that separate's the driver from the passager detainee's, so def Ghegan could have stopped the van, got out of drivers side, and, immediately stopped def Phoenix, and, def John Doe would have never choked the plantiff subsequenbtly(2)any police officer would know that if a police officer put someone's head down with force and putting that person in a cholkhold while he was rear cuffed and schackled is in violation of they constitutional Right under the Fourth Amendment to be free from Excessive Force(3)Def Ghegan did nothing to stop def's Phoenix which would have eliminated def John Doe's use of force

in fact, when def Ghegan heard 'get off of my neck I can't breath e' 2x through the glass thast separate's the driver from the pass ager detainee's, dedf  Ghegan kept on driving and that was the pr oximate cause of the plantiff constitutional injuries because if it wasn't for def Ghegan not wanting to stop driving by pulling o ver to stop def's Phoenix and John Doe because def Ghegan knew th at def's Phoenix and JohnDoe was using excessive force on the pla ntiff spit at def John Doe in Bellvue Hospital this action wouldn ot have gotten commenced.

Plantiff request anamount this court deems just and proper agains t def Ghegan for Compensatory,Punitive and Nominal damages Pursua nt to 42 USCS 1983 and reasonable Attorney fees.

39th Cause of Action.

Excessive Force Claim analyzed under the Fourth amaadment of the U.SCOnstitution against def's Sergeant Frazier and David Simon in thier individual capacities Pursuant to 42 USCS 1983.

(1)The plantiff's lower back was hurt from the rear cuffs(2)which resulted directly and only from when def's Frazier and Simon push ed the plantiff in van so the plantiff can stop asking them who s aw him swipe someone thru a turnstile(3)def's Simon and Frazier d id not care, they just wanted the plantiff indise of van so they can transport the plantiff to  central bookings for crimes they n ever saw the plantiff commit and that was the proximate cause of the plantiff oonstitutional injuries that caused this action to c ommence.

Plantiff request anamount this court deems just and proper agains t def's Sergeant Frazier and David Simon for Compensatory, Puniti ve and Nominal damages Pursuant to 42 USCS 1983 and reasonable At torney fees.

40th Cause of Action.

Excessive Force Claim analyzed under the Fourth Amendment of the U.S. Constitution against def's Cheyenne Snavely and Transporting Officer Phoenix in thier individual capacities Pursuant to 42 USC S 1983.

(1)The plantiff's under arms got burned(2)from def's Snavely and Phoenix twisting a bedsheet into the air over the plantiff while he was laying in the Hospital bed waitring for treatment from def 's Snavely and Habboushe in Bellvue Hospital emergency Room and def's Phoenix aND Snavely tied the bedsheet along the plantiff's under arms because the plantif arms was cuffed separately apart f rom eachotyher and def's Snsavely and Phoenix tied the bedsheet t o the front of the bottom of the bedfpost where the plantiff was laying waiting for treatment while double shaakled(3)and def's Sn avely and Phoenix only intentionally burned the plantif's undeer arms because he is black and spit at def John Doe in front of the m and that was the proximate cause of the plantif constitutional injuries that caused this action to commence.

Plantiff request anamount this court deems just and proper agains t def's Cheyenne Snavely and Officer Phoenix for Compensatory Pun itive and Nominal damages Pursuant to 42 USCS 1983 and reasonabkl e Attorney fees.

41th cause of Action.

Excessive Force Claim analyzed under the Fourth Amendment fo the U.S.Constitution against def John Doe Arresdring officer in his Individual capacity Pursuant to 42 USCS 1983.

(1)The plaintiff fell on ground and almost hit his mouth from van Ledge(2)beBause def AJohn Doe was pulling the plantiff closer to get out of van at 14th Street while the plantiff was rear cuffed and schackled(3)all def John Doe had to do was help the plantiff out of the van nice and slow and thatwas the proximate cause of t he plantiff's Constitutional injuries that caused this action to commence, and the 42nd cause of Action as well.

42nd Cause of Action.

Excessive Force Claim analyzed under the Fourth Amend ment of the U.S.Constitution  against def's John Doe, Ghegan and Phoenix in thier individual capacity Pursuant to 42 USCS 1983.

(1)While the plantiff was rear cuffed and schackled, the plantiff was carried uipside down stpps being transported to precint at 14 th Street Union Square and was ultimately dropped on his back in Precint(2)def's John Doe, Ghegan and Phoenix carried the plantiff upside down steps andf droped the plantiff on his back inside of Precint(3)all def's John Doe, Phoenix and Ghegan had to do after John Doe pulled the plantiff from van ledge making the plantiff f all on the ground, was pick the plantiff up so that the plantyiff can stand up straight and carefully walk the plantiff down steps, since they all knew that the plantiff was rear cuffed and schackl ed and then take the plantiff inside of precint walking and that ]was the proximate cause of the plantiff injuries causing this ac tion to commence.

Plantiff request anamoiunt this court deems just and proper again st def John Doe for Compensatory, Punitive and Nominal damages fo r the 41th cause of Action and reasonable Attorney fees. And an a mount thos court deems just and proper against def' john Doe, Pho enix and Ghegan for Comp½ensatory, Punitive and nominal damages P ursuant to 42 USCS 1983 and reasonable Attorney fees.

(The standard of outrageous conduct is 'strict,' 'rigoroud' and' difficult to satisfy.' However, that is not the case when there is a deliberate and Malicious campaign of Harassment or intimidat ion. Additionally, the optrageous nature of the conduct can be es tablished when it arises from the abuse of a position of power. S collar v. City of New York, et al, 2018 N. Y. App. div. LEXIS 189 5 SUPREME COURT OF THE STATE OF NEW YORK, APPEALLATE DIVISION, FI RST DEPARTMENT).

84

43rd Cause of Action.

Intentional Infliction Of EmotonaL Distress Claim against def Mar
garet Sowah in her individual capacity Pursuant to 28 USCS 1367(A
).

(1)The plaintiff forwarded to def Sowah the April 3 2018 Article 7
8 Petitions Two times after the first Initial time to App Term, F
irst Dept, Clerk of Court for initial filing Pursuant to CPLR 210
2c(2)after def Sowah illegally and contrary to CPLR 2102c forwaer
ded back to the plantiff the April 3 2018 Petitions, when the Pla
ntiff lawfully forwarded them back on May 9 2018, def Sowah made-
believed she filed them and the third time, def Sowah just ignore
d the Petitions after the plantiff asked her to file them on JUne
22 2018(3)def Sowah is the Deputy Clerk at the App Term, First De
pt(4)to this very day of the typing of these words in this cause
of Action, the plantiff is streuggling to endure that def Sowah s
till did not commence his Petitions as required by CPLR 2102c.

Plantiff request anamount this court deems just and proper agains
t def Margaret Sowah for Compensatory, Punitive And Nominal damag
es Pursuant to 28 USCS 1367(A) and reasonable Attorney fees.


44th Cause of Action.

Medical Malpractice Claim against def's Cheyenne Snavely and Jose
ph Habboushe Pursuant to 28 USCS 1367(A).

Pursuant to the reasonable care standard for doctors, def's Snave
ly and Habboushe refused to provide the plantiff with any medical
attention(treatment), even after assaulting the plantiff, and usi
ng force on the plantiff that was not needed and that was the pro
ximate cause of the plantiff injuries causing this action to comm
ence because if it wasn't for def's Snavely and Habboushe not pro
viding medical attention to the plantiff because they thought tha
t it might help a potential Civil suit against the plice that arr
ested him this action would not have commenced.

PLantiff request ana mount this court deems just and proper again
st def's Cheyenne Snavely and Joseph Habboushe in thier individua
l capacities for compensatory,Punitive and Nominal damages Pursua
nt to 28 USCS 1367(A), and reasonable Attorney fees.

45th Cause of Action.
Substantyive Due Process Claim against defds Laura.A.Ward and Nic
holas Barnes in thier individual capacities Pursuant to 42 USCS 1
983.

While having no jurisdiction nor any colorable claim of Authority
def's Barnes and Ward decided together not to entertain the plant
iff's Pre-Trial sub 1 subsec A and H part of that motion on its m
erits in thier decision and orddeer dated March 14 2018 is becaus
e they would have had to release the plaintiff from unlawful custo
dy and that conduct from def's Ward and Barnes 'Schocked the Cons
cience' of the Courts making that conduct oppresive in its nature
and interfered with rights implicit in the concept of ordered lib
erty thereby causing this action to commence.

PLantiff request an amount this court deems just and proper again
st def's Laura.A.Ward and Nicholas Barnes for Compensatory, Punit
ive and Nominal damages and reasonable Attorney fees.


46 cause of Action.
Substantive Due Process Claim against def's Ann  Scherzer and Cle
rk of Court Part Tap A in thier individual capacities Pursuant to
42 USCS 1983.
while aiding and abetting eachother in the Commission to wúllfull
y deprive the plantiff of his Substantial Right to be free from a
rbitrary Action from a Goverment Officer, the same was actually a
ccomplished on Aug 27 2018 by def's Clerk of Court Part Tap A and
Scherzer when def Scherzer asked def Clerk of Court Part Tap A to
hand her the indictment?(so she can lie to the plantiff about bei
ng indicted,)and, def Clerk of Court Part TapA subsequently hande
d to def Scherzer those two Papers Part &1 handed to the plaintiff
on 12-4-2017 'knowing that what she handed to def Scherzer was no
t an indictment because she knew that the AGrand Jury on 11-20-20
17 necver indicted the plantiff because of what the plantiff told

them about CPL 170.20, but def Clerk of Court Part Tap A kept tha
t quiet with def Scherzer because if they mentioned it, agreeing
with the plantiff's argument, they would have had to release the
plantiff from unlawful custody and that Schocked the Conscience
of the courts and interfered with Rights implicit in the concept
of ordered Liberty making believe the plantiff is indicted so the
y can take him to an unlawful Trial causing this action to commen
ce.

PLantiff request an amount this court deems justr and proper agai
nst def's Clerk of Court Part Tap A and Ann Scherzer for Compensa
tory, Punitive and Nominal damages Pursuant to 42 USCS 1983 plus
reasonable Attorney fees.

47th Cause of Action.

Substantive Due Process Claim against def's Ann Scherzer and Nich
olas Barnes in thier individual capacities Pursuant to 42 USCS 19
83.

While having no jurisdiction nor any colorable claim of Authority
def's Scherzer and Barnes decided to deny the plantiff's Aug 18 2
018 motion without a decision and Order because they did not want
to do what def's Barnes and Ward did in thier decision and Order,
but def's Barnes and Scherzer did not weant to dismiss the video
accusation to release the plantiff from illegal custody and that
conduct from def's Barnes and Scherzer 'Schocked the Conscience'
of the Courts and interfered with ARights implicit in the concept
of ordered Liberty thereby causing this Action to commence.

Plantiff request ana mount this court deems just and proper again
st def's Ann Scherzer and Nicholas Barnes for Compensatory, Punit
ive and Nominal damages Pursuant to 1983 and reasonable Attorney
Fees.

48th cause of Action.

Clear Absence of all jurisdiction Claim against def ADA John Dpoe for #4445-2017 analyzed under the Due Process Clause of the Fourt eenth Amendment of the US. Const in his individual capacity Pursu aNT to 42 USCS 1983.

On Nov 8 2018, in Supeeme Court Part Tap, def ADA John Doe for #4 445-2017 put on record that he was releiving def Nicholas Barnes so he can prosecute indictment number 4445-2017, and from the fil es def ADA John Doe for #4445-2017 rtecieved from def Barnes, def ADA John Doe for #4445-2017 knew that the plantiff never got indi cted on 11-20-2017, and he also knew that he had no colorable Cla im to prosecute the plantiff without a Grand Jury indictment but dedf ADA John Doe for #4445-2017 still teamed up with def Ann Sch erzer anyway to prosecute the plantiff on the video Accusation th ey got from dfef Ward, and dfef Ward recieved the video accusatio n from def's Moses, Gunasekera, Supervisor and ADA John Doe and t hat was the proximate cause of the plantiff injuriesw causing thi s action to commence because if it wasn't for def ADA John Doe fo r#4445-2017 not caring about having no Authoruity to prosecute th e plantiff and prosecuing the plantiff without Authpority this ac tion would not have commenced.

Plantiff requerst an amount this court deems just and proper agai nst def ADA JOhn Doe for #4445-2017 for Compensatory, Puntive and Nominal damages Pursuant to 42 USCS 1983 and reasonable Attorney fees.

49th cause of Action.
Conspiracy Claim Pursuant to 42 USCS 1983 and Bivens against def' s Ann.M.Donnelly, Cyrus.R.Vance Jr and Eleanor.J. Ostrow in thier individual capacities.
Def's Eleanor Ostrow and Cyrus R.Vance Jr, your connceted with ea chother in the Sothern District of ANew York(28 USCS 1391 B2),One Hogan PLace, where the District Attorney's Office of the County o f New York is located, and where #4445-2017 was pending against t he plantiff, from therer(Dist.Att.Office of the County of Ny)

your two conspired with def Ann.M.Donnelly in the Eastern Distric
t of New York, where Civil case 18 cv 4066AMD was pending against
the District Attorney's Office of the County of New York, and whe
re the plantiff was being illegaly detaindd challenging that ille
gal detention with 18 cv 4066AMD to and did deprive the plantiff
of his Due Process Right to an impartial Tribunal in a civil case
when def Ostrow listened to def Vance because def Ostrow knew def
Donnely told def Vance to tell an Attorney to file an Appearanme
of Counsel with the Court Pursuant to 18 cv 4066AMD 77 days later
since the Amended Order to Show Cause went out to the District At
torney's Office of the County of Nerw York against def Cyrus.R.Va
nce Jr, because def Donnelly told Vance that the plantiff wrote h
er a letter dated Oct 12 2018 saying she was trying to hold out o
n the Petition until the plantiff gets unduly convicted proximate
ly causing this action to commence.

Plantiff request anamount this court deems just and proper agains
t def's Ann.M.Donnelly, Cyrus.R.Vance Jr and Eleanor Ostrow for C
OMPENsatory, Punitive and Nominal damages and reasonable Attorney
fees.

50th Cause of Action.
Unlawful search and seizure Claim analyzed under the Fourth Amend
ment of the U.S.Const against def's David Simon, Sergeant Frazier
, Jane AND John Doe's in thier  individual capacities Pursuant to
42 USCS 1983.

On 9-25-2017, in the County of New York,on Madison and Rutgers st
reets, def's Simon, Frazier, Jane and John Doe's all just grabbed
the plantiff's hands and stated 'freeze you under arrest' without
knowing if the plantiff actually committed a crime that day and t
hen serarched the plantiff and that was the proximate cause of th
e plantiff's injuries that kept the plantiff incarcerated for fif
theen Months.

Plantiff request anamount this court deems just and proper agsain st def's David Simon, Sergeant Frazier, Jane and John Doe's for C ompensdatory, Punitive and Nominal damages Pursuant to 1983 and r easonaBLE ATTOrney fees.

51th cause of Action.
False Imprisonment Claim against def's Sergeant Frazier and David Simon under the Fourteenth Amendmnet of the U.S.Const Pursuant to 42 USCS 1983.

(1)David Simon and Sergeant Frazier stated in Criminal Court Comp laint that they watched thru videosurviellance the plantiff inser t a piece of paper ointo an opening of a MVM, then approached two people to speak to them, then went and attempted to open up the s ervice gate and when that did not work, the plantiff swiped those two peole thru a turnsatile with a mertocard.(2)The plantiff wwas detained on that evidence for 15 months and that was the proximat e cause of the plantiff Constitutional injuries that caused this action to commence.

Plantiff request anamount this court deems just and proper agains t def's David Simon and Sergeant Frazier in thier individual capa cities for compendsatory, Punitive and Nominal damages Pursuant t o 42 USCS 1983 and reasonable Attorney fees.

Plantiff request ana amount this court deesm Just and Proper agai
nst def Margaret Sowah for Compendsatory and Punitive damages.

42nd Cause of Action. 52nd cause of Action,

Intentional Infliction of Emotional Distress Claim against def's
Margatret Sowah, Susanna Molina Rojas and A.Ortiz pursuant to 28
USCS 1367 A.

(1)The plantiff kept on forwarding letters and Affidavits to def'
s asking and telling them to file his July 11 2018 Article 78 Pet
ition he forwarded to the App Term, First Dept certified mail(2)
they were just ignoring his letters and affidavits(3)all three of
them are clerks at the App Term, First Dept(4)to this very day of
the typing of these words in this cause of Action, it is hared fo
r the plantiff to endure that the def's still did not commence hi
s July 11 2018 Article 78 Petition as required by CPLR 2002(c) an
d that was the proximate cause of the plantiff injuries that caus
ed this action to commence.


43rd Cause of Action.

Medical Malpractice Claim against def's Cheyenne Snavely and Jose
ph Habboushe Pursuant to 28 USCS 1367 A.

Pursuant to the reasonable care standfard care for doctors, def's
Snavely and Habboushe refused to provide the plantiff with any me
dical treatment, even after assaulting him, and, using force on h
im that was not needed and that was the proximate cause of the pl
antiff's injuries that caused this action to commence.

Plantiff request anamount this court deesm Just and proper agains
t both defendants Jointly and severally for Compensatory and Puni
tive damages Pursuant to 28 USCS 1367 A.

***Torts > Damages > Punitive Damages > General Overview***

***Civil Procedure > Remedies > Damages > General Overview***

***Civil Procedure > Remedies > Damages > Punitive Damages***

***Torts > Damages > Punitive Damages > Conduct Supporting Awards***

Punitive damages are awarded in tort actions where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime. Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton.

John Prozeralik v. Capital Cities Communications, Inc., 82 N.Y.2
d 466; COURT OF APPEALS OF NEW YORK.

***Torts > Negligence > Causation > Proximate Cause > General Overview***

***Civil Rights Law > Section 1983 Actions > Elements > Causal Relationship***

Tort defendants, including those sued under 42 U.S.C.S. § 1983, are responsible for the natural consequences of their actions. Thus, an actor may be held liable for those consequences attributable to reasonably foreseeable intervening forces, including the acts of third parties. The fact that the intervening third party may exercise independent judgment in determining whether to follow a course of action recommended by the defendant does not make acceptance of the recommendation unforeseeable or relieve the defendant of responsibility.

***Civil Procedure > Trials > Jury Trials > Jury Instructions > General Overview***

KERMAN v. CITY OF NEW YORK, 374 f.3d 93; UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT.

93

**Certification and Closing.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint:(1)is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2)is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;(3)the factual contentions have evidentiary support or, if specifically so indentified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and(4)the complaint otherwise complies with the requirements of Rule 11.

I, Cory Reid, declares under penalty of Perjury that everything is true and correct.

Date of Signing:_____1-7-2019_____

Signature of Plantiff:_____

Printed Name of Plantiff:___CORY Reid_____

Address of PLantiff:___240 Madison street #2 D, NY NY 10002___

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK          MISDEMEANOR

-against-

Cory Ried (M 37),

Defendant.

Police Officer David Simon, Shield 4429 of the Transit Division District 4, states as follows:

*The defendant is charged with:*

| 1 | PL 145.00(1) | Criminal Mischief in the Fourth Degree (defendant #1: 1 count) |
| 2 | PL 145.15 | Criminal tampering in the second degree (defendant #1: 1 count) |
| 3 | 21 NYCRR 1050.4(c) | Unlawful Sale or Reproduction of a MetroCard (defendant #1: 1 count) |
| 4 | 21 NYCRR 1050.6(b)(2) | Unlawful Solicitation in the Subway (defendant #1: 1 count) |

On or about September 25, 2017 at about 12:48 P.M., in the subway station at East Broadway & Rutgers Street in the County and State of New York, the defendant intentionally damaged property of another while having no right to do so nor any reasonable grounds to believe that he had such a right; the defendant, having no right to do so nor any reasonable ground to believe that he had such right, he and she tampered and made connection with property of a gas, electric, sewer, steam and water-works corporation, telephone and telegraph corporation, common carrier, nuclear powered electric generating facility, and public utility operated by a municipality and district; the defendant sold, provided, copied, reproduced and produced and created a version of fare media and authorized access to and use of the facilities of the New York City Transit Authority without written permission and authority; the defendant solicited money and payment for food, goods and services and panhandled and begged upon a transit facility and conveyance without authorization by the Transit Authority.

*The factual basis for these charges are as follows:*

I observed, through video surveillance, the defendant insert a piece of paper into an opening of the MetroCard vending machine (MVM), which damaged the MVM. I know that the defendant's actions damaged the MVM because, before the defendant walked away the MVM displayed a green light, indicating that the machine was fully operable, and after

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK                 MISDEMEANOR

-against-

Cory Ried (M 37),

                                          Defendant.

the defendant inserted the paper and walked away from the MVM, the MVM displayed a yellow light. Based on my training and experience as a police officer working in the Transit Division, I know that MVMs are not fully operable when the yellow light is displayed.

As a member of the New York Police Department, I am a custodian of the MVM and the defendant did not have permission or authority to tamper with or to damage the MVM.

I then observed the defendant standing in front of the MVM and observed him approach and speak to two people. I observed the defendant walk to the emergency exit gate and attempt to pull open the gate. I then observed the defendant approach the turnstile and swipe a MetroCard at the turnstile twice, allowing the two people through the turnstiles.

As a member of the New York Police Department, I am a custodian of the subway system and the defendant did not have permission or authority to solicit in the subway station or swipe people through the turnstiles.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_____          9/25/17      2089
Police Officer David Simon                Date        Time

97

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PT. 71  DEC 04 2018

........................................................

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CORY RIED,

                                    Defendant.

........................................................

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the

defendant of the crime of **CRIMINAL TAMPERING IN THE FIRST DEGREE**, in violation of

Penal Law §145.20, committed as follows:

The defendant, in the County of New York, on or about September 25, 2017, with intent to

cause a substantial interruption and impairment of a service rendered to the public, and having no

right to do so nor any reasonable ground to believe that he had such right, damaged and tampered

with property, to wit, a MetroCard vending machine, of a gas, electric, sewer, steam and water-

works corporation, telephone and telegraph corporation, common carrier, nuclear powered electric

generating facility, and public utility operated by a municipality and district, and thereby caused

substantial interruption and impairment of service.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant

of the crime of **CRIMINAL TAMPERING IN THE FIRST DEGREE**, in violation of Penal Law

§145.20, committed as follows:

The defendant, in the County of New York, on or about September 25, 2017, with intent to

cause a substantial interruption and impairment of a service rendered to the public, and having no

right to do so nor any reasonable ground to believe that he had such right, damaged and tampered

with property to wit, a second MetroCard vending machine of a gas, electric, sewer, steam and

water-works corporation, telephone and telegraph corporation, common carrier, nuclear powered

electric generating facility, and public utility operated by a municipality and district, and thereby

caused substantial interruption and impairment of service.

                              CYRUS R. VANCE, JR.
                              District Attorney

An indictment will be found jurisdictionally defective
if the acts it accuses defendant of committing. Simply
do not constitute a crime.

---

**The People of the State of New York, Plaintiff, v. Wayne D. King., Defendant**
**District Court of New York, First District, Nassau County**
**137 Misc. 2d 1070; 523 N.Y.S.2d 390; 1987 N.Y. Misc. LEXIS 2764**

**[NO NUMBER IN ORIGINAL]**
**December 15, 1987**

---

**CASE SUMMARY**





**PROCEDURAL POSTURE:** The people brought a motion for an order restoring the present action in order to allow it to reprosecute the case against defendant on the original felony charge of violating N.Y. Penal Law § 155.30, grand larceny in the fourth degree. Once felony complaint of grand larceny in fourth degree was converted to misdemeanor offense of petit larceny, court was required to dismiss felony complaint. There was no statutory authority that allowed court to reinstate felony complaint.

**OVERVIEW:** Defendant was originally charged with a felony violation of grand larceny in the fourth degree under § 155.30, which was subsequently reduced to the class A misdemeanor offense of petit larceny under N.Y. Penal Law § 155.25. The court subsequently granted the people's application to dismiss the misdemeanor charge in order to further the interests of justice pursuant to N.Y. Crim. Proc. Law § 170.30(1)(g), and the accusatory instrument was dismissed. The people then brought a motion for an order to restore the previous action against defendant to allow them to reprosecute him on the original felony charge of grand larceny in the fourth degree. The court held that the people were permitted to reprosecute defendant on the misdemeanor charge of petit larceny, but not on the previous felony. Once the felony complaint was converted into the accusatory instrument, the court was required to dismiss the felony complaint pursuant to N.Y. Crim. Proc. Law § 180.50(3)(d). There was no statutory authority that allowed the court to reinstate the felony complaint after it had been dismissed upon conversion to the misdemeanor offense pursuant to N.Y. Penal Law § 180.50.

**OUTCOME:** The court allowed the people to reprosecute defendant on the misdemeanor charge of petit larceny, not the original felony charge of grand larceny in the fourth degree.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Pretrial Motions > Dismissal*



*Criminal Law & Procedure > Accusatory Instruments > General Overview*

*Criminal Law & Procedure > Accusatory Instruments > Dismissal*

*Criminal Law & Procedure > Pretrial Motions > Speedy Trial > General Overview*

*Criminal Law & Procedure > Jury Instructions > Requests to Charge*

*Governments > Courts > Judges*

*Governments > Legislation > Statutes of Limitations > General Overview*

The Criminal Procedure Law of New York fails to bar renewed prosecution of a misdemeanor charge that has been dismissed in the interest of justice upon the state's motion pursuant to N.Y. Crim. Proc. Law § 170.30(1)(g). This does not appear to be a legislative oversight because the legislature did provide for a bar to renewed prosecutions in other situations. N.Y. Crim. Proc. Law § 210.20 provides that reprosecution of an indictment is barred where the indictment has been dismissed due to immunity, double jeopardy, Statute of Limitations, and denial of speedy trial. N.Y. Crim. Proc. Law §§ 210.20(1)(d), (e), (f), (g), (h). However, N.Y. Crim. Proc. Law § 210.20(4) provides that where an indictment had been dismissed in the interests of justice, pursuant to N.Y. Crim. Proc. Law § 210.20(1)(i), a court may, upon application of the state, authorize the state to submit the charge to the grand jury. Accordingly, a superior court has the statutory authority to grant reprosecution of a felony charge where the indictment had been previously dismissed in the interests of justice.

*Criminal Law & Procedure > Pretrial Motions > Dismissal*

*Criminal Law & Procedure > Double Jeopardy > Attachment Jeopardy*

A district court should have the authority to grant reprosecution of an accusatory instrument on a misdemeanor charge where the accusatory instrument was originally dismissed in the furtherance of justice pursuant to N.Y. Crim. Proc. Law § 170.30. There is nothing in the Criminal Procedure Law of New York, which forbids the reinstatement of a misdemeanor prosecution. Furthermore, there is no double jeopardy involved since double jeopardy does not attach until a witness is sworn at trial. N.Y. Crim. Proc. Law § 40.30.

*Criminal Law & Procedure > Pretrial Motions > Dismissal*


106

The People shall be permitted to reprosecute the defendant on the misdemeanor charge of violating Penal Law § 155.25, petit larceny. However, the People are not permitted to reprosecute {137 Misc. 2d 1072} the defendant on the felony charge of violating Penal Law § 155.30, grand larceny in the fourth degree. In the instant case, the felony charge (Penal Law § 155.30) was reduced to a nonfelony charge (Penal Law § 155.25), by converting the felony complaint into a local criminal accusatory instrument pursuant to CPL 180.50 (2) (b) and (3). Once the felony complaint is converted into an accusatory instrument, the court must dismiss the felony complaint. ( CPL 180.50 [3] [d].) There is no statutory authority that allows the court to reinstate a felony complaint after the felony complaint has been dismissed upon conversion to a local accusatory instrument pursuant to CPL 180.50. (See, Matter of Campbell v Pesce, 60 N.Y.2d 165.)

Accordingly, the People are permitted to reprosecute the defendant on the misdemeanor charge of violating Penal Law § 155.25, petit larceny, but not on the previous felony charge of violating Penal Law § 155.30, grand larceny in the fourth degree. The Clerk of the Criminal Court is directed to restore the above-entitled action to the calendar.

THE PEOPLE OF THE STATE OF NEW YORK v. ROBERT NUNZIATA, Defendant.
CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK COUNTY, PART F
2001 N.Y. Misc. LEXIS 1006; 2001 NY Slip Op 40292U
Docket No. 2001NY063767
October 26, 2001, Decided

Notice:

THIS OPINION IS UNCORRECTED AND WILL NOT BE PUBLISHED IN THE OFFICIAL REPORTS.

Judges: A. Kirke Bartley, Jr., Judge of the Criminal Court

Opinion

Opinion by:    A. Kirke Bartley, Jr.

Opinion

DECISION AND ORDER

A. KIRKE BARTLEY, J.:

A felony complaint was filed against defendant charging him with criminal sale of a controlled substance in the fifth degree in violation of Penal Law § 220.31 and defendant was arraigned in criminal court on July 26, 2001. At the arraignment, the People filed Grand Jury notice pursuant to Criminal Procedure Law § 190.50. Defendant filed cross Grand Jury notice. Bail was set in the amount of $ 500 bond or cash. The case was then adjourned to July 30, 2001 which was the expiration of the time period that defendant may have been held in custody without either Grand Jury action or commencement of a hearing before his release pursuant to Criminal Procedure Law § 180.80.

On July 30, 2001, defendant was produced before the court with defense counsel and the People indicated that there was no Grand Jury action nor commencement of a preliminary hearing. The People then requested that the charge against defendant be reduced to the misdemeanor charge of criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03. The People further requested an adjournment to present the misdemeanor charge to a grand jury pursuant to Criminal Procedure Law § 170.20(2). The court permitted the reduction, but denied the People's application for an adjournment to present the misdemeanor charge to a grand jury pursuant to Criminal Procedure Law § 170.20(2). The following written decision elaborates upon the decision of the court.

The local criminal court must grant the People's application to adjourn the criminal court proceedings for a reasonable period of time to afford the People an opportunity to present a misdemeanor charge to a grand jury. People v. Butor, 75 Misc. 2d 558, 564, 348 N.Y.S.2d 89 (Dutchess County Court, 1973). Granting the motion is mandatory. People ex rel. Kehoe v. Harkness, 84 Misc. 2d 927, 376 N.Y.S.2d 992 (Supreme Court, Rensselaer County, 1975), affirmed 50 A.D.2d 1010, 376 N.Y.S.2d 950 (3d Dept 1975), appeal denied 40 N.Y.2d 809 (1977).

However, divestiture of local criminal court jurisdiction through the presentation of a misdemeanor charge to a grand jury pursuant to Criminal Procedure Law § 170.20 applies only to cases which originate as misdemeanors and not to cases which originate as felonies. People v. Lebron, 182 Misc. 2d 640, 642, 701 N.Y.S.2d 274 (Criminal Court of the City of New York, Kings County, 1999). In the present case, defendant was originally charged by felony complaint which the People reduced to a misdemeanor on defendant's release date pursuant to Criminal Procedure Law § 180.80. The People then immediately requested an adjournment pursuant to Criminal Procedure Law § 170.20 to present the misdemeanor charge to a grand jury. Since defendant's case originated as a felony, the People's request for an adjournment pursuant to Criminal Procedure Law § 170.20 must be denied.

If the court allowed a felony charge to be reduced to a misdemeanor and then permitted the People an adjournment to present the misdemeanor charge to a grand jury pursuant to Criminal Procedure Law § 170.20(2), the defendant's right to plead guilty to the charge in criminal court would be cut off. People v. Bouyea, 172 Misc. 2d 835, 837, 660 N.Y.S.2d 657 (Supreme Court, Kings County, 1997); see also People v. Barkin, 49 N.Y.2d 901, 428 N.Y.S.2d 192, 405 N.E.2d 674 (1980). The result is that a defendant is prevented from entering a plea agreement or going to trial in final disposition of the case before an indictment can be filed. Additionally, a defendant is incarcerated for both the Criminal Procedure Law § 180.80 and § 170.70 periods, and thereafter remains incarcerated. The limitation of Criminal Procedure Law § 170.20 to cases which originate as misdemeanor charges prevents the People from reducing felony charges to misdemeanor charges to avoid the release of a defendant pursuant to Criminal Procedure Law § 180.80 while the People seek an indictment. The court cannot sanction the practice of reducing felony charges to misdemeanor charges in an attempt to keep a defendant incarcerated in contravention of Criminal Procedure Law § 180.80 and to prevent a final disposition on the misdemeanor charges while the People seek an indictment on the originally alleged felony

102

# New York State Unified Court System

**Case Details - Charges**

| | |
|---|---|
| Court: | New York Supreme Court - Criminal Term |
| Case #: | |
| | |

← 4445-2017

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| PL 145.20 00 **TOP CHARGE** | D Felony, 2 counts, Arrest charge, Not an arraignment charge | |
| | Description: Criminal Tampering-1st Degree | |
| | Indictment Count: 1 | |
| PL 145.20 00 | D Felony, | |

↑

one of the Criminal Charges the plantiff
Read at Central Bookings, Same Criminal
Charge in Supreme Court part 71.

# New York State Unified Court System

## WebCriminal

### Case Details - Charges

| CASE INFORMATION | |
|---|---|
| Court: | New York Criminal Court |
| Case #: | 2017NY050276 |
| Defendant: | Ried, Cory |

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| TAR 1050.6B 02 | Violation, 1 count, Not an arrest charge, Arraignment charge | |
| | Description: | |
| PL 145.15 00 **TOP CHARGE** | A Misdemeanor, 1 count, Not an arrest charge, Arraignment charge | |
| | Description:    Criminal Tampering-2nd | |
| TAR 1050.4C 00 | Violation, 1 count, Not an arrest charge, Arraignment charge | |
| | Description: | |
| PL 145.00 01 | A Misdemeanor, 1 count, Not an arrest charge, Arraignment charge | |
| | Description:    Crm Mis:Intnt Dmpe Prprty | |

↑

APAR 1 and PART C charges

https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=...   11/18/2017

EXHIBIT





## *Overview*

Welcome to the Office of the Inspector General Homepage. The Office is responsible for the investigation and elimination of infractions of disciplinary standards, criminal activities, conflicts of interest, misconduct, misfeasance and incompetence on the part of nonjudicial employees of the UCS, and persons or corporations doing business with the UCS, with respect to their dealings with the courts.



For these purposes, the Inspector General receives complaints and information from the public and other sources about nonjudicial employees and takes appropriate action on such complaints; undertakes investigations or studies of the functions, accounts, personnel or efficiency of any court unit and acts as liaison with federal, state and local law enforcement and regulatory agencies on matters that fall within the scope of these responsibilities.

In accordance with the Anti-Fraud Policy, suspected or detected fraud or irregularities should be reported to the Office of the Inspector General. The Office will review and investigate allegations in accordance with this policy.

There are two specialized units within the Office of the Inspector General:

**Office of the Managing Inspector General for Bias Matters**, which investigates allegations of bias based upon race, sex (including sexual harassment), sexual orientation, gender identity, domestic violence status, prior criminal record (in certain circumstances), age, marital status, disability, national origin or religion that affect the workplace or the terms and conditions of employment of UCS personnel, including acts that relate to services provided by court system personnel to the public.

**Office of the Managing Inspector General for Fiduciary Appointments**, which investigates allegations of unsatisfactory performance, or conduct incompatible with appointment on the part of individuals who have applied to be eligible for appointment by the court as a fiduciary. The categories of appointment include, but are not limited to: guardians, guardians ad litem, receivers, referees, and law guardians.



**Inspector General**
Sherrill Spatz
ig@nycourts.gov
Phone: 646-386-3500
Fax: 212-514-7158

**Deputy Inspector General**
Carol Hamm

**NEW YORK STATE**
Unified Court System

OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

SHERRILL SPATZ
INSPECTOR GENERAL

$A$

July 2, 2018

Mr. Corey Reid,  #BKDC-3491709514
Brooklyn Detention Complex
275 Atlantic Avenue
Brooklyn, NY 11201

Dear Mr. Reid:

    This office is in receipt of your complaint correspondence dated June, 12, 15, and 22nd , 2018, respectively, regarding an Article 78 procedure, in the Appellate Division., First Department.

    Please be advised this office has no jurisdiction to 'oversee' the Appellate Division, First Judicial Department. However, in order to assist you, I have forwarded your  correspondence to the Chief Clerk of the Appellate Division, for their assistance.

    If you have any further issues with the court, please address them directly to the court in question.

Very truly yours,

Sherrill Spatz

SS/jf

26 BROADWAY, 10TH FLOOR, NEW YORK, NEW YORK 10004  •  PHONE: 646-386-3500  •  FAX: 212-514-7158
SSPATZ@NYCOURTS.GOV • MAILING ADDRESS: 25 BEAVER STREET, NEW YORK, NEW YORK 10004



**New York State Unified Court System Office of the Inspector General**

**Complaint Form**

Please complete this form to file a general complaint with the Inspector General's Office. Following receipt of your complaint, you will be contacted by a member of our staff responsible for investigating your complaint.

Complainant's Name: Cory Reid
Mailing Address: Brooklyn Detention Complex
       City: Kings County   State: New York   Zip code: 11201
Home Phone No.: _____ Work Phone No.: _____ E-Mail: _____

**Information about the complaint:**

Name of subject of complaint: Deputy Clerk of App Term 1st Dep. Margaret Sarah
Address: 27 Madison Av   City: N.Y.   State: N.Y.   Zip code: 10010
Home Phone No.: _____ Work Phone No.: _____

Is subject of complaint a court employee?: Yes ✓ No _____

If yes, where is subject assigned?: First Department Title of employee: Deputy Clerk
Location of Complaint: 27 Madison Av.   Court: Appellate Division
County: New York County

Please briefly summarize your complaint: Margaret keeps on disregarding Cory Reid's Article 78's by not filing them. She lied to me and unfiled Article 78's because the Judge told her to. She is acting like she is the prosecutor in my case. Margaret keeps refusing to file for me an article 78 dated April-19-2018.

**I authorize the New York State Unified Court System's Office of the Inspector General to use my name in investigating this claim.**

Signature: _____   Date: 6-12-2018

Please attach any additional information you may have about the claim and mail or fax this form to:

       **Office of the Inspector General**
       **Office of Court Administration**
       **25 Beaver Street**
       **New York, NY 10004**
       **Phone No: 646-386-3500  - Fax No.: 212-514-7158**
       **E-Mail: ig@nycourts.gov**

# New York State Unified Court System Office of the Inspector General

UCS-18 (9/11)

## CLAIM OF DISCRIMINATORY TREATMENT

Please complete this form to file a claim of discriminatory treatment with the Unified Court System's Office of the Inspector General. Any individuals contacted by the Office of the Inspector General will be asked not to disclose the facts or contents of your claim unless disclosure is necessary.

Name: Cory Reid

Title:

Work Location:

City: Kings County    State: NY    Zip: 1120 1    Work Phone: (    )

Home Address:

City:    State:    Zip:    Home Phone: (    )

Following receipt of your claim, you will be advised of the name and telephone number of the staff member responsible for investigating your claim.  You also will be informed if the office needs further information or if there is a reason why the office cannot proceed with the investigation.

1. I believe that I have been treated in a discriminatory manner based on my:

   - ☒ Race
   - ☐ Age
   - ☐ Religion
   - ☐ Sexual Orientation
   - ☒ Other (please specify): Defendant
   - ☒ Color
   - ☐ Creed
   - ☐ Marital Status
   - ☐ Domestic Violence Status
   - ☐ Sex (including Sexual Harassment)
   - ☐ Disability
   - ☐ National Origin
   - ☐ Gender Identity or Expression

2. I believe that the act or treatment described below is discriminatory: unfiling article 78's because the judge told her to.

3. I believe that the following individual(s) has (have) acted in a discriminatory manner: Margaret Sowah

4. Date of act or treatment (or indicate if ongoing): April-3-2018, May-11-2018, April-19-2018 and on-going

5. Witnesses (include names, work locations and telephone numbers):

I authorize the New York State Unified Court System's Office of the Inspector General to use my name in investigating this claim.

Signature:    Date: 6-12-2018

Please attach any additional information you may have about the claim and mail this form or a copy of it to:

Office of the Inspector General
Office of Court Administration
25 Beaver Street
Attention: Managing Inspector General for Bias Matters
New York, New York 10004
(646) 386-3507

From:
Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BKDC-3491709514

To:
Office of the Inspector General
Office of Court administration
25 Beaver Street
N.Y. NY. 10004

Subject: Dep. Clerk Margaret Savaff..)

Greetings, Office of the Inspector General, ms name is
Cory Reid, and, the letter attached, margaret never
Submitted an answer, She is Completely ignoring it.
Also I forwarded to her and affidavit that she
never responded to dated May-9-2018.
Cory reid states the above to be true and Correct.

Cory Reid

Sworn to before me this

12th day of June, 2018

Notary public official

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

May-23-2018

From:
Cory Reid
275 Atlantic Av.
Brooklyn N.Y. 11201
BKOC-8491709514

To
Margaret O'saval
Deputy Clerk
App Term: First Dep
27 Madison Avone
N.Y. N.Y. 10010

Subject: Order to Show Cause...,

Greetings Ms Margaret Cory Reid at your attention, on the 19th of April of the Current year Cory Reid forwarded to this App Term an order to show Cause with the following Respondents: JUDGE Darkeh APAR 1, JUDGE mosse Part C, JUDGE ward Part 71, JUDGE in part C on 11-21-2017, All four arresting officers, Def. Att. Yosha Gunasekera, Yosha Gunasekera's Supervisor, Mass Transit authority, Prosecuting attorney (one before nicholas Barnes) officer phoenix T.B.4, officer Ghegan T.B.4, M.D. Joseph habbashe, M.D. Cheyei Snavely, Legal aid Society, All Grand jury members on 11-20-2017.

Can This App term please respond to me on the subject. Thank you.

Cory Reid states the above information to be true and correct.



_____
Cory Reid
May-23-2018

Sworn to before me this

23rd day of May, 2018

_____
Notary Public official

Supreme Court of the State of New York
Appellate Division - First Department
27 Madison Avenue
New York, N.Y. 10010
(212) 340-0400

May 18, 2018

Cory Reid(349-17-09514)
275 Atlantic Avenue
Brooklyn, NY 11201

Re: M/O Reid v. Hon. Laura A. Ward, JSC, NY County
Index #143/18
M/O Reid v. Hon. Moses and Hon. Laura A. Ward,
JSC, NY County

Dear Mr. Reid:

This is to acknowledge receipt of your correspondence dated
May 10 and May 11, 2018.  Your Writ of Prohibition and Mandamus
against Hon. Laura A. Ward has a calendar date of May 15, 2018.
When a decision is rendered by this court, you will be notified.

Your Writ of Mandamus against Hon. Moses and Hon. Laura A.
Ward has a calendar date of June 20, 2018.  When a decision is
rendered by this court, you will be notified.

Yours truly,

*Margaret O'Saval*

**DEPUTY CLERK**
Clerk's Office

→ Margaret never allowed me (cory reid) to let
the respondent know about the latter two (143/18)
She unfiled them on April-3-2018 and then when
I sent letter talking about CPLR 506 B7 she
sent me this letter.



**New York State Unified Court System Office of the Inspector General**

**Complaint Form**

Please complete this form to file a general complaint with the Inspector General's Office.
Following receipt of your complaint, you will be contacted by a member of our staff responsible
for investigating your complaint.

Complainant's Name: Cory Reid
Mailing Address: 275 Atlantic Ave  Brooklyn Detention Complex
City: Brooklyn   State: New York   Zip code: 11201
Home Phone No.: ——   Work Phone No.: ——   E-Mail: ——

**Information about the complaint:**

Name of subject of complaint: Margaret Sowah
Address: 27 Madison Avenue City: N.Y.  State: N.Y.  Zip code: 10010
Home Phone No.: ——   Work Phone No.: 212 340-0400

Is subject of complaint a court employee?: Yes ✓  No ____

If yes, where is subject assigned?: First Department Title of employee: Deputy Clerk
Location of Complaint: Manhattan   Court: App Term
County: New York

Please briefly summarize your complaint:

See Attached Page

**I authorize the New York State Unified Court System's Office of the Inspector General to
use my name in investigating this claim.**

Signature: _____   Date: 6-22-2018

Please attach any additional information you may have about the claim and mail or fax this form
to:

   **Office of the Inspector General**
   **Office of Court Administration**
   **25 Beaver Street**
   **New York, NY 10004**
   **Phone No: 646-386-3500   - Fax No.: 212-514-7158**
   **E-Mail: ig@nycourts.gov**

Cory Reid states how can he recieve expedited service because the law provides state remedy such as but not Limited to Article 78 petition and Deputy clerk Margaret Sarah keeps on sending all my article 78 petitions back to me saying that I have to commence them in the Lower Court. I forwarded to the first Dep where she work a petition Dated April 19 2018 she stamped and recieved it April 24 2018 but it took her 55 days to forward it back and tell cory reid a lie that he cannot commence it there. She switched an index no. 143/18 and return date for that index no which was May 8 2018 but switched it to may 15 2018 because I told her that I was making complaints against her. She also lied and stated she filed my April 3 2018 petitions but never filed them up til today I had to send April 3 2018 petitions back to her in June 2018 to file for me. Is there any way this office can help act quickly. I forwarded to you two other Complaints against her. One Dated 6-12-2018 and one Dated 6-15-2018. Thank you for Listening

Cory

A



**New York State Unified Court System Office of the Inspector General**

**Complaint Form**

Please complete this form to file a general complaint with the Inspector General's Office. Following receipt of your complaint, you will be contacted by a member of our staff responsible for investigating your complaint.

Complainant's Name: Cory Reid
Mailing Address: 275 Atlantic Avenue BKNY 11201 BKDC
City: Kings Court  State: New York  Zip code: 11201
Home Phone No.: _____ Work Phone No.: _____ E-Mail: _____

**Information about the complaint:**

Name of subject of complaint: Margaret Savah
Address: 27 Madison Av  City: NY  State: NY  Zip code: 10010
Home Phone No.: _____  Work Phone No.: _____

Is subject of complaint a court employee?: Yes  ✓ No _____

If yes, where is subject assigned? APP DIV  Title of employee: Deputy Clerk
Location of Complaint: Manhattan  Court: First Department
County: New York _____

Please briefly summarize your complaint: _____
_____
SEE Attached page
_____
_____

I authorize the New York State Unified Court System's Office of the Inspector General to use my name in investigating this claim.

Signature: _____  Date: July-10-2018

Please attach any additional information you may have about the claim and mail or fax this form to:

Office of the Inspector General
Office of Court Administration
25 Beaver Street
New York, NY 10004
Phone No: 646-386-3500  - Fax No.: 212-514-7158
E-Mail: ig@nycourts.gov

July- -2018

FROM:
Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BKDC-3497709514

TO:
Sherrill Spatz
Inspector General
25 Beaver Street
NY NY 10004

RE: UBS. NON-JUDICIA(employee--,

Greetings, MS Spatz, my name Is Cory Reid, and I
am a defendant currently incarcerated in the
Brooklyn Detention Complex, located at 275 Atlantic
Av Bk NY 112d. And My Complaint Is against
Margaret Sowall a Deputy Clerk in the first
Department App Term. I am Complaining
about my June 15 2018 motion for

Default Judgement. My June 21 2018 motion for reargument, and I forwarded my motion for reargument to the New York State Court of Appeals on June 29 2018 and they gave me a return Date already. I also forwarded to the App Term first Depart. a Article 78 Dated June 20 2018 and no response Yet on it. Can you please investigate. Please.

Cory Reid Declares under penalty of perjury that the aforementioned is true and Correct.

Cory Reid.

EXHIBIT

B

Cory Reid
275 Atlantic Avenue
Brooklyn, New York, 11201
Bkccenter-349170951 4

Sep 6 2018

B

A. Ortiz
App Term, first Dep.
Supreme Court of State of New York
27 Madison Avenue
New York, New York, 10010

Letting you know
I know....

Ref: Return Reciept.., 7018 1130 0000 7016 0159

SIRS OR MADAM:

Hello, I would like to know why did you forward back to me a return reciept 50 Days Later (You recieved 7-16-18 and I recieved Sep 5 2018) for a article 78 petition that never get filed dated July-11-2018. that means ortiz that you in charge of not filing it. Even if Margaret and Susanna put you up to Sending the return reciept back. Remember that all proves I never get indicted and your all working together to cause harm to me and Deny me federal Right(s).

Thanks.

cc: Ann Scheizer
    TAp A, 12th fl.
    100 Centre Street
    NY NY 10013
    Supreme Court Judge

Truly and Sincerely
Cory Reid

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4148 8092 5914 70

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Cory Reed - 349170951¢
278 Atlantic Av BKLYN NY 11201
housing area 5C

07/16

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

APP Term 7st Dep.
Clerc of Court CPLR
27 Madison Ave 5th flr
NY NY 10010 CPLR
2102(c)

9590 9402 4148 8092 5914 70

2. Article Number (Transfer from service label)

7018 1130 0000 7016 0159

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Address

B. Received by (Printed Name)    C. Date of Deliv
A. ORTIZ                          7/6/1

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ Mail Restricted Delivery
     0)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receip

EXHIBIT

C

*Contracts Law > Formation > Acceptance > Mailbox Rule*

Depositing in the post office a properly addressed, prepaid letter raises a presumption that it reached its destination by due course of mail, and mailing a letter in such way is prima facie evidence that it was received by the person to whom it was addressed.

*Contracts Law > Formation > Acceptance > Mailbox Rule*

Testimony contravening the receipt of mail does not put into issue the question of whether the letter was received. The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees. Usually, the one who mails a letter is devoid of any ability to prove receipt of the letter by the addressee. The testimony of the addressee that he did not receive the letter, while admissible, is admitted only because of the import of that testimony on the issue of whether the letter was mailed.

Clerk of Court

27 Madison Ave

NY NY 10010

App Term

First Dep

6-15-2018

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC-349170951?

C

Deputy Clerk
Margaret Sowah
First Department
27 Madison Avenue
N.Y. N.Y. 10010

NOTICE OF
COMMENCEMENT
OF ARTICLE 78
PURSUANT TO
*THE PETITION CLAUSE*

Dear Maam,

I, Cory Reid, is putting you on notice that I am Commencing
an Article 78 Petition in this department (First), and I
am naming you (margaret Sowah) as one of the Respondents.
(The Petition has eight attachments.)

Right to Petition is Reserved

private citizen 2018

The notary public of the BROOKLYN DETENTION COMPLEX
witnessed under Cory Reid's signature, that he is forwarding
this Notice to the App Term 1st Dept's Deputy Clerk Margaret
Sowah.

witnessed on the

15th day of June, 2018



NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

***Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition***

The Petition Clause of the First Amendment protects the rights of individuals to access the courts for the resolution of legal disputes.

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Assembly*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Scope of Freedom*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition*

The right to petition is cut from the same cloth as the other guarantees of the First Amendment, U.S. Const. amend. I, and is an assurance of a particular freedom of expression. The Petition Clause is inspired by the same ideals of liberty and democracy that gave us the freedom to speak, publish, and assemble. These First Amendment rights are inseparable.

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Association*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview*

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Assembly*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition*

When the Court has accords protection to conduct under the petition clause, other First Amendment, U.S. Const. amend. I rights, such as the right to assemble, to associate, or to speak freely on a matter of legitimate public concern, are implicated by the conduct in question and are principal concerns in a court's decision that the conduct should be protected.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

Official reprisal for protected speech offends the Constitution because it threatens to inhibit exercise of the protected right. To plead retaliation for the exercise of First Amendment rights, a plaintiff must allege (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.

***Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition***

***Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Scope of Freedom***

Both the Free Speech Clause and the Petition Clause protect personal expression', both expression generally and expression directed towards the government for the specific purpose of asking it to right a wrong.

***Civil Rights Law > Section 1983 Actions > Elements > Color of State Law > State Agents***

***Civil Rights Law > Section 1983 Actions > Elements > Color of State Law > State-Authorized Actions***

The 42 U.S.C.S. § 1983 "under color of state law" requirement can be met where the defendant either: (1) acts in his or her official capacity or (2) purports to act according to official power.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

Whether an act is retaliatory is an objective question. The court asks whether the act would deter a person of ordinary firmness, not whether the plaintiff was deterred. There is good reason for such a rule: the court will not reward government officials for picking on unusually hardy speakers. At the same time, the court recognizes that government officials should not be liable when the plaintiff is unreasonably weak-willed.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

Where an alleged act of retaliation takes the form of an official's own speech, the court employs a more specific test to determine whether the official's speech amounts to a retaliatory act. The court asks whether there was a threat, coercion, or intimidation, intimating that punishment, sanction, or adverse regulatory action will follow.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

The third element of a retaliation claim requires a causal link between a plaintiff's constitutionally protected activity and the retaliatory act. The required link is but-for causation. Any plaintiff charging official retaliatory action must prove the elements of retaliatory animus as the cause of injury, and the defendant will have the opportunity to respond to a prima facie case by showing that the action would have been taken anyway, independently of any retaliatory animus. One method of proving a causal link, applicable here, is unusually suggestive temporal proximity.

\* PROOF OF SERVICE \*

STATE OF NEW YORK
COUNTY OF KINGS

CORY REID, being duly sworn, desposes and says:

That I have on this 15th day of June, 2018, placed and submitted in the postal receptacle in the New York City Correctional facility known as the BROOKLYN DETENTION COMPLEX located at 275 Atlantic Avenue, BKLYN, NY 11201, a NOTICE of Commencement of Article 78, with an actual article 78 petition that has 8 attachments, to be duly mailed via the United States Postal Service to the following Parties in the above action:

Deputy Clerk
of App Term 1st Dep
27 Madison Avenue
N.Y. N.Y. 10010
ATTN: Margaret Sowah

Respectfully Submitted

Sworn to before me this

15th day of June, 2018

NOTARY PUBLIC OFFICIAL



MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CORY REID, Petitioner

    ~against~

Deputy Clerk MARGARET SOWAH
Judge LAURA.A.WARD
Prosecuting Attorney NICHOLAS BARNES
       Respondents

N O T I C E
O F
P E T I T I O N

     PLEASE TAKE NOTICE, that upon the attached Petition of CORY REID, will move and forward to the repondents listed in caption the same, simply asking them to right a wrong on thier own initiative. And for such other and further relief as the respondents listed in captiuon deem just and proper plus equitable. And for Judicial Proof.

                                     Private Citizen 2018

THAT, on the 19 day of JUNE ,2018, Cory REID ,personally appeared before me and known to be that same man who told me he was forwarding this notice via mail to respondents Margaret Sowah, Laura.A.Ward, and Nicholas Barnes, making them aware that he is filing a Petition with them.1 & XIV.

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No.   75
Qualified in Kings County
Commission Expires May 1, 2020

Antonio Frazier
6/19/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CORY REID, Petitioner

 -against-

Deputy Clerk MARGARET SOWAH
Judge LAURA.A.WARD
Prosecuting Attorney NICHOLAS BARNES
   Respondents

AFFIDAVIT IN SUPPORT
O F
P E T I T I O N

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, declares by his signature
and says: Congress shall make no Law Respecting an establishment o
f Religion, or prohibiting the free exercise thereof; or abridgin
g tyhe freedom of speech, or of the press, or the right of the pe
ople peacebly to assemble, and to Petition the Goverment for a re
deess of Grievances.

   Since Title 18 U.S.C.S. 242 is analogous to T
itle 42 U.S.C.S. 1983, defendants Ward, Barnes and Sowah are all
acting in concert(Penal Law 20.00) to deprive the plantiff of his
Public Right under the Petition Clause to commence Petition's in
the First Deparment(because they warrant a finding in the plantif
fs favor)by having Deputy Clerk defendant Margaret Sowah tamper w
ith all of the Article 78's the plantiff forwarded and forwardeng
to that deparetment and that was and is(on-going)the proximate ca
use of the plaintiff's First and Fourtheenth Amendment Constitutio
nal injuries that cause this(action)Petition(to commence)to be fi
led with them.

    S T A N D I N G .

The irreducible Constitutional minimum of Article III Standing re
quires that a plantiff demonstrate three elements: (1)injury in f
act, (2)causation, and(3)redressability. The pllarty invoking Fede

ral jurisdiction bears the burden of establishing these elementsd

P E T I T I O N..

These facts are sufficient for 28 U.S.C. 1331 and 1343 (A)(3) tha
t Cory Reid can prove by a preponderance of the evidence with Jud
icial Proof, unquestionable Documentary Proof and Official Goverm
ent Responsibilities so it is not jst a conspiracy theory/and/or
the petitioner is not just writing the same because he is in jail
(upset defendant).

### Principal.

Margatet Sowah, either on your own initiative you unfiled and rem
oved those Article 78's dated April 3rd of 2018 and rigged the Ma
rch 28 2018, May 15 2018 and soon to be June 20 2018 and thern ca
lled and about to call Barnes and Ward to tell them you did the l
atter and they did and will agree or you called them fisrt and th
ey gave you the okay.

### Accomplice.

Laura.A.Ward, you waiting for Margaret to dismiss the June 20 201
8 Petition along with the May 15 2018 and March 28 2018 Petition
so you and Barnes can continue.(Laura you moved by 3709/13 see hi
story with Laura.A.Ward).

### Accomplice.

Nicholas Barnes, you waiting for Margaret to dismiss the JUne 20
2018 Petition along with the May 15 2018 and March 28 2018 Petiti
on so you and Ward can continue.

### History with Laura.A.Ward.

The Petitioner met with respondent Laura.A.Ward on 9-30-2013 duri
ng 3709/13 when the clerk of court araigned the petitioner on one
count of Penal Law 130.50 sub 1, 130.65 sub 1 see 130.00 sub 2A a
nd then stated'and several other charges' which were Penal Law 13
0.20 sub 1, 110/130.25 sub 2 and 120.00 sub 1 see 130.00 sub 1.

which is the reason why the petitioner found about the charges in
3739/15 when he atorney forwarded to him his rapsheet. After 25 m
onths and 17 days without an arraignment and being prosecuted on
the petitioners own statement all charges were dismissed.(The rea
son which leads ward to okay the Article 78's being tampered with
so Reid can get punished.) Judicial Proof for motive.

Then the petitioner met with Laura.A.Ward again sometime in late
OCTober of 2015 during 3739/2015 where the same clerk arraigned
the petitioner on Crminal Tampering in the first degree PL 145.
2D. An allegation that detective Victor Lascano and Officer Manu
el Mercedez saw the petitioner thru a videosurviellance insert an
unknown object into a U.S. Curency intake slot and render two met
rocard machines inoperable on nine different days. But Laura foun
d out that none of the vidoes showed what they stated they saw,La
ura Ward even found out that Aug 12 and Aug 15 there was no vidoe
s for those days. Then the indictment was jurisdictionally defect
ive, so she court ordered the petitioner to Bellvue hospital and
ultimately to Kirby. Then she allowed the petitioner to tkke a pl
ea to nine months jail time for A D feolny(machines not working).
Before the plea resppndent Ward told the petitioner 'Although I e
njoy seeing you and I always have I do not want to see you again
sitting in that seat.(See plea minutes).

Now Laura.A.WArd is back for the third time to cause headache and
pain. With the help of Margaret that is why Cory Reid needs the A
rticle 78's because Ward is so concerened about sending the petit
ioner upstate for a misdemeanor and without a Grand Jury Indictme
nt.CPL.300.30 sub 1.


                    Procedural History..
1. The petitioner filed a grievance(201.2D motion)with part 71 cl
aiming 'inter Alia' the accusatory instrument was jurisdictionall
y defective. And there was a jurisdictional impediment to convict
ion for PL.145.2D.

2. Respondent Ward then told the petitioner legal advisor to file then forward to the petitioner an omnibus motion(so the petitioner can forget about hios 210.20 motion because it warranted a finding his favor).

3. The petitioner then forwarded to Laura an affidavit talking relatively about the latter(the affidavit still hasn't been rebutted). Judicial Proof.

4. Then without having the authority respondent Ward made up her own motion to deny.(See decision and order proving the petitioner's motion is merititorious.) Judicial Proof.

5. March 28 of 2018 the petitioner filed a grievance with the appellate court first department pursuant to CPLR 78 praying for Ward to answer his CPL.210.20 subdivision 1 A and H part of it.

6. April 3rd of 2018 the petitioner forwarded to the same appellate court three grievances pursuant to CPLR 78. Two against sam,e respondent Ward only and one against her and arresting officer.

7. April 12th of 2018 the petitioner forwarded to the same appellate court one grievance pursuant to CPLR 78 against resppndent Ward and Barnes.

8. April 19th of 2018 the petitioner forwarded to the same appellate court another grievance pursuant to CPLR 78 against responden ts Ward, Moses, Darkeh, Judge in part C on 11-21-2017, All four A rresting Officers, Mass Transit Authority, Legal Aid Society, Yos ha Gunasekera, Yosha Gunasekera's Supervidsor, MD Cheyyene Snavel y, MD JOseph Habboushe, All Grand Jury Members on 11-20-2017, Pro secuting Attorney(one before Nicholas Barnes), Oficer Phoenix and Officer Ghegan.

9. Then the petitioner called the motion office and Renae told hi m that he had two return dates--one for May 8th of 2018 and May 15 th of 2018. Judicial Proof.

All of a sudden in the mail with a notice dated May 1st of 2018
annexed to all three Article 78's dated April 3rd of 2018 and the
one dated April 12th of 2018. Margaret Sowah told the petitioner
he had to file all four in the lower court even the two against
respondent Ward only inconsistent with March 28th of 2018 petitio
n, CPLR 506 B 1 and Ist and XIV.

11.   May 9th of 2018 the petitioner forwarded to Margaret herself
'self titled' envelope an affidavit claiming denial of civil righ
t to petition attached with two Article 78's dated April 3rd of 2
018 against respondent Ward only asking Margaret to refile pursua
nt to CPLR 506 B 1. Forwarded woith Proof of service for Judicial
Proof.

12. May 10th of 2018 the petitioner forwarded to Margaret hefrsel
f a letter talking about CPLR 506 B 1. Judicial Proof.

13. May 11th of 2018 the petitioner forwarded to Margaret herself
another letter talking relatively about CPLR 506 B 1 and that let
ter had an Article 78 grievance attached agasinst Ward and Moses.
(See return date for June 20th of 2018). Letter for Judical Proof

14. May 18th of 2018 Margaret herself forwarded to the petitioner
via mail a notice stating she recieved his May 10 and May 11th le
tters and he has two return dates May 15th of 2018 and June 20th
of 2018. But see Margaret did not say that she recieved the May 9
th of 2018 affidavit but stated the petitioner has same return da
te for same April 3rd of 2018 Aerticle 78's; againbst WArd only(2
). Judicial Proof. Margaret not acknowledging reciept~means not r
ecoievibng it at all.

15. May 17th of 2018 petitioner forwarded to Margaret herself ano
ther letter and attached to letter from cory reid was a notice sh
e sent to another inmate and it stated in rwelevant part 'Apetiti
on against a Justice may be commenced in this court. Judicial Pro
of.

16. May 23rd of 2018 the petitioner forwarded to Margaret herself a letter notarized asking about April 19th of 2018 grievance pursuant to CPLR 78. With Proof of Service for Judicial Proof.

17. Juner 5th of 2018 the petitioner eecieved via mail from the first Department a dismissal of March 28 2018 petition.(Margaret dismissed it. Cory Reid needed thatt to be granted because now who is going to at least answer his motion.) Thanks to Margaret the Petitioner has no adequate state remedy.

18. JUne 22th of 2018 the petitioner forwarded to Margaret herself 'self attached envelope' the April 19th of 2018 grievance pursuant to CPLR 78 and an affidavit with proof of service for judicial proof.

19. JUne 15th of 2018 the petitioner forwarded to Margaret herself and court a notice of commencement of Article 78 Petition against herself Laura WErd and Nicholas Barnes with the actual Article 78 Petition(grievance) with proof of serwice for judicial proof.

20. June 16th of 2018 the petitioner forwarded to Margaretr herself a motion for default judgement for index number 143/2018 pursuant to CPLR 403(B) and a affidavit in relation to May 15th of 2018's return date both with proof of service for judicial proof,

Today the petitioner ids forwarding this petition to Margaret Sowah, Laura.A.Ward and Nicholas Barnes asking them on thier own initiative to right a wrong.

Relief.

Here is what the petitioner wants the respondents to do for him.

The petitioner wants Margaret Sowah Deputy Clerk of Appel late Division First Department to actually file the Article 78's already forwarded and allow the petitioner to really have them he ard by the court instead of her, since Due Process requires the d efendant a fair hearing from a fair tribunal basic components. Be cause Ward and Barnes are just waiting for the last dismissal for Margaret without costs and disbursements. Margaret it is proving because how did you unfile the april 3rd petitions with a May 15t h return date and then forward a letter May 18th of 2018 after re cieving letter from the petitioner complaining about the latter May 9th of 2018 and tell the petitioner he has a return date for May 15th of 2018 and the law requires the petition to be forwarde d to the respondents 20 days before return date? how Margaret?

Margaret those reurn dates are fictitious.

Cory Reid is also asking you Margaret to refund him for the extra postage Stamps he used and still using to keep re-sending the sam e Article 78's because you do not want to file them because they warrant a finding in the petitioners favor. Margaret please if no t later pursuant to the judicial Proof.

Margaret, Ward and Barnes

In 1963 Rev, Martin Luther King stated in relevant part to this P etition at the march on Washington

When we allow freedom to ring-whern we let it
ring from every city and every hamlet, from
every city, we will be able to speed up that
day when all of God's children, black men and
white men, jews and Gentiles, Protestants and
Catholics, will be able to join hands and sing
in the words of the old negro spiritual, 'Free
at last, Free at last, Great God a-mighty, We
are free at last.''

Thirteenth Amendment-Personal Right.....

For the defendant Sowah tampering with all of the plantiff's Arti
cle 78's forwarded to the court she work in to help out Barnes an
d Ward is unconstitutional. Fed.R.Civ.P 8A. CPLR 3017 A.


When a complaint adequately states a claim, it may not be dismiss
ed based on a district court's assessment that the plantiff will
fail to find evidentiary support for his allegations or prove his
calim to the satisfactiuon of the factfinder. Atlantic Corp v. Tw
ombly, 550 U.S. 544.

Private Citizen 2018

THAT except upon what Rev, Martin Luther King JR stated in the Ma
rch in Washington. On the *19* day of *June* ,201*8*, *Cory Reid* ,personal
ly appeared before me and known to be that same man who told me t
hat everything he stated in Petition about Respondents is true,co
rrect and not meant to harass or annoy them.

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 5-11175
Qualified in Kings County
Commission Expires May 1, 20*20*

*6/19/18*

*PROOF OF SERVICE*

STATE OF NEW YORK
COUNTY OF KINGS

CORY REID, being duly sworn, desposes by his signature
and says:

THAT I have on this /9 day of June of 2018 placed and submitted in
the Postal Receptacle in the New York City Correctional Facilityk
won as the BROOKLYN DETENTION COMPLEX, A Petition with a notice a
nnexed to it simply asking the respondent slisted in caption to r
ight a wrong on thier own initiative, to be duly mailed via the U
nited States Postal Service to the following parties:

Deputy Clerk of APp Term              District Attorney's
First Department                      Office
Margaret Sowah                        One HOgan Place
27 Madison Avenue                     New York, New York
New York, New York, 10010             10013. Nicholas Bar.

Supreme Court of the State of New York
Part 71* Hon LaurA.A.Ward
100 Centre Street
New York, New York, 10013

Petition right Reserved
_____

Sworn to before me this

19    day of June , 2018
_____
NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. __ __75
Qualified in Kings County
Commission Expires May 1, 20 2D

6/19/18

At a term of the Supreme Court of the State of New York, held in
and for the County of New York on the    day of          ,20 .
       Present: Hon.                ,Justice
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:FIRST DEPARTMENT

In the Matter of the Application of
CORY REID,Petitioner                    ORDER TO SHOW CAUSE


        -against-
Judge LAURA.A.WARD
Deputy Clerk MARGARET SOWAH
Prosecuting Attorney NICHOLAS BARNES
        Respondents
For a Judgement pursuant to Article 78
of the Civil Practice Law and Rules


        Upon the annexed affidavit in support of an Order to Show C
ause of CORY REID, verefied on the 13th day of June,2018,the verified
petition,sworn to on the 13th day of June,2018 It is
        ORDERED that repsondents Judge LAURA.A.WARD, Deputy Clerk M
ARGARET SOWAH, Prosecuting Attorney NICHOLAS BARNES show cause at
a term of this court to be held in the county of New York on the
day of        ,20  ,or as soon theresfter counsel may be heard wh
y judgement should not be made and enterted in this matter pursua
nt to Article 78 of the Civil Practice Law and Rules:

        VACATING and setting aside respondent Margaret Sowah's deci
sion to teamn up with respondrents Laura.A.Ward and Nicholas Barn
es and deny the petitioner his civil right to petition the Goverm
ent(Fisst Department)for a redress of Grievances.
        DIRECTING respondent Laura.A.Ward to stop waring with her o
ath and grant the petitioner his federal right to have the trial
judge keep the balance nice clear and true between the petitioner
and the State.
        GRANTING such other and further relief as the court may dee
m just and proper. It is further
        ORDERED that pending the hearing of this special proceeding

and papers pursuant to section 7805 of the N.Y.Civil Practice Lsa
w and Rules, respondents and all other officers, employees, agent
s, attorenys and persons working in active concert or participati
on with rersppondents arer stayed and prohibited from taking acti
on related to or enforcing respondents Margaret Sowah's decision.
It is further

    ORDERED that service of a copy of this order, tögether with
the papers upon which it is granted upon both the respondents MAR
GARET SOWAH, NICHOLAS BARNES, LAURA.A.WARD and the Attorney Gener
al by mail, on or before          shall be sufficient.


    ENTER:



_____
JUSTICE OF THE SUPREME COURT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____

In the Matter of the Application of

CORY REID, Petitioner

                                            AFFIDAVIT IN SUPPORT OF
                                            ORDER TO SHOW CAUSE

        -against-                            Index No._____

Judfge LAURA.A.WARD
Deputy Clerk MARGARET SOWAH
Prosecuting Attorney NICHOLAS BARNES
                Respondents
For a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules
_____

        STATE OF NEW YORK
COUNTY OF KINGS
I, CORY REID, Being duly sworn, desposes and say:
I am the petitioner in the above-entitled proceeding.
I amke this affidavit in support of my annexed application for an
Order to Show Cause to prosecute the attached petition pursuant t
o Article 78 of the Civil Practice Law and Rules which challenges
Margaret Sowah decision to team up with Laura A ward and nicholas
barnes and deny the petitioner his civil right to petition the go
verment for a redress of grievances.

The decision complained of is unlawful because A public Employee'
s officisal conduct must at all times conform to the obligations
of loyalty to the goverment.

Petitioner seeks to proceed by Order to Show Cause rather than by
notice of petition(1)because hiom being incarcerated cannot effec
t personal service on respondents by notice of petition.(2)If giv
en a chance the petitioner can suceed on merits from a fair groun
d of litigation that will tip decidely toward petitioner requesti
ng relief.

Petitioner designates New York County as Place of venue.

No previous application for the relief requested herein has been
made.

I have moved by the annexed affidavit for a reduction/waiver of t
he filing fees./

WHREREFORE,Petitioner respectfully request that this court enter
an Order DIRECTING respondents to show cause why a judgement shou
ld not be made and entered purusoant to Article 78 of the Civil P
ractice Law and Rules Compelling respondent Ward to grant the pet
itioner his civil right to have the trial judge keep the balance
nice clear and true between him and the state. GRANTING such othe
r and further relief as the court may deem just and proper.

CORY READ
BKDC- 275 Atlantic Av BK NY 11?q

Sworn to before me this

13 day of June ,20 18

NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-4?075
Qualified in Kings County
Commission Expires May 1, 20 20

6/13/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:FIRST DEPARTMENT
_____

In the Matter of the Application of
CORY REID, Petitioner

-against-                                P E T I T I O N

Judge LAURA.A.WARD                       Index No._____

Deputy Clerk MARGARET SOWAH

Prosecuting Attorney NICHOLAS BARNES

            Respondents

For a Judgement Pursuant to Article 78

of the Civil Practice Law and Rules
_____

  To THER SUPREME COURT OF THE STATE OF NEW YORK FOR THE
COUNTY OF NEW YORK:
                      The Petition of CORY REID, Complaining of t
he respondents LAURA.A.WARD, MARGARET SOWAH, NICHOLAS BARNES, res
pectfully alleges:
                      The petitioner is the defendant in an on-going
criminal case in the County of New York, 100 Centre Street, Part
71.
    Respondent Laura.A.Ward is the presiding judge in that on-goin
g criminal case.
                      Respondent Nicholas Barnes is the prosecuting att
orney in that on-going criminal case. Respondent Margaret Sowah is
the Deputy Clerk in the Appellate Division First Departmwent. Her
responsibilities include supervising and providing legal guidance
to legal and clerical staff, implemernting the policies of the co
urt, making personnel determinations and serving on various court
administrative committees. From November 2011 to present.

    *No authority can, on any pretense whatsoever, be exercised ov
er the Citizens of this State, but such as is or shall be derived
from and granted by the people of this State. Civil Right s Law 2

Sham litigation must constitute the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief. Thus, if an objective litigabnt could conclude that the suit is reasonably calculated to elicit a favorable out come, the suit is immunized under the first Amendment, U.S. Const . amend. 1. The petition Clause of the First Amendment protects th e rights of individuals to access the courts for the resolution o f legal disputes.

        *Procedural History that led up to this Petition*
On or about december 4 of 2017 the petitioner was arraigned in Su preme Courty part 71 on a two count indictment that is defective inits use.

On or about the 7th day of December of 2017 the petitioner submit ted a Pre-trial Pro-se motion purusuant to CPL.210.20 sub 1 subse ction A to dismiss due to the indictment being jurisdictionally d efective.

The 42 U.S.C.S. 1983 "Under color of state law" requirement can b e met where the defendnat either:(1) acts in his or her official capacity or(2) purports to act according to official power.

Sometime around in December of 2017 respondent Laura.A.Ward conta cted the petituoners legal advisor and told him to forward to th e petitioner an omnibus motion. Respondent Ward did that so maybe the petitioner can forget about his 210.20 motion already forward ed to part 71. And because the 210.20 motion warranted a finding in the petitioners favor.

Around January 5 of 2018 the petitioner recieved that omnibus mot ion at the jail known as Brooklyn Detention Complex.

Onor about January 6 of 2018 the petitioner forwarded to responde nt Laura.A.Ward an AFFIDAVIT to be rebutted talking about how she is retaliating against the petitioner for making a grievance agai nst respondent Barnes(indictment).

Respondent Ward never rebutted the afffdavit which means that wha tever the petritioner stated is true.

After respondent Nicholas Barnes submitted his affirmation in res popse to petitioners 210.20 motion(barnes never contested the 210 .20 subsection h part of motion). Respondent Ward denied her own motion in a decision and order of the court dated March 14 2018.

On or about March 28 of 2018 the petitioner submitted to this App ellate Term a writ of Mandamus compelling respopndent Ward to ans wer the petitioner's motion the subsection's A and H part of it.

On or about June 5 of 2018 thjis Court unlawfully denied the writ leaving the petitioner with no other remedy except to wait for an appeal.

Going back to the 3rd day of April of 2018 when the petitioner fo rwarded to this Appellate Term three(3)Article 78's against respo ndent Laura.A.Ward(2 against only her) and one against her and Da vid Simon(arresting officer). Then on the 11th day of April of 20 18 the petitioner forwarded to this Appellate Court another Artic le 78 against respondents Ward and Barnes. Then on the 19th day o f April of 2018 the petitioner forwarded to this court another Ar ticle 78 against several respondents including respondent Ward.

Mandamus is a drastic remedy available only in the most extraordi nary of situations in response to an act amounting  to a judicial usurpation of power. Apetitioner must show that he has a clear an d indsiputable right to issuance of the writ, and it will issue o nly when the party seeking the writ can show that he has no other adequate means to obtain the relief rrequested.

Sometime around May of 2018 the petitioner recieved via mail all of the article 78's dated april 3 of 2018 and the one dated april 11 of 2018 stating that the petitioner had to file them in the lo wer court. Respondent Margaret stated that and she was practicing law for 28 years and she did not know about CPLR 506 B1, and Resp ondent worked for the New# York State Court of Appeals. That only conclude one thing that respondents Barnes and Ward told her to d o the latter.

On or about May 9 of 2018 the petitioner forwarded to Margaret an affidavit stating that Ward and Barnes told her to do that(unfile those article 78's).

On or baout the 10th day of May of 2018 the petitioner forwarded to Margaret a letter telling her about CPLR 506 B 1.

On or about the 11th day of May of 2018 the petitioner forwarded to Margaret another letter.

On or about the 18th day of May of 2018 respondent Margaret forwa rded to the petitioner a notice stating that he has two return da tes one for May-15-2018 and one for June 20 of 2018. But the one for May 15 2018 was put back after the petitioner forwarded to ma rgaret the afidavit dated May 9 of 2018 because when the petition er called the motion officer prior Renae told him that he had two return dates obne for 5-8-2018 and one for 5-15-2018.(212)340-042 2.

On or about Masy 17 of 2018 the petitioner forwarded to Responden t Margaret another letter.

On or about May 23 of 2018 the petitioner fprwarded to Margaret an ◊◊her letter.

On or about the 12th day of June 2018 the petitioner forwarded to Margaret an affidavit.

The petitioner is claiming that respondent Margaret Sowah is help
ing respondents Laura.A.Ward and Nicholas Barnes conceal Article
78's because respondent Ward wants to keep the petitioner around,
niether one of the respondents listed wants the petitioner to rec
ieve the fundamental fairness he is entitled to encompassed by th
e notion of due process. Nor do any one of the respondents listed
want the petitioner to recieve a favorable outcome in any of the
speaial proceedings commenced(3-28-2018,4-3-2018,6-20-2018). In a
ll of the special proceedings commenced the petitioner has a clea
r legal right to the relief sought. The petitioner believes that
Margaret Sowah is rigging the proceedings for the other two respo
ndents.

For respondent Ward getting respondents Sowah and Barnes to team
up with her for her own personal reasons to deprive the petitione
r is unconstitutional. CPLR 3017A.

Attached is all of the lettems and afidavits mebntioned in petiti
on. Also attached is the accusatory from part 71.

Mandamus is an extraordinary remedy and is not normally grasnted
if the relief sought could be obtained through a direct appeal.

The petitioner cannot file a direct appeal claiming that the depu
ty clerk of the appellate division is teaming up with the presidi
ng judge and prosecuting attorney to deny the petitioner civil ri
ghts.

Both the Free Speech Clause and the Petition Clause protect perso
nal expression', both expression generally and expression directe
d towards the goverment for the specific purpose of asking it to
right a wrong.

The law is settled that as a general matter the first Amendment p
rohibits goverment officials from subjecting an individual to ret
aliatory actions for speaking out.

A petition may undoubtedly consist of a personal grievance addres
sed to the goverment. But petitions to the goverment assume an ad
ded dimension when they seek to advance political, social, or oth
er ideas of interest to the community as a whole. A petition need
not take a specific form, ands may include an oral grievance.

The right to petition is cut from the same cloth as the other gau
rantees of the first Amendment, U.S. Const. amend. 1, and is an a
]ssurance of a particular freedom of expression. The Petition Cla
use  is inspired by the same ideals of liberty and democracy that
gave us the freedom to speak,publish, and assemble. These First A
mendment rights are inseparable.

The right to petition the goverment is one of the most precious o
f the liberites safeguarded by the Bill of Rights. The very idea
of a goverment, republican in form, implies a right on the part o
f its Citizens to meet peaceably for consultation in respect to p
ublic afairs and to petition for a redress of grievances. Petitio
ning serves numerpous, fundamental interests of petitioners and t
he goverment alike. It is essential to freedom, liberty and self-
goverment. Petitions contribute to the public airing of disputes
the evolution of the law, and the use of goverment as an alterna
tive to force.

*Neither Justice nor right should be sold to any person, nor deni
ed, nor deffered; and writs and process ought to be granted freel
y and without delay, to all persons requiring the same, on paymen
t of the fees established by law. Civil Rights Law 10.*

No previous application has been made for the requested relief.

WHEREFORE, Petitioner respectfully request that judgement be ente red purusuant to Article 78 of the Civil Practice Law and Rules.

This Court should issue and order ENJOINING Respondent Margaret S owah from teaming up with respondents Ward and Bartnes to deprive the petitioner of his right to file article 78's in this court(1s t department). This court should also issue an order DIRECTING re sppondent Ward to keep the balance nice clear and true between th e state and the petitioner, so Margaret could stop tampering with the 78's and no more substantial justice will be infringed upon t he petitioner. GRANTING damages this deems just and proper at lea st to reimburse the petitioner for the postal stamps sending the 78's twice. Granting such other andfurther relief as the court ma y deem just and proper. CPLR.3017 A.

Cory Reid

Petitioner, Pro-SE
June-13th-2018

# VERIFICATION

STATE OF NEW YORK)
COUNTY OF KINGS  ) SS.:

_____Cory Reid_____, being duly sworn, deposes and says that deponent is the petitioner in the above captioned proceeding, that he has read the foregoing petition and knows the contents thereof, that the same is true to deponent's own knowledge, except as to matters therein stated upon information and belief, which matters deponent believes to be true .

Petitioner,  Pro Se

Sworn to before me this

_13_ day of _June_ 20_18_

Notary Public, State of New York

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-11075
Qualified in Kings County
Commission Expires May 1, 20_20_

6/13/18

REQUEST FOR JUDICIAL INTERVENTION

REQUEST FOR JUDICIAL INTERVENTION

INdex No._____

SUPREME COURT, NEW YORK COUNTY

DATE PURCHASED

PLANTIFF: CORY REID

Ias entry date:_____

Judge assigned:_____

DEFENDANTS: LAURA.A.WARD, NICHOLAS BARNES,MARGARET SOWAH

Rji date:_____

NATURE OF JUDICIAL INTERVENTION

☑ ORDER TO SHOW CAUSE

        Return date for June 20 2018

NATURE OF ACTION OR PROCEEDING

Special Proceedings

☑ Article 78

Is this a Special Proceeding  against a

Municipality: _Yes_                    Public Authority:_Yes_

Does this Porceeding seek equitable relief: _Yes_

Does this proceeding seek recovery for personal damages:_Yes_

Does this proceeding seek recovery for property damage_N:O_

Estimated time ready for trial 1 Month

CORY REID BKDC 275 Atlantic Avenue BK NY 11201

LAURA.A.WARD 100 Centre Street NY NY 10013

NICHOLAS BARNES ONE HOGAN PLACE NY NY 10013

MARGARET SOWAH 27 MADISON AVENUE NY NY 10010

APPLICATION FOR INDEX NUMBER

APPLICATION FOR INDEX NUMBER

Pursuant to section 8018, New York Civil Practice Law and rules

TITLE OF ACTION: ARTICLE 78 ORDER TO SHOW CAUSE

CORY REID, 275 Atlantic AVENUE BKLYN NY 11201

LAURA.A.WARD, 100 CENTRE STREET NY NY 10013

NICHOLAS BARNES ONE HOGAN PLACE NY NY 10013

MARGARET SOWAH 27 MADISON AVENUE NY NY 10010

---

SUPRME COURT, NEW YORK COUNTY

CORY REID, Petitioner.

    v

LAURA.A.WARD, JUDGE

NICHOLAS BARNES, PROSECUTOR

MARGARET SOWAH, DEPUTY CLERK OF APPELLATE DIVISION 1st DEP.

_____Index Number

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:1st DEPARTMENT

In the Matter of the Application of
CORY REID,Petitioner

    -against-

JUDGE WARD PART 71  et al
      Respondents

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR FE
REDUCTION/WAIVER
PURSUANT TO NYCPLR
1101(F).

For Ajudgement Pursuant to Article 78
of the Civil Practice Law and Rules

  I, *Cory Reid* ,being duly sworn ,despose and say:
I am the petitioner in the above entitled-proceeding. I am an inm
ate in a County Correctional facility,Brooklyn Det.Com,275 Atlant
ic Avenue,BK,NY,11201 and I submit this afidavit in support of my
application for a reduction/waiver of the filing fees pursuant to
NYCPLR 1101F)(and that an atorney be assigned to represent me 110
2 A)
    I currently recieve income from the following sources,exclus
ive of corectional wages_____ NONE

List property                Value

NONE                      NONE

I have no savings,assets,property,or income other than asset fort
h herein.

I am unable to pay the filing fee necessary to prosecute this pro
ceeding.

No other person who is able to pay the filing fee has a beneficia
l interest in the result of this proceeding.

The facts of my case are described in my claim and other papers f
iled with the court.

I have made no prior request for this relief in this case.

SWORN TO BEFORE ME THIS

_13_ day of _June_ ,20_19_

NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. _____
Qualified in Kings County
Commission Expires May 1, 20__

6/13/19

1

I, CORY Reed          ,inmate number 8491709514     ,reque
st and authorize the agency holding me in custody to send to the
clerk of the court certified copies of the Correctional facility
trust fund acount statement(or the institutional equivalent)for t
he past six Months.

I further request and authorize the agency holding me in custody
to deduct the filing fee from my correctional facility trust fund
account(or the institutional equivalent)and to disburse those amo
unts as instructed by the Court. This authorization is furnished
in connection with the abovbe entitled case and shall apply to an
y agency into whose custody I may be transferred.

IU NDERSTAND THAT I MAY HAVE TO PAY THE ENTIRE FEE IF THE COURT D
ENIES MY REQUEST FOR A FEE REDUCTION. MOREOVER,I UNDERSTAND THAT
THE FEE DETERMINED BY THE COURT WILL BE PAID IN INSTALLMENTS BY A
UTOMATIC DEDUCTIONS FROM MY CORRECTIONAL FACILITY TRUST FUND ACCO
UNT EVEN IF MY CASE IS DISMISSED.



Aug-17-2018

Cory Reid
215 Atlantic Av
Brooklyn NY 11201
BKDC-3e9170951Y

D

Margaret Sowah
Deputy Clerk
App Term, First Dep
27 Madison Avenue
NY NY 10010

AFFIDAVIT
Request

Susanna Molina Rojas
Clerk of Court
App Term, First Dep
27 Madison Avenue
NY NY 10010

Subject: July-11-2018 Article 78 Petition...,

Greetings ladies, Cory Reid at your attention, today
I am writing to ask your two(2) can your please
file (CPLR 2102 c) my July-11-2018 Article 78 Petition
that was forwarded to this Appellate Term, First
Department Certified mail. The reason I am asking

your to file (CPLR 2102 c) "it for me is because "it is highly merited."

Cory Reid declares under penalty of perjury and sworn to before a Notary public of the Brooklyn Detention Complex that he did ask Susanna Rojas and/or Margaret Sanatt to file (CPLR 2102 c) his July-11-2018 Article 78 petition, Already forwarded to that Court almost 30 days ago.

Right to Petition the Government is Reserved

Aug-17-2018.

Sworn to before me this

17 day of Aug, 2018

Antonio Frazier
NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 20___

8/17/18

# * PROOF OF SERVICE *

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, depose and say:

THAT, pursuant to the Mailbox Rule, Cory Reid, on this 18th day of August, 2018, placed and submitted in the Postal Receptacle of the New York City Correctional facility known as the Brooklyn Detention Complex, Two (2) AFFIDAVIT Request, to be duly mailed via the United States postal Service to Margaret Sowah Deputy Clerk of Appellate Division, First Department and Susanna Molina Rojas, the Clerk of Court of the Appellate Division, First Department both Located at 27 Madison Avenue, NY, NY, 10010.

Right to Petition the Government is Reserved

Aug-18-2018

Sworn to before me this
17 day of Aug, 20

Antonio Frazier

Notary Public official

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13875
Qualified in Kings County
Commission Expires May 1, 20 20

8/17/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

CORY REID, Plentiff

       -against-

Deputy Clerk MARGARET SOWAH
Clerk of Court SUSANNA MOLINA ROJAS
Supreme Court Judge LAURA.A.WARD
Prosecuting Attorney NICHOLAS BARNES

       Defendants
_____

1st

A F F I D A V I T....

    STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, despose and says:

The issue of standing to litigate in federal court is jurisdictio
nal and not subject to waiver. LEWIS v. CASEY, 518 US 343.

Federal  courts have no power to presume and remediate harm that
has not been established. LEWIS v.CASEY, 518 US 343.

The Constitutional Right of acess to the Courts is violated where
Goverment officials obstruct legitimate efforts to seek Judicial
redress. Whitfield v. Imperatice, 477 Fed. Appx. 806. UNITED STAT
ES COURT OF APPEALS FOR THE SECOND CIRCUIT.

Cory Reid is a defendant in a criminal prosecution. The prosecuti
on is taking place in the country of New York.(Manhattan).

Pursuant to the First and Fourtheenth Amendments of the U.S. Cons
t. And CPLR 506 B 1 and CPLR 2102(C), Cory Reid forwarded to the
Clerk of Court(Susanna Molina Rojas) App Term First Dept an Artic
le 78 Petition(non-frivolous) against Supreme Court Judge Laura.
A.Ward compelling her to transfer indictment number 4445-2017 bac
k to her court part to dismiss since she had no authority to tran
sfer it. Cory Reid forwarded that Article 78 on July-11-2018 cert
ified mail with retuin reciept requested.

On July-19-2018 Cory Reid forwarded to the clerk of Court(Susanna Molina Rojas) App Term First Dept another Article 78 Petition aga inst Suprme Court Judge Laura.A.Ward vacating and setting aside h er plain error that she did not reduce pursuant to People v Coery Reid, 3739/2015. That Article 78 Petition was also forwarded Cert ified mail with return reciept requested.

On Aug-9-2018    the clerk's office(Susanna Molina Rojas) forwarde d to the plantiff a correspondence about his July-19-2018 Article 78 Petition only no mention about his July-11-2018 Petition. Sinc e Margaret Sowah already denied the plantiff of his right to aces s the courts, she is telling Susanna Rojas to do it to. Laura A W ard told Margaret that 'don't worry Cory Reid is not going to fil e a Civil Rights Complaint against you because once he gets relea sed he is going right to drugs, trust me, he had an opportunity t o file a civil rights complaint against me twice and he didn't th at is how I know, he went back to drugs when he got released, you okay Margaret trust in me'... Stpp him fromfiling those Article 7 8's and when he gets convicted for a felony that is really a misd emeanor without a grand Jury indictment, he will not worry about us he will worry about drugs(crack-cocaine)whern finally released on appeal. Now Margaret is telling Susanna Rojas the same thing.

In order to inprison a person prior to trial, the goverment must comply with the Federal Constitution and any applicable stautory provisions. BELL v WOLFISH, 441 US 520.

Cory Reid declares under penalty of perjury that the aforemention ed is true and correct.                                    Aug-9-208

Sown to before me this

○9 day of 08 ,20 18

NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No.01GO6309039
Qualified in New York County
My Commission Expires 09-18-2020

P3

* PROOF OF SERVICE *

STATE OF NEW YORK
COUNTY OF KINGS

CORY REID, being duly sworn, despose and says:

That Pursuant to the Mailbox Rule on this 9 th day of August,2018,pl
aced and submitted in the Postal Receptacle in the New York City
Correctional Facility known as the BROOKLYN DETENTION COMPLEX, lo
cated at 275 Atlantice Avenue, Bklyn NY 11201 An AFFIDAVIT, to be
duly mailed via the United States Postal Service to the following
concerned Goverment Officials involved with depriving Cory Reid o
f his right to Acess the courts:

Susanna Molina Rojas
App Termm, First Dept
Clerk of Court
27 Madison Avenue, NY NY 10010

************

Deputy Clerk of fisrt dept
MArget sowah
27 Madison Avenue
NY NY 10010

Laura.A.Ward
Supreme Court
Judge, Part 71
100 Centre St
NY NY 10013

Nicholas Barnes
One Hogan Place
NY NY 10013
DA's Office

Sworn to before me this

09 day of 08 ,2018

NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6338039
Qualified in New York County
My Commission Expires 09-15-2020

P5

Supreme Court of the State of New York
Appellate Division - First Department
27 Madison Avenue
New York, N.Y. 10010
(212) 340-0400

August 2, 2018

Cory Reid (349-17-09514)
275 Atlantic Avenue
Brooklyn, NY 11201

Re: Cory Reid v. Hon. Laura A. Ward, JSC, NY

Dear Mr. Reid:

This is to acknowledge receipt of your petition for Writ of
Mandamus/Poor Person Relief against Hon. Laura A. Ward, dated
July 19, 2018, and calendared for September 20, 2018.

When a decision has been rendered by the court, you will be
notified.

Yours truly,

Clerk's Office



SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST DEPARTMENT

E

CORY REID, AFFIANT

— against —

MARGARET O' SAN AL
DEPUTY CLERK

AFFIDAVIT IN RELATION
TO DENIAL OF CIVIL RIGHT
TO PETITION THE GOVERMENT
FOR A REDRESS OF GRIEVANCES
(1, 14th) (Art 1 sec 8) . . . .

May-9-2018

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, AFFIANT, being duly sworn, despose AND SAY:

1 That, upon information and belief, Margaret, Laura Award and nicholas Barnes told you to unfile and return to Cory Reid four orders to show cause. Here's How

2 that, the affiant called the motion office and Renae told me that I had to return date's so far; one for 5-8-2018 and one for 5-15-2018. (212) 340-0422

3 Petitioner and affiant Cory Reid relies on; In Re Cory Reid v Katherine Bajule, et al., 180 A.D. 3d 627 SUPREME COURT OF NEW YORK, APPELLATE DIVISION, FIRST DEPARTMENT, where Lawyer for CYRUS-R. VANCE JR Jessica Olive stated in her OPPOSITION TO Cory Reid's Order to Show Cause pursuant to CPLR

506 sub 1 the Article 78 should be dismissed because the petitioner did not name a Judge. She meant all that is required is you name a Judge as a Respondent. And if Jessica Olive knows or found out that law how do you not know it. CPLR 506 sub 1 : A proceeding against a justice of the Supreme Court or a Judge of a County Court or the Court of General Sessions Shall be Commenced in the Appellate division in the judicial department where the action, in the Course of which the matter sought to be enforced or restrained originated. (the affiant knows CPLR 506 sub 1 to be law)

The Affiant states the above upon information and belief (No 1)

* Enclosed is Two orders to show cause to please refile with this department. (1, 14th) (Art 1 sec 8).

Right to petition the Government is Reserved

Affiant
May-9-2018

Sworn to before me this

9 day of May, 2018

Notary Public official

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13575
Qualified in Kings County
Commission Expires May 1, 2020

P2

5/9/18

# * Proof of Service *

STATE OF NEW YORK
COUNTY OF KINGS

CORY REID, being duly Sworn, desposes and says:

That I have on this 9th day of May, 2018, Placed and submitted in the Postal Receptacle in the New York City Correctional facility known as The BROOKLYN DETENTION COMPLEX, Located at 275 Atlantic Av, BK, NY, 11201, AN AFFIDAVIT IN RELATION TO CIVIL RIGHT TO PETITION THE GOVERMENT FOR A REDRESS OF GRIEVANCES, to be duly mailed via the United States Postal Service to the following parties in the above action:

Margaret O'Saval
Deputy Clerk
27 Madison Avenue
NY. NY. 10010
APPELLATE DIVISION 1st Dep

GRIEVANCE COMMITTEE
61 BROADWAY 2nd fl.
NY. NY. 10006

ALLRIGHTS RESERVED

Sworn to before me this

9 day of May, 2018

NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
City of New York No. 2-15375
Qualified in Kings County
Commission Expires May 1, 20 20

5/9/18

P3

Supreme Court of the State of New York
Appellate Division - First Department
27 Madison Avenue
New York, N.Y. 10010
(212) 340-0400

May 1, 2018

Cory Reid (#349-17-09514)
275 Atlantic Avenue
Brooklyn, NY 11201

    Re: M/O Reid v.  Hon. Laura Ward, JSC, NY County, et al.
    And M/O Reid v. Hon. Laura A. Ward, JSC, NY County; ADA N.
    Barnes

Dear Mr. Reid:

    This is to acknowledge receipt of your correspondence dated
April 3 and April 12, 2018, which are being unfiled and returned
to you for filing in the Supreme Court.

    Your correspondence dated April 3, 2018 directs David Simon;
this should be filed in the Supreme Court, not the Appellate
Division, First Department.  Your correspondence dated April 12,
2018, directs an Assistant District Attorney, and must also be
filed in Supreme Court.

*Notice how she only mentions one of the April 3 2018 petitions*

                      Yours truly,

                      Margaret O'Saval
                      DEPUTY CLERK

                      Clerk's Office

enc(2)

cc: NYAG

    NYDA-Appeals

P4

In re Cory Reid, Petitioner, v Katherine Bajuile, et al., Respondents.
**SUPREME COURT OF NEW YORK, APPELLATE DIVISION, FIRST DEPARTMENT**
150 A.D.3d 627; 52 N.Y.S.3d 854; 2017 N.Y. App. Div. LEXIS 4159; 2017 NY Slip Op 04235
4145, 100/17, M-1979
May 30, 2017, Decided
May 30, 2017, Entered

**Notice:**

THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE OFFICIAL REPORTS.

THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING RELEASE OF THE FINAL PUBLISHED VERSION.

**Judges:** Acosta, P.J., Friedman, Andrias, Webber, Gesmer, JJ.

Opinion

{150 A.D.3d 627}  The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, Now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, It is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: MAY 30, 2017

From:
Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BkDC-349170951Y



May. 10.2018

To:
Margaret O'saval
Deputy Clerk
Appellate Division
First Department
27 Madison Av
NY. NY. 10010

: Subject: CPLR 7804(subd[b]) CPLR 506, subd[b])

The Court of Appeals of New York stated in NuLan v
Lungen, 61 NY.2d 788; Pertinent part; CPLR 7804 subd b
concerns the subject matter jurisdiction of the lower
courts in article 78 proceedings. Considered with the
provision it refers to (CPLR 506, subd b), the statue
clearly requires that such a proceeding be commenced
in Supreme Court, unless certain judges are <u>named</u>
<u>respondents,</u> in which case it must be commenced
in the Appellate Division.  Also see....

An article 78 proceeding against a Supreme Court Justice or a County Court Judge must be Commenced in the Appellate Division. Budde v Rubin, 89 A.D.2d 1016.

An article 78 proceeding which names County Judge as Respondent must be Commenced in Appellate division, Irrespective of wheter another party such as district attorney is also named as respondent. Pollak v Mogavero, 114 A.D.2d 640.

Article 78 proceeding, alleging that Attorney General lacked authority to intervene in Criminal proceeding against petitioners without governor's authorization, was properly Commenced in Appellate Division pursuant to CPLR 506 b.1 where County Judge was named as respondent, even though other officers were also named as respondents; petition in reality sought relief against Judge in that it Sought order prohibiting him from proceeding with trial of indictment. Haggerty v Himelein, 221 A.D.2d 138.

See Second page
of Complaint.

P2

Propiety of Supreme Court order appointing Special district Attorney to investigate certain criminal activity was Question which was properly before Appellate Division since prohibition is appropiriate remedy to void improper appointment of prosecutor" when made by Court." Holtzman v Hellenbrand, 130 AD2d 749

It is a prerequisite to public office or employment to swear an oath or affirmation both to support the federal and state Constitutions and to faithfully discharge the duties of office or employment, Weinstien v New York City transit Authority, 59 MISC. 2d 170.

"I do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the state of New York, and that I will faithfully discharge the duties of the office of ——————, according to the best of my ability," and no other oath, declaration or test shall be required as a Qualification for any office of *PUBLIC TRUST*

A PUBLIC EMPLOYEE's official conduct must at all times conform to the obligations of loyalty to the Government. Koral v Board of Education, 94 NY2d 378

May-11-2018

FROM:
Cory Reid
275 Atlantic AV
Brooklyn NY. 11201
BKDC-349170-4514

E

TO:
Deputy Clerk
Margaret O'saval
APP term, first Dep
27 Madison AV
NY. NY. 10010

Notice of
commencement
of Article 78
IN first Department.

## Subject: CPLR 506 b 1

Margaret O'saval, Congress says in a statue what it means
and means in a statue what it says there, and as long as
the language of the statue is plain and 'the sole function of
the court is to enforce it according to its terms. In Re Scott, 531 BR
Hartford Underwriters Ins. Co. v. Union Planters Bank, NA 530 U.S 1.

And Margaret CPLR statue 506 b 1 states A proceeding against
a justice of the supreme court or a judge of a county court or the
court of general session shall be commenced in the Appellate
division in the judicial Department where the action, in the court
of which the matter sought to be enforced or restrained
originated.

I Cory Reid forwarded this Notice to Margaret O'saval Deputy
Clerk with order to show cause pursuant to 1st AND 14th Amendments.

Cory Reid

Sworn to before me this

11 day of May, 2018

Antonio Frazier
Notary Public official

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No...
Qualified in... County
Commission Expires May 1, 2020

5/11/18

May-17-2018

From:
Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BKDC-3491709514

To:
Margaret O'saval
Deputy Clerk
App TerM
First Department
27 Madison Av
NY. NY. 10010

Subject: May 7 2018 Correspondence....,

Greetings Margaret, Cory Reid at your attention. Margaret
another petitioner in the Same jail as me Showed me his
Correspondence from you and it stated in pertinent
Part underlined with star next to underlined
part A separate petition, naming a Supreme Court
Justice, may be filed in this Court. Margaret you
forwarded back two order to show causes the
Petitioner cory Reid made against Supreme

Judge Laura Award and are against David
Simon and Laura Award with the Cover letter
all dated April 6 2018 recieved,

Cory R[illegible signature]
Cory Reid
May-17-2018



Supreme Court of the State of New York
Appellate Division - First Department
27 Madison Avenue
New York, N.Y. 10010
(212) 340-0400

May 9, 2018

████ ██ (██-█-████)
B.K.D.C.
275 Atlantic Avenue
Brooklyn, NY 11201

    Re: M/O ████ v. Attorney General, State of New York,
        Hon. M. ████████, Criminal Court, APAR1, et al.

Dear Mr. ████:

    This is to acknowledge receipt of your correspondence
dated April 26, 2018, which is returned to you for filing in the
Supreme Court, Bronx County, as your correspondence directs
respondent Criminal Court judge.  Your correspondence directs
Darcel Clark, District Attorney, Bronx County, and the Attorney
General.  That petition must be filed in the Supreme Court, Bronx
County, not in the Appellate Division, First Department.  A
separate petition, naming a Supreme Court justice, may be filed
in this Court.  If and when you file your notice of petition, it
must be notarized and in affidavit form, one copy served on your
adversary, and you must file an original and seven copies with
this Court, along with a check or money order for $315, payable
to Appellate Division, First Department.  A Poor Person affidavit
is enclosed.

                    Yours truly,

                    _Margaret O'Saval_
                    DEPUTY CLERK

                    Clerk's Office

enc(2)

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC-349170 9514

RECEIVED
APR 6 - 2018
APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

April-3-2018

Clerk's Office
Appellate Division
Supreme Court of the State of New York
First Judicial Department
27 Madison Avenue
N.Y. N.Y. 10010

RE: Three Order's to Show Cause

To Whom It may Concern!

Hello my name is Cory Reid and I am a defendant in an ongoing prosecution in the County of New York. I am writing this Cover letter in reference to Three (3) order's to Show Cause, and, all three of them is asking for different relief. I respectfully ask this Court to allow me to Commence these special proceedings pursuant to NYCPLR 78 and I, 14th of U.S. Const. and Art I sec 8, 11 of NY state Const. Can this court consider my papers attached.

Sincerely
Cory Reid

P4

Judge
Ward

**RECEIVED**

APR 0 – 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

Margaret
you
wrote
that

April 7 2018
Cory Read against
Judge ward only

No Staples

I was only able to make

one Copy and gave

this Cart original

**P5**

Judge
ward

**RECEIVED**

APR 6 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

Margaret
you
wrote
that

April 8 2018
Cory Reid
against
Judge ward
cny

# NO Staples

I was also only able to make

one copy for this court and gave

this court original

May-23-2018

From:
Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BKOC-3491709514


TO
Margaret O'saual
Deputy Clerk
App Term: First Dep
27 Madison Avone
N.Y.N.Y. 10010

Subject: Order to Show Cause...,

Greetings Ms Margaret Cory Reid at your attention, on the 19th of April of the Current year Cory Reid forwarded to this App Term an order to Show Cause with the following Respondents: JUDGE DarkeH APAR 1, JUDGE msse Part C, JUDGE ward Part 71, JUDGE in part C on 11-21-2017, All four Arresting officers, Def. Att. Yosha Gunasekera, Yosha Gunasekera's Supervisor, Mass Transit authority, Prosecuting attorney (one before nicholas Barnes) officer phoenix T.B.4, officer Gheloan T.B.4, M.D. Joseph nabbashe, M.D. Cheye Snavely, Legal aid Society, All Grand Jury members on 11-20-2017.

P1

Can This App term please respond to me
on the subject. Thank you.

Cory Reid States the above information to be
true and correct.



_____
Cory Reid
May-23-218

Swon to before me this

23rd day of May, 2018
_____
Notary Public official

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6287057
QUALIFIED IN
KINGS COUNTY
COMM. EXP
02-18-2022
PUBLIC
STATE OF NEW YORK

June-12-2018

RECEIVED

JUN 13 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

From:
Cory Reid
275 Atlantic AV
Brooklyn N.Y. 11201
BKDC-3491709514

AFFIDAVIT

To:
Margaret Sowatt
Deputy Clerk
App Term.
1st Department
27 Madison AV
N.Y. N.Y. 10010

Subject: Margaret Sowatt...,

Greetings Margaret, Cory Reid at your attention.
Maam My Sister forwarded to me your whole
history (see attachment) and maam, you never got
back to me on my Letter to you Dated May
23, 2018 asking about the order to Show Cause

Pertaining to these respondents, which is that Same
order to show cause attached which Lawfully
must get filed with this Court. JUDGE moses,
JUDGE ward, JUDGE Darkeh, JUDGE in part C on
11-20-2017, All four arresting officers, Yosha Gunasekera
Yosha Gunasekera's supervisor, mass transit authority,
Prosecuting attorney (one before nicholas Barnes) officer phoenix,
officer GHeGan, M.D. joseph Habbashe, M.D. Cheyenne
Snavely, Legal aid Society, All Grand jury members
on 11-20-2017, Margaret you worked in the New
York State Court of Appeals which proves you
Knew about CPLR 506 B7. Also I am making
complaints about you to various places stating
that JUDGE Laura ward is giving you Directions
on Cory Reid's article 78's. Also you DID Something
with the 78's dated April-3-2018, May-11-2018

Trust me margaret, I am not going to allow you to treat me like this, you are not authorized to Deny me a Civil right. Margaret you never rebotted my affidavit Dated May 9-2018, I am forwarded that with my Grievances against you and Laura ward, trust me margaret

I never give up, trust me, I am going to keep fighting for Civil Rights margaret, I know what you doing.

Attached is a order to show cause with the aforementia respondents I am requesting you file for Cory Reid.



Cory Reid
6-12-2018

Sworn to before me this

12ᵗʰ day of June, 2018

Notary public official

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

# ✳ PROOF OF SERVICE ✳

STATE OF NEW YORK
COUNTY OF KINGS

Cory Reid, being duly Sworn, desposes and says:

That I have on this 12th day of June of 2018, placed and submitted in the postal Receptacle in the New York-city Correctional facility known as Brooklyn Detention Complex located at 275 Atlantic Av, BKlyn N.Y. 11201, A Affidavit to be duly mailed via the United States postal service to the following parties:

Margaret Souart
first Dep, Deputy Clerk
27 Madison Ave
N.Y. N.Y. 10010

Grievance Committee (2nd Griev.)
61 Broadway 2nd floor
N.Y. N.Y. 10006

Inspector General's office
25 Beaver Street
N.Y. N.Y. 10004

Sworn to before me this

12th day of June , 2018



NOTARY PUBLIC official

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK



# Margaret Sowah

Deputy Clerk of the Court, New York Supreme Court, Appellate Division, First Department

Location
        Greater New York City Area
Industry
        Law Practice

| Current | 1. New York State Supreme Court, Appellate Division, First Department |
|---|---|

| Previous | 1. New York State Court of Appeals, 2. Legal Aid Society, Criminal Appeals Bureau, 3. New York City Bar Association |
|---|---|

| Education | 1. McGill University |
|---|---|

**89** connections

## View Margaret Sowah's full profile. It's free!

**Your colleagues, classmates, and 500 million other professionals are on LinkedIn.**

## Experience

- 
    **New York State Supreme Court, Appellate Division, First Department**

June-12-2018

E

From:
Cory Reid
275 Atlantic AV
Brooklyn N.Y. 11201
BKDC-3491709514

AFFIDAVIT

To:
Margaret Sowatt
Deputy Clerk
App Term:
1st Department
27 Madison AV
N-Y. N.Y. 10010

Subject: Margaret Sowatt

Greetings Margaret, Cory Reid at your attention.
Maam My Sister forwarded to me your whole
history (see attachment) and maam, you never got
back to me on my Letter to you Dated May
23, 2018 asking about the order to show cause

Pertaining to these respondents, which is that same order to show cause attached which lawfully must get filed with this Court. JUDGE MOSES, JUDGE WARD, JUDGE DARKEH, JUDGE in part C on 11-20-2017, All four arresting officers, Yosha Gunasekera, Yosha Gunasekera's supervisor, mass transit authority, Prosecuting attorney (one before Nicholas Barnes) officer Phoenix, officer Gottegan, M.D. Joseph Habboushe, M.D. Cheyenne Snavely, Legal aid society, All Grand jury members on 11-20-2017, Margaret you worked in the New York State Court of Appeals which proves you knew about CPLR 506 B 7. Also I am making complaints about you to various places stating that Judge Laura Ward is giving you Directions on Cory Reid's article 78's. Also you DID something with the 78's dated April-3-2018, May-11-2018

Trust me margaret, I am not going to allow you to treat me like this, you are not authorized to Deny me a Civil right. Margaret you never rebutted my affidavit Dated May 9-2018, I am forwarded that with my Grievances against you and Laura ward, trust me margare

I never give up, trust me, I am going to keep fighting for Civil Rights margaret, I know what you doing.

Attached is a order to show cause with the aforementi respondents I am requesting you file for Cory Reid.

Cory Reid
6-12-2018

Sworn to before me this

12ᵗʰ day of June, 2018

Notary public official



MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

P3

**\*PROOF OF SERVICE\***

STATE OF NEW YORK
COUNTY OF KINGS

Cory Reid, being duly sworn, desposes and says;

That I have on this 12th day of June of 2018, placed and submitted in the postal Receptacle in the New York city Correctional facility known as Brooklyn Detention Complex located at 275 Atlantic Av, Bklyn N.Y. 11201, A Affidavit to be duly mailed via the united states postal service to the following parties;

Margaret Souah
first Dep. Deputy Clerk
27 Madison Ave
N.Y. N.Y. 10010

Grievance Committee (2nd Grien
61 Broadway 2nd Floor
N.Y N.Y. 10006

Inspector General's office
25 Beaver street
N.Y N.Y. 10004

Sworn to before me this

12th day of June, 2018

NOTARY PUBLIC officia

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

P4



# Margaret Sowah

Deputy Clerk of the Court, New York Supreme Court, Appellate Division, First
Department

Location
:   Greater New York City Area

Industry
:   Law Practice

Current
:   1. New York State Supreme Court, Appellate Division, First Department

Previous
:   1. New York State Court of Appeals,
    2. Legal Aid Society, Criminal Appeals Bureau,
    3. New York City Bar Association

Education
:   1. McGill University

**89** connections

## View Margaret Sowah's full profile. It's free!

**Your colleagues, classmates, and 500 million other professionals are on
LinkedIn.**

## Experience

- 

**New York State Supreme Court, Appellate Division, First Department**

November 2011 – Present (6 years 8 months)Greater New York City Area

Assist the Clerk of the Court in providing administrative support to the justices of the New York State intermediate appellate court that hears criminal and civil appeals from the trial courts of New York (Manhattan) and Bronx counties. Diverse responsibilities include supervising and providing legal guidance to legal and clerical staff, implementing the policies of the Court, making personnel determinations and serving on various court administrative committees.

Deputy Chief Appellate Court Attorney, November 2010 to November 2012
Assisted in administering the day-to-day operations of the court's law department. Reviewed and edited confidential memoranda prepared by court attorneys on appeals and motions. Consulted with the Chief Clerk on a regular basis to formulate policies to improve the court's Law Department.

Supervising Court Attorney, August 2007 to November 2010
Reviewed and edited confidential bench memoranda and draft opinions prepared by court attorneys on appeals and motions.

Principal Appellate Court Attorney, August 1998 to August 2007
Researched and analyzed complex issues on appeal from courts of general jurisdiction. Prepared confidential bench memoranda of law, including a recommended disposition and draft decision, for the justices of the court. The memoranda addressed a wide variety of substantive and procedural questions raised in several thousand criminal and civil appeals, motions and applications to the court. Each memorandum contained a summary of relevant facts and analysis of the relevant legal authorities, including those presented by counsel and those identified by independent legal research.

- **Law Clerk to Hon. Carmen Beauchamp Ciparick**

**New York State Court of Appeals**

March 1997 – August 1998 (1 year 6 months)Albany, New York Area

Drafted opinions and prepared memoranda concerning constitutional, statutory, regulatory and other novel questions of law of statewide importance. Analyzed and recommended disposition of hundreds of civil motion reports and criminal leave applications.

- 

**Legal Aid Society, Criminal Appeals Bureau**

September 1993 – March 1997 (3 years 7 months)New York, New York

Prepared briefs and argued appeals before the Appellate Division, First and Second Departments and the New York Court of Appeals on behalf of indigent criminal defendants. Responsible for all tactical decisions involved in pursuing post-conviction remedies. Prepared applications for leave to appeal to the Court of Appeals.

- **Assistant Director, Legal Referral Service**

**New York City Bar Association**

May 1990 – September 1993 (3 years 5 months)Greater New York City Area

Assisted in the day to day management of the referral service. Trained referral counselors to make referrals of attorneys to the general public. Prepared summaries of law and advised referral counselors on broad areas of law. Conducted legal clinics for the public in housing and poverty law.

## Education

- **McGill University**

Master of Laws (LLM), Comparative LawMaster of Laws (LLM), Comparative Law

1983 – 1986

-

Bachelor of Laws (LLB), LawBachelor of Laws (LLB), Law

1979 – 1983

-

June-16-2018

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 112d
BKDC-349170451y



Deputy Clerk
of Appellate Division
First Department
27 Madison Avenue
New York, New York 10016.

Dear Maam.,

I, Cory Reid is seeing if he can put these
Grievances in the public's eye, maybe contact
some news reporters about you and what you doing.

Cory Reid
275 Atlantic Av
Brooklyn NY 11201
BKDC:349170954

June-21-2018

E

Margaret Sowitt
Deputy Clerk
27 Madison Av
N.Y. N.Y. 10010

Laura A. Ward
Supreme Court Judge
Part 71
100 Centre Street
N.Y. N.Y. 10013

Subject: April 3rd 2018, Article 78 petitions...

Margaret, the April 3rd 2018 petitions that you stated you
had an return Day for May 15 2018, once you unfiled
them, unfiling by you is consistent with me withdrawing,
meaning the proceeding was effectively abandoned.
Margaret once you returned the article 78's to me
there was no viable order to show cause on file in
the first department, By you unfiling the orders
to show cause rather than obtaining from the Court

a new return date by which service would be made of the filed order to show case and petition, you made a decision to start anew. Along with that decision came the obligation again to comply fully with the statutory requirements, that is, to file the notice of petition and the petition, pay the filing fee, secure an index number, effect service, and file proof of service within the prescribed time period. Since none of those steps were taking, when the petitioner forwarded back those Article 78's attached with affidavit May 9 2018, your notice dated May 18 2018 bearing index no 145/18 for April 3rd 2018 petitions was fictitious.

Got you Margaret, I now rest my search for the Law. You helping Laura Convict a young man that needs help. You got Criminal liability Conduct for another (PL 20.00), 18 USC 242, 241

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC-349170951/4



Margaret Savatt
Deputy Clerk
27 Madison Avenue
N.Y. N.Y. 10010

Laura A ward
100 Centre Street
N.Y. N.Y. 10013
Part 71.

Cover letter
For
Petition S.
with
Cover letter
From
April 3rd 2018

Subject: April 3 petition and May 7 and June 18 notice.

Margaret lets take "it from the top. June 18 2018 you told
Cory Reid that he can pursuant to law Commence A
Petition in this Department if it is against a JUDGE. So
Margaret why did you send me back the april 3rd petitions
against Laura-A ward. (see May 7 2018 letter from you and
Date stamped April 6 from you which is also being forwarded
to Laura-A ward.). Margaret you trying to switch it up
on me with the may 15 2018 return Date for index 143/18

because you know what you did. Margaret the affidavit I forwarded to you May 9 2018 asked you to Refile and you stated my writ of prohibition _and_ mandamus has a return date for May 15 2018 then when I stated you did something with the april 3 2018 and may 11 2018 petitions you had to cover your ass because you dealing with a poor Goodlooking black guy.

Fast forward meaning moving right along with the April 3rd petitions against Supreme Court Judge Laura A ward pursuant to CPLR 506 B7 and 2102(c), margaret Scuitt I cary Reid is asking you to file these petitions against Laura A ward in the first Department with a real return Date, please.

All RIGHTS RESERVED

June -22 2018

Sworn to before me this

22nd day of June, 2018

NOTARY PUBLIC Official

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC-349170951.4

**RECEIVED**
APR 6 - 2018
APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

April-3-2018

Clerk's Office
Appellate Division
Supreme Court of the State of New York
First Judicial Department
27 Madison Avenue
N.Y. N.Y. 10010

RE: Three Order's to Show Cause

To Whom It may Concern:

Hello my name is Cory Reid and I am a defendant in an ongoing prosecution in the County of New York. I am writing this Cover letter in reference to Three (3) order's to Show Cause, and, all three of them is asking for different relief. I respectfully ask this Court to allow me to Commence these special proceedings pursuant to NYCPLR 78 and 1, 14th of U.S. Const. and Art 1 sec 8, 11 of NY State Const. Can this Court consider my papers attached.

Sincerely

Cory Reid

Supreme Court of the State of New York
Appellate Division - First Department
27 Madison Avenue
New York, N.Y. 10010
(212) 340-0400

May 1, 2018

Cory Reid (#349-17-09514)
275 Atlantic Avenue
Brooklyn, NY 11201

    Re: M/O Reid v.  Hon. Laura Ward, JSC, NY County, et al.
        And M/O Reid v. Hon. Laura A. Ward, JSC, NY County; ADA N.
        Barnes

Dear Mr. Reid:

    This is to acknowledge receipt of your correspondence dated
April 3 and April 12, 2018, which are being unfiled and returned
to you for filing in the Supreme Court.

    Your correspondence dated April 3, 2018 directs David Simon;
this should be filed in the Supreme Court, not the Appellate
Division, First Department.  Your correspondence dated April 12,
2018, directs an Assistant District Attorney, and must also be
filed in Supreme Court.

                        Yours truly,

                        Margaret O'Saval
                        DEPUTY CLERK

                    Clerk's Office

enc(2)

cc: NYAG

    NYDA-Appeals

Judge
Ward

**RECEIVED**

APR 0 - 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

Margaret
you
wrote
that

# NO Staples

I was only able to make

one Copy and gave

this Cart original

RECEIVED

APR 0 — 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

Judge
wrote

↑

Margaret
you
wrote
that

# NO Staples

I was also only able to make

one copy for this court and gave

this court original

6-15-2018

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC-3491709514

E

Deputy Clerk
Margaret Sowah
First Department
27 Madison Avenue
N.Y. N.Y. 10010

RECEIVED

JUN 18 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

NOTICE OF
COMMENCEMENT
OF ARTICLE 78
PURSUANT TO
*THE PETITION CLAUSE*

Dear Maam,

I, Cory Reid, is putting you on notice that I am Commencing an Article 78 Petition in this department (First), and I am naming you (Margaret Sowah) as one of the Respondents (The Petition has eight attachments.)

Right to Petition is Reserved

Private Citizen 2018

The notary Public of the BROOKLYN DETENTION COMPLEX witnessed under Cory Reid's Signature that he is forwarding this Notice to the App Term 1st Dept's Deputy Clerk Margaret Sowah.

witnessed on the

15th day of June, 2018



MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

NOTARY PUBLIC OFFICIAL

P1

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition*

The Petition Clause of the First Amendment protects the rights of individuals to access the courts for the resolution of legal disputes.

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Assembly*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Scope of Freedom*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition*

The right to petition is cut from the same cloth as the other guarantees of the First Amendment, U.S. Const. amend. I, and is an assurance of a particular freedom of expression. The Petition Clause is inspired by the same ideals of liberty and democracy that gave us the freedom to speak, publish, and assemble. These First Amendment rights are inseparable.

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Association*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview*

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > General Overview*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Assembly*

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition*

When the Court has accords protection to conduct under the petition clause, other First Amendment, U.S. Const. amend. I rights, such as the right to assemble, to associate, or to speak freely on a matter of legitimate public concern, are implicated by the conduct in question and are principal concerns in a court's decision that the conduct should be protected.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

Official reprisal for protected speech offends the Constitution because it threatens to inhibit exercise of the protected right. To plead retaliation for the exercise of First Amendment rights, a plaintiff must allege (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.

***Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom to Petition***

***Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > Scope of Freedom***

Both the Free Speech Clause and the Petition Clause protect personal expression', both expression generally and expression directed towards the government for the specific purpose of asking it to right a wrong.

***Civil Rights Law > Section 1983 Actions > Elements > Color of State Law > State Agents***

***Civil Rights Law > Section 1983 Actions > Elements > Color of State Law > State-Authorized Actions***

The 42 U.S.C.S. § 1983 "under color of state law" requirement can be met where the defendant either: (1) acts in his or her official capacity or (2) purports to act according to official power.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

Whether an act is retaliatory is an objective question. The court asks whether the act would deter a person of ordinary firmness, not whether the plaintiff was deterred. There is good reason for such a rule: the court will not reward government officials for picking on unusually hardy speakers. At the same time, the court recognizes that government officials should not be liable when the plaintiff is unreasonably weak-willed.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

Where an alleged act of retaliation takes the form of an official's own speech, the court employs a more specific test to determine whether the official's speech amounts to a retaliatory act. The court asks whether there was a threat, coercion, or intimidation, intimating that punishment, sanction, or adverse regulatory action will follow.

***Constitutional Law > Bill of Rights > Fundamental Freedoms***

The third element of a retaliation claim requires a causal link between a plaintiff's constitutionally protected activity and the retaliatory act. The required link is but-for causation. Any plaintiff charging official retaliatory action must prove the elements of retaliatory animus as the cause of injury, and the defendant will have the opportunity to respond to a prima facie case by showing that the action would have been taken anyway, independently of any retaliatory animus. One method of proving a causal link, applicable here, is unusually suggestive temporal proximity.

## * PROOF OF SERVICE *

STATE OF NEW YORK
COUNTY OF KINGS

CORY REID, being duly sworn, desposes and says:

That I have on this 15th day of June, 2018, placed and submitted in the postal receptacle in the New York City Correctional facility known as the BROOKLYN DETENTION COMPLEX located at 275 Atlantic Avenue, Bklyn, NY 11201, a NOTICE of Commencement of Article 78, with an actual article 78 petition that has 8 attachments, to be duly mailed via the United States Postal Service to the following parties in the above action:

Deputy Clerk
of App Term 1st Dep
27 Madison Avenue
N.Y. NY. 10010
ATTN: Margaret Sowah

Respectfully Submitted



Sworn to before me this

15th day of June, 2018

NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

P5

At a term of the Supreme Court of the State of New York, held in and for the County of New York on the     day of

Present: Hon.                , Justice.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of
CORY REID, Petitioner

-against-

DAVID SIMON, ARR. OFFICER
LAURA A WARD, JUDGE
                    Respondent
for a JUDGEMENT PURSUANT to Article
78 of the civil Practice law and Rules

RECEIVED

APR 9 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

, 20 .

ORDER TO SHOW CAUSE

INDEX no.

Upon the annexed affidavit in support of an Order to Show Cause of CORY REID, verified on the 3 day of April   , 2018, the verified Petition, Sworn to on the 3 day of April   , 2018 9 + is

ORDERED that respondents DAVID SIMON, LAURA A WARD show cause at a term of this Court, to be held in the County of New York on the   day of     , 20  , or as soon thereafter counsel may be heard why judgement should not be made and entered in this Matter Pursuant to Article 78 of the civil Practice law and Rules.

VACATING and setting aside respondent David simons decision not to inform the petitioner that the video the People's are using today to prosecute you on is not the same video I used to authenticate your arrest.

DIRECTING respondent David Simon to inform the petitioner the People's are using a different video to prosecute you on, today.

GRANTING such other and further relief as the Court may deem just and proper.

ORDERED that pending the hearing of this special proceeding and pursuant to Section 7805 of the civil practice law and Rules, respondent and all other officers, employees,

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CORY REID, Plaintiff

-against-

LAURA·A·WARD
MARGARET SOWAH
        Defendants

\* A F F I D A V I T \*

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, desposes and says:
An AFFIDAVIT can be used for unquestionable documentary proof.

\* AFFIDAVIT OF TRUTH \*

June-26-2018

\* Margaret and Laura first I state this: I cant believe your teaming to defeat the Law.

\* Margaret tell Cory Reid in a Notice if this is good-faith and why the response took so long.

Margaret on April 19 2018 Cory Reid forwarded to you an order to show cause Dated April 19 2018.

P1

Margaret you stamped the Article 78 Dated April 19 2018 recieved April 24 2018. (The first time).

Then on may 1 2018 you forwarded to Cory Reid Four Article 78's stating they had to be Commenced in lower Court. (no mention on April 19 2018 Article 78)

Then on May 18 2018 you forwarded Cory Reid a notice stating he had return Dates. (Still no mention on April 19 2018 Article 78).

Then on May 23 2018 Cory reid forwarded to you an affidavit talking and asking about April 19 2018 Article 78. (No Reply until after June 12 2018.)

June 12 2018 Cory Reid forwarded to you an affidavit stating he was making Complaints about you with the attached article 78 petition dated April 19 2018. You recieved it June 13 2018 Stamped.

55 days later you tell Cory Reid that he cannot File that petition in that department which is a lie because

Article 78 proceeding, alleging that Attorney General lacked authority to intervene in Criminal proceeding against Petitioners without governor's authorization, was properly Commenced in Appellate division pursuant to CPLR 506 B7 where County Judge was named as respondent, even though other officers were also named as respondents; petition in reality sought relief against Judge in that it sought order prohibiting him from proceeding with trial of indictment. Haggerty v. Himelein, 221 AD2d 188. Same thing as the April 19 2018 petition that seeks order prohibiting her from proceeding with trial of indictment. See petition. Also

An Article 78 proceeding which names County Judge as Respondent 'must' be Commenced in appellate division, 'irrespective' of wheter another party such as a district attorney is also named a respondent. Pollak v Mogavero, 114 AD2d 640. Margaret that means I have no choice but to file the April 19 2018 petition with 27 Madison Ave NY NY 10010.

'You Hid the April 19 2018 Article 78'

Margaret you stated in your June 18 2018 notice that Petitions in this Cort must name only Judges.

Come on now margaret, from April 24 2018 recieved April 19 2018 petition fil June 13 2018 it took you 55 days to tell Cory Reid that he cannot file that petition here, why? and Come on now, tricks are for kids.

Margaret Cory Reid is attaching the April 19th 2018 petition and asking you to file it with the first department pursuant to Haggerty v Himelen, 221 A02d 138 AND Pollak v Mogavero, 114 A02d 640 and CPLR 506 B7 LIKE they stated. Art 7 sec 8 NY state Const.

Cory Reid states the 55 days to be true.

All RIGHTS RESERVED

Sworn to before me this

26th day of June, 2018

NOTARY PUBLIC OFFICIAL



MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

## *PROOF OF SERVICE*

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, declares by his signature Cai

THAT, I have on this 26th day of June, 2018, placed and submitted in the postal Receptacle of the BROOKLYN DETENTION COMPLEX, Located at 275 Atlantic Ave, BKLYN NY 11201, 4 Affidavits, two Copies of each that relatively talk about how the Deputy Clerk Margaret Savatt who supervise clerical staff in App term 1st Dept intentionally delayed Cory Reid's April 3 2018 petitions 77 Days, and, intentionally concealed his April 19 2018 petition for 55 Days interferring with protected activity to help out Laura A. Ward the Judge presiding over his criminal case. And a Court of appeals of New York case law to be duly mailed via the United States postal service to: 1 out of 4.

Supreme Court Judge
Laura A Ward
part 71
100 Centre Street
NY NY 10013

Deputy Clerk
App Term, 1st Dep
Margaret Savatt
27 Madison Avenue
NY NY 10010
    All RIGHTS RESERVED

Sworn to before me this

26th day of June 2018
M

NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6207057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

At a term of the Supreme Court of the State of New York,held in a
nd for the County of New York on the     day of          ,20  .
                    Present: Hon.              ,Justice
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
In the Matter of the Application of
CORY REID,Petitioner
           -against-
JUDGE DARKEH APAR 1                    ORDER TO SHOW CAUSE
JUDGE MOSES PART C                     Index No._____
JUDGE WARD PART 71
JUDGE IN PART C ON 11-21-2017
ALL FOUR ARRESTING OFICERS FROM T.B.4
DEF.ATT.YOSHA GUNASEKERA
YOSHA GUNASEKERA's SUPERVISOR
MASS TRANSIT AUTHORITY
PROSECUTING ATORNEY
OFFICER PHOENIX T.B.4
OFFICER GHEGAN T.B.4
M.D.JOSEPH HABBOUSHE
M.D.CHEYENNE SNAVELY
LEGAL AID SOCIETY
ALL GRAND JURY MEMBERS ON 11-20-2017
           Respondents
For a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules

RECEIVED

APR 24 2018

APPELLATE DIVISION, SUPREME
COURT, FIRST DEPARTMENT

        Upon the annexed afidavit in support of an Order to Show Cau
se of CORY REID,verified on the 19th day of April  ,2018,the verifie
d petition,Sworn to on the 19th day of April  ,2018 It is
        ORDERED that respondents DARKEH,MOSES,WARD,JUDGE IN PART C
ON 11-21-2017,ALL FOUR ARRESTING OFFICERS,YOSHA GUNASEKERA,YOSHA
GUNASEKERA's SUPERVISOR,MASS TRANSIT AUTHORITY,PROSECUTING ATTORN
EY,OFFICER PHOENIX,OFFICER GHERGAN,JOSEPH HABBOUSHER,CHEYENNE SNA
VELY,LEGAL AID SOCIERY,ALL GRAND JURY MEMBERS ON 11-20-2017 show
cause at a term of this court to be held in the county of New Yor
k on the  day of       ,20  ,or as soon as thereafter counsel me
y be heard why judgement should not be made and entterted in this
mater Pursuant to Article 78 of the Civil Practice Law and Rules:
        VACATING and setting aside respondents All grand Jurys memb
ers on 11-20-2017 decision as null and void when they voted a tru
e bill to indict Cory Reid contrary to CPL.170.20 since they was
told and showed by Cory Reid that Cpl.170.20 applies only to case
s that originate(arested for)as misdemeanors. It does not apply
tro case that originate(arrested for) as felonies.

June-26-2018

E

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC349170951Y

Margaret Sarah
Deputy Clerk
27 Madison Ave
NY NY 10010
App Term. 7st Dep.

LAURA·A·WARD
Supreme Court Judge
Part 71
100 Centre Street
NY NY 10013

## * A F F I D A V I T *

STATE OF NEW YORK
COUNTY OF KINGS

I, Cory Reid, being duly Sworn, despose AND SAY:

April 3rd 2018 I forwarded three Article 78's against ward, then on April 12 2018 another article 78. April 19 2018 another article 78. After calling motion office Renae told me I had two return dates one for May 8 2018 (march 28 2018 petion mandamus compelling ward to answer A and H part of motion index no 143/18) The other return date was for one against David Simon and Laura ward known now as Moses and ward. (May 15 2018).

May 7 2018 Margaret forwarded back to Cory reid three April 3rd 2018 petitions including the ones only against judge, and one petition against judge and prosecutor (April 12th 2018 petition). But she did not send back the April 19 2018 petition that is stamped recieved April 24 2018 by her. But she did send back the petition from April 12 2018 that is stamped recieved April 27 2018, by her. (Pay attention Laura ward).

May 9 2018 Cory reid forwarded to margaret an affidavit with two Article 78's to please refile for him (the two only against the judge from April 3rd 2018 prohibition and mandamus)

May 10 2018 Cory Reid forwarded to margaret a letter.

May 11 2018 Cory Reid forwarded to margaret a letter with a article 78 petition attached against Moses and ward formerly known as David Simon and ward. (May 15 2018).

May 17 2018 Cory Reid forwarded to margaret a letter showing her how she unlawfully unfiled (withdrew) those April 3rd 2018 and April 12th 2018 petitions. Abandoned the proceedings.

Now we arriving at the thirty day stage that margaret has not responded to the April 19 2018 petition but it is stamped recieved April 24 2018, by her (wanting reid to forget).

May 23 2018 Cory Reid forwarded to margaret a letter asking about the April 19 2018 petition, stamped recieved April 24 2018, by her. (wanting cory to forget about it)(conviction).

Now around May twenty something of 2018 Cory Reid recieved via mail a notice from Margaret dated May 18 2018 stating She recieved the Cory Reid May 10 and 11 letter (not May 9) and has a calendar date for MAY 15 2018 for his writ of prohibition and mandamus citing INDEX NO. 143/18. The only two against the JUDGE prohibition and mandamus is the two from April 3rd 2018 that she already unfiled and retuned to me May 1 2018 with notice. So that return date is abandoned, and the Court wrote "dismissed". She must start anew. (No more May 15 2018 return date). (Simon and ward).

Laura wards the May 18 2018 is a notice from margaret and she did not mention the April 19 2018 petition Stamped recieved April 24 2018 by her, why not? (because she wanted to hold at until he gets convicted.)

On June 12 2018 Cory Reid forwarded to Margaret a letter Notarized June 12 2018 with another copy of April 19 2018 petition Both was stamped recieved June 13 2018 by her. Then all of a sudden margaret changed the return date index no.143/18 to May 15 2018 (covering herself) also telling Cory Reid he cannot Commence a petition in that court against non-judges for Petition Notarized April 19 2018 55 days later. In that letter She also has another return date or rather another index no.145/18 without saying what petition it is or what date is was filed, so Cory Reid can prepare a defense to it.(6,14)

Conclusion, margaret and Laura upon information and belief your Don't want the April 19 2018 petition to get Commenced because it will prove that the grand jurors never voted a true bill against Cory Reid. It will also show what the police did to me was legally unjustified because the video did not arrive until later. And JUDGE Darkett cannot explain how she remanded me on known to her fake evidence.

Cory Reid is forwarding to margaret the two April 3rd 2018 Petitions against ward only like margaret ask. A new june 20 2018 petition against ward only (already forwarded) and the April 19 2018 petition to file pursuant to CPLR 2102(C)

(margaret changed the May 8 2018 index no 143/18 to 5-15-2018)
March-28-2018 petition.

So margaret I wrote a few places, right now I got in my possession sixty postal stamps so I can hopefully have someone come to the jail and interview me and I can put you out there and show them all letters and affidavits plus the Article 78's you hiding so I do not win against the judge. Hopefully margaret, what I am doing with you, has nothing to do with my criminal case. I am not doing that to get released. Remember that margaret. I never give up.

Yours Truly and Sincerely
Cory Reid
Never Given up.

Maya angelou stated the ultimate measure of a man is not where he stands at in moments of comfort and convience. But where he stands at at times of challenge and controversy.

Me against you Margaret, the truth
prevails later even if you try and
switch things. (in the Computer).
(since you A clerk, Deputy Clerk).

Ultimately margaret the Cart will want to know? Did you have access to falsify official Recaos and doduments to cover your ass after reading the June 12 2018 Affidavit from Cory Reid, because you did misuse this state law CPLR 2102 (c) During buisness hours while working as a deputy clerk in the Clerk's office of the App Term (goverment) and deprive Cory reid of his civil Right to Commence petitions in that department because you did not want those petitions to get granted against the person you helping out with or without her knowledge of it.

Laura and Margaret not upon information and belief, but by a prepanderance of the evidence it is more likely than not that margaret read numbers 7 and 2 in the May 9 2018 affidavit forwarded to her via mail (Cory reid forwarded it again as one of the attachments to Article 78 dated June 13 2018) but it wasn't until she recieved the June 12 2018 affidavit from Cory Reid that stated he was making Complaints against her and that she did something with the April 3rd 2018 and May 11 2018 petitions that she started to cover up shit using her office for official corruption. (INDEX no. 143/18)

Margaret Sarah in your May 7 2018 notice it states "Your Correspondence dated April 3, 2018 directs David Simons this should be filed in the Supreme Court, not the Appellate Division, First Department. You did not even mention the two only against Judge, but forwarded them back to Me contrary to authorization delaying me, helping Laura win.

Cory Reid states that everything in this Affidavit is true, correct and Margaret did it.

ALL RIGHTS RESERVED



Sworn to before me this

24th day of June, 2018

NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

☆PROOF OF SERVICE☆

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, declares by his signature

THAT, I have on this 26th day of June, 2018, placed and submitted in the postal Receptacle of the BROOKLYN DETENTION COMPLEX, located at 275 Atlantic Ave, BKLYN NY 11201, 4 Affidavits, two copies of each that relatively talk about how the Deputy Clerk Margaret Savath who supervise clerical staff in App Term 1st Dept intentionally delayed Cory Reid's April 3 2018 petitions 77 Days, and, intentionally concealed his April 19 2018 petition for 55 Days interfering with protected activity to help out Laura A. Ward the Judge presiding over his criminal case. And a Court of appeals of New York case law to be duly mailed via the United States postal service to: 1 out of 4.

Supreme Court Judge
Laura A. Ward
Part 71
100 Centre Street
NY NY 10013

Deputy Clerk
App Term 1st Dep
Margaret Savath
27 Madison Avenue
NY NY 10010

All RIGHTS RESERVED

Sworn to before me this

26th day of June 2018

NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

At a term of the Supreme Court of the State of New York,held in a
nd for the County of New York on the        day of                ,20  .
         Present: Hon.              ,Justice
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
In the Matter of the Application of
CORY REID,Petitioner
         -against-
JUDGE DARKEH APAR 1                        ORDER TO SHOW CAUSE
JUDGE MOSES PART C                         Index No._____
JUDGE WARD PART 71
JUDGE IN PART C ON 11-21-2017
ALL FOUR ARRESTING OFICERS FROM T.B.4
DEF.ATT.YOSHE GUNASEKERA                   RECEIVED
YOSHA GUNASEKERA's SUPERVISOR
MASS TRANSIT AUTHORITY                     APR 24 2018
PROSECUTING ATORNEY
OFFICER PHOENIX T.B.4                      APPELLATE DIVISION, SUPREME
OFFICER GHEGAN T.B.4                       COURT, FIRST DEPARTMENT
M.D.JOSEPH HABBOUSHE
M.D.CHEYENNE SNAVELY
LEGAL AID SOCIETY
ALL GRAND JURY MEMBERS ON 11-20-2017
         Respondents
For a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules

         Upon the annexed afidavit in support of an Order to Show Cau
se of CORY REID,verified on the 9th day of April   ,2018,the verifie
d petition,Sworn to on the 9th day of April  ,2018 It is
         ORDERED that respondents DARKEH,MOSES,WARD,JUDGE IN PART C
ON 11-21-2017,ALL FOUR ARRESTING OFFICERS,YOSHA GUNASEKERA,YOSHA
GUNASEKERA's SUPERVISOR,MASS TRANSIT AUTHORITY,PROSECUTING ATTORN
EY,OFFICER PHOENIX,OFFICER GHERGAN,JOSEPH HABBOUSHER,CHEYENNE SNA
VELY,LEGAL AID SOCIERY,ALL GRAND JURY MEMBERS ON 11-20-2017 show
cause at a term of this court to be held in the county of New Yor
k on the  day of        ,20  ,or as soon as thereafter counsel ma
y be heard why judgement should not be made and enterted in this
mater Pursuant to Article 78 of the Civil Practice Law and Rules:
         VACATING and setting aside respondents All grand Jurys memb
ers on 11-20-2017 decision as null and void when they voted a tru
e bill to indict Cory Reid contrary to CPL.170.20 since they was
told and showed by Cory Reid that Cpl.170.20 epplies only to case
s that originate(arested for)as misdemeanors. It does not apply
tro case that originate(arrested for) as felonies.

Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BKDC-349170954



June-21-2018

LAURA·A·WARD
Part 71
100 Centre Street
NY. NY. 10013

*AFFIDAVIT*

Margaret Sawah
First Department
27 Madison Av
NY. NY. 10010

RE: Constitutional Violation..,

Margaret Sawah from April 24 2018 to April 30 2018 that is
Six days. From May 1 2018 to May 31 2018 that is Thirty seven
days. From June 7 2018 to June 22 2018 that is fifty five
days. Margaret it took you fifty five (55) Days to forward
to Cory Reid a response from April 19 2018. And since one of
your responsibilities in the court is to supervise clerical staff
you had an affirmative duty to say what you said maybe 50
days earlier instead of 55 days later. Upon information and
belief you called Laura Ward and told her the respondents
and relief requested and she told you not to file that petition.
The Source of my belief is

Due to mass transit authority forwarding the video maybe two weeks to court after bail was set by Darkett. Also due to Grand jury not actually voting a true bill against me and me illegally be in Supreme Court with no indictment. Due to moses granting application for CPL 170.20. Due to ward not dismissing due to the above. Due to money damages incidental to primary relief (7806). Next

Margaret in your notice second page first line you stated <u>The petition in this court must name only JUDGES</u>, but you been working in <u>appellate division first department</u> from 2011 to present <u>Supervising clerical staff</u> so why did you <u>allow</u> this <u>petition</u> to be <u>commenced</u> in Year 2014 with Petitioner Cory Reid against Respondents <u>JUDGE Laura Award</u> <u>JUDGE Michael Jobus</u>, <u>Dis. Att. Cyrus R Vance</u> and <u>Def Att</u> <u>ANNE B RUDMAN</u> and also Year 2017 with Petitioner Cory Reid against Respondents <u>Def Att Katherine Byjville</u> <u>Detective Victor Lascano</u>, officer <u>Manvel mercedez</u> and <u>Prosecuting attorney.</u>

And then margaret another petition in Year 2015
with Corgreid against Laura Awann and Samvel david (ADA).

Margaret go check them at I'll be right here in
Jail waiting for my illegal conviction. But guess what
margaret that is not going to end what I got going
here. Margaret I told you I dont stop fighting for
Civil Rights. Watch margaret this has nothing to do
with the criminal case. You'll see.

To be Continued...

Civil Rights Stayed

Swarn to before me this

26th day of June 2018

NOTRY PUBLIC OFFICIAL



MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

**✱ PROOF OF SERVICE ✱**

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, declares by his signature

THAT, I have on this 26th day of June, 2018, placed and submitted in the postal Receptacle of the BROOKLYN DETENTION COMPLEX, Located at 275 Atlantic Ave, BKLYN NY 11201, 4 Affidavits, two Copies of each that relatively talk about how the Deputy Clerk Margaret Savatt who supervise clerical staff in App term 1st Dept intentionally delayed Cory Reid's April 3 2018 petitions 77 Days, and, intentionally concealed his April 19 2018 petition for 55 Days interfering with protected activity to help at Laura A. Ward the Judge presiding over his criminal case. And a Court of appeals of New York case law to be duly mailed via the United States postal service to: 1 out of 4.

Supreme Court Judge
Laura A Ward
Part 71
100 Centre Street
NY NY 10013

Deputy Clerk
App Term, 1st Dep
Margaret Savatt
27 Madison Avenue
NY NY 10010

All RIGHTS RESERVED

Sworn to before me this

26th day of June 2018

NOTARY PUBLIC OFFICIAL



MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

At a term of the Supreme Court of the State of New York, held in a
nd for the County of New York on the ____ day of _____ ,20  .
            Present: Hon. _____ ,Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

In the Matter of the Application of
CORY REID,Petitioner
        -against-
JUDGE DARKEH APAR 1                          ORDER TO SHOW CAUSE
JUDGE MOSES PART C                           Index No._____
JUDGE WARD PART 71
JUDGE IN PART C ON 11-21-2017
ABL FOUR ARRESTING OFICERS FROM T.B.4
DEF.ATT.YOSHE GUNASEKERA                      RECEIVED
YOSHA GUNASEKERA's SUPERVISOR
MASS TRANSIT AUTHORITY                          APR 24 2018
PROSECUTING ATORNEY
OFFICER PHOENIX T.B.4                       APPELLATE DIVISION, SUPREME
OFFICER GHEGAN T.B.4                        COURT, FIRST DEPARTMENT
M.D.JOSEPH HABBOUSHE
M.D.CHEYENNE SNAVELY
LEGAL AID SOCIETY
ALL GRAND JURY MEMBERS ON 11-20-2017
            Respondents
For a Judgement Pursuant to Article 78
of the Civil Practice Law end Rules
_____

        Upon the annexed afidavit in support of an Order to Show Cau
se of CORY REID,verified on the 9th day of April ,2018,the verifie
d petition,Sworn to on the 9th day of April ,2018 It is
        ORDERED that respondents DARKEH,MOSES,WARD,JUDGE IN PART C
ON 11-21-2017,ALL FOUR ARRESTING OFFICERS,YOSHA GUNASEKERA,YOSHA
GUNASEKERA's SUPERVISOR,MASS TRANSIT AUTHORITY,PROSECUTING ATTORN
EY,OFFICER PHOENIX,OFFICER GHERGAN,JOSEPH HABBOUSHER,CHEYENNE SNA
VELY,LEGAL AID SOCIERY,ALL GRAND JURY MEMBERS ON 11-20-2017 show
cause at e term of this court to be held in the county of New Yor
k on the ____ day of _____ ,20  ,or as soon as thereafter counsel ma
y be heard why judgement should not be made and enterted in this
mater Pursuant to Article 78 of the Civil Practice Law and Rules:
        VACATING and setting aside respondents All grand Jurys memb
ers on 11-20-2017 decision as null and void when they voted a tru
e bill to indict Cory Reid contrary to CPL.170.20 since they was
told and showed by Cory Reid that Cpl.170.20 applies only to case
s that originate(arested for)as misdemeanors. It does not apply
tro case that originate(arrested for) as felonies.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: FIRST DEPARTMENT
--------------------------------------

CORY REID, Plantiff

                                        AFFIDAVIT

      -against-

Deputy Clerk MARGARET SOWAH
              Defendant
--------------------------------------

STATE OF NEW YORK
COUNTY OF KINGS


I, CORY REID, being duly sworn, despose and says:

Margaret True or false, when Susanna showed you the Article 78 Pe
tition Cory Reid filed against your frieed Laura.A.Ward pursuant
to CPLR 506 B1 dated July-11-2018, you quickly snatched it and su
bsequently put it in a hiding spot that only you and SusaNNa is a
ware of. you did it because the Article 78 Petition can get grant
ed and your do not want that. Margaset your do not want the judge
s to know what your doing that is why you sent Susanna to tell me
that I cannot file that Petition against you, ward and Barnes. Yo
u sent Susanna so it do not look ex parte.

Cory Reid declares under penalty of perjury that the aforemention
ed is true and correct.

                                        Aug-10-2018
      _____
                  Private Citizen


Sworn to before me this

10 day of August, 2018

_____
NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6348039
Qualified In New York County
My Commission Expires 09-19-2020

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6348039
Qualified In New York County
My Commission Expires 09-19-2020





*Supreme Court Appellate Division*
*First Department*

*27 Madison Avenue*
*New York, N.Y. 10010*
*212-340-0400*

*Susanna Molina Rojas*
*Clerk of the Court*

July 18, 2018

Cory Reid
BKDC-3491709514
275 Atlantic Avenue
Brooklyn, New York 11201

Re: Article 78 Petition against Judge Laura A. Ward, Deputy
Clerk Margaret Sowah and Prosecuting Attorney Nicholas
Barnes

Dear Mr. Reid:

On June 18, 2018, this Court received a Notice of Commencement
of an Article 78 and an accompanying Order to Show Cause, dated
June 15, 2018, by which you sought to file an Article 78 proceeding
against Justice Laura A. Ward, Deputy Clerk of the Appellate
Division, First Department Margaret Sowah, and Assistant District
Attorney Nicolas Barnes.

An Article 78 proceeding is a special proceeding. Under
Section 506 of the Civil Practice and Procedure Law (CPLR), only
a "proceeding against a justice of the supreme court or a judge of
a county court or the court of general sessions shall be commenced
in the appellate division." This Court has accepted multiple
Article 78 proceedings that you have filed against Justice Ward.
However, any proceeding against other court employees or officers
who are not supreme court justices or county court judges cannot
be filed in the Appellate Division; those proceedings must be filed
in the trial court (the Supreme Court in New York County).

Cory Reid
Page 2
July 18, 2018

        Accordingly, any Article 78 petition against Ms. Sowah or Mr.
Barnes, or any other person who is not a justice of the supreme
court, will not be accepted for filing in this Court. As you have
been instructed, an Article 78 petition filed in this Court must
name only judges, and a separate petition against any non-judge
must be filed in Supreme Court. Your papers dated June 15, 2018
(Notice of Petition and Order to Show Cause) are being returned
for this reason.

                              Yours truly,

                              Susanna Molina Rojas

Enc.

Susanna Molina Rojas knows that an Article 78
proceeding which names County Judge as respondent
must be Commenced in appellate Division, 'Irrespective'
of wheter another party such as a district attorney
is also named as a respondent. Pollak v Mogavero,
114 AD2d 640. Margaret Sowah and Susanna Rojas
Just Do not want the judges to find at what she
was doing with Cory Reid's article 78's.

*Supreme Court Appellate Division*
*First Department*

*27 Madison Avenue*
*New York, N.Y. 10010*
*212-340-0400*

*Susanna Molina Rojas*
*Clerk of the Court*

July 18, 2018

Cory Reid
BKDC-3491709514
275 Atlantic Avenue
Brooklyn, New York 11201

Re:  Article 78 Petition against Judge Laura A. Ward, Deputy
     Clerk Margaret Sowah and Prosecuting Attorney Nicholas
     Barnes

Dear Mr. Reid:

    On June 18, 2018, this Court received a Notice of Commencement
of an Article 78 and an accompanying Order to Show Cause, dated
June 15, 2018, by which you sought to file an Article 78 proceeding
against Justice Laura A. Ward, Deputy Clerk of the Appellate
Division, First Department Margaret Sowah, and Assistant District
Attorney Nicolas Barnes.

    An Article 78 proceeding is a special proceeding. Under
Section 506 of the Civil Practice and Procedure Law (CPLR), only
a "proceeding against a justice of the supreme court or a judge of
a county court or the court of general sessions shall be commenced
in the appellate division." This Court has accepted multiple
Article 78 proceedings that you have filed against Justice Ward.
However, any proceeding against other court employees or officers
who are not supreme court justices or county court judges cannot
be filed in the Appellate Division; those proceedings must be filed
in the trial court (the Supreme Court in New York County).



Cory Reid
Page 2
July 18, 2018

Accordingly, any Article 78 petition against Ms. Sowah or Mr. Barnes, or any other person who is not a justice of the supreme court, will not be accepted for filing in this Court. As you have been instructed, an Article 78 petition filed in this Court must name only judges, and a separate petition against any non-judge must be filed in Supreme Court. Your papers dated June 15, 2018 (Notice of Petition and Order to Show Cause) are being returned for this reason.

Yours truly,

Susanna Molina Rojas

Enc.

Cory Reid
275 Atlantic Av
Brooklyn N.Y. 11201
BKDC-3491709514

July-25-2018

F

First Correspondence
To Susanna Rojas
Clerk of App
Court, First Dep.

Supreme Court of the State of New York
Appellate Division: First Department
27 Madison Avenue
New York, New York, 10010
ATTN: Sr Sanna Molina Rojas

Greetings Maam Cory Reid at your attention. I am so
glad you spoke the way you spoke in your July
18 2018 Correspondence to Cory Reid. You know
what that means maam that you already filed
my order to show cause dated July-11-2018 forwarded
to you (since you the Clerk of court) certified mail
with return Reciept Requested (11 Days ago See Approx.
Delivery Date) There should be no reason that one is
not filed already. Remember Susanna what goes
around comes right back around like a hoola hoop.

P1

07/11/18          14:42

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

        AMOUNT    REFERENCE#
        13.00    1336971868

TOTAL    13.00   ----------

Spending Limit is $125 per week

```
===========================================
              TIMES PLAZA
          539 ATLANTIC AVE
              BROOKLYN
                 NY
              11217-9996
              3508770349
07/12/2018    (800)275-8777   3:51 PM
===========================================
Product                 Sale    Final
Description              Qty     Price
-------------------------------------------
First-Class               1      $2.05
Mail
Large Envelope
    (Domestic)
    (NEW YORK, NY  10010)
    (Weight:0 Lb 5.20 Oz)
    (Estimated Delivery Date)
    (Saturday 07/14/2018)
Certified                 1      $3.45
    (@@USPS Certified Mail #)
    (70181130000070160159)
Return                    1      $2.75
Receipt
    (@@USPS Return Receipt #)
    (9590940241488092591470)
-------------------------------------------
Total                            $8.25

Cash                            $20.25
Change                         ($12.00)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Sel⁺              offer
quick and easy               etail
Associate can s⁻
```



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

NEW YORK, NY 10010

Certified Fee   $3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $0.00
☐ Return Receipt (electronic)  $0.00
☐ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required  $0.00
☐ Adult Signature Restricted Delivery $

Postage  $2.05

Total Postage and Fees  $8.25

Sent To App Term 1st Dep Clerk of Court
Street and Apt No., or PO Box No. 27 Madison Avense
City, State, ZIP+4 NY NY 10010

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7018 1130 0000 7016 0159

THAT, on this 25ᵗʰ day of July, 2018, Cory Reid ,personally appeared before me and known to be that same man who told me that he was forwarding this(his)first correspondence to Susanna Rojas, clerk of App Court first department.

_____
NOTARY PUBLIC SIGNATURE

MIGUEL M. AGUIRRE
NOTARY
NO. 01AG6287057
QUALIFIED IN KINGS COUNTY
COMM. EXP.
02-19-2022
PUBLIC STATE OF NEW YORK

P3

7018 1130 0000 7016 0159

7018 1130 0000 7016 0159

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To App Term 1st Dep Clerk of Court

Street and Apt. No., or PO Box No. 27 Madison Avenue

City, State, ZIP+4 NY N 10010

Postmark Here

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

ATTN: Clerk of Court
App Term first Depart
27 Madison Ave
NY NY 10010

P-5



CERTIF
PEACE STICKER AT TO
OF THE RETURN ADD

envelope 8X11

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br>App Term 1st Dep.<br>Clerk of Court  CPLR<br>27 Madison Ave 3d & B7<br>NY NY 1001D  CPLR<br>2102(c) | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4148 8092 5914 70 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery<br>(0) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7018 1130 0000 7016 0159 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

envelope 8X11

Cory Reid
275 Atlantic Av
Brooklyn NY 11201
BKDC-3691709554

July-26-2018

Second Correspondence
for Clerk of App
Court, first Depart.
Susanna Mojas.

Supreme Court of the State of New York
Appellate Division, First Department
27 Madison Avenue
New York, New York, 10010
ATTN: Susanna Mojas; Clerk of Court.

Greetings Moam, Cory Reid respectfully states the following;

Remember in your Correspondence to Cory Reid, Dated July 18 2018 you Stated that this Court Commences Petitions against Judges only, that means you are going to Commence the petition against Laura Award you are going to recieve on friday July 27 2018, Since that one and the prior (July-11-2018) are NON-frivolous. CPLR 2102(c) and CPLR 506 B 1, 1, 14th U.S. Const. Right to acess the Courts.

Cory    July-26-2018

P1

07/25/18                              15:01

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

               AMOUNT      REFERENCE#
                12.00      1337319935
TOTAL           12.00      ----------

Spending Limit is $125 per week



```
============================
        TIMES PLAZA
    539 ATLANTIC AVE
        BROOKLYN
           NY
        11217-9996
        3508770349
07/25/2018   (800)275-8777  4:02 PM
============================
============================
Product              Sale      Final
Description           Qty      Price
----------------------------
First-Class          1         $1.63
Mail
Large Envelope
  (Domestic)
  (NEW YORK, NY  10010)
  (Weight:0 Lb 3.10 Oz)
  (Estimated Delivery Date)
  (Friday 07/27/2018)
Certified            1         $3.45
  (@@USPS Certified Mail #)
  (70180680000134026028)
Return               1         $2.75
Receipt
  (@@USPS Return Receipt #)
  (9590940234987275861466)
----------------------------
Total                          $7.83

Cash                           $8.00
Change                        ($0.17)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.
```

THAT, on this 26 day of July, 2018 Cory Reid, personally appeared before me and known to be that same man who told me that he was forwarding this(his)second correspondence to Susanna Mojas(Clerk of App Court First Department).

Notary Public signature

MIGUEL A. AGUIRRE
NOTARY
NO.01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

                                    Stamp
                          _____

Aug-7-2018

Cory Reid
275 Atlantic Av
Brooklyn NY. 11201
BKDC-3491709514

ATTN: Clerk of Cort
Susanna Molina Rojas
First Department
27 Madison Avenue
NY NY 10013

RE: Article 78 dated ~~April~~ July-11-2018 against
Laura-Award asking her to transfer INDICTMENT Number
4445-2017 Back to Part 71 to dismiss.

Susanna Molina Rojas. this is my third letter to you
and I got your notice today talking about my Article
78 Dated July 19 2018. Susanna Denial of access
to the Courts when you obstruct Legitimate means
to prevent Cory Reid from filing a non frivolous
action. I am telling you Susanna and margaret

you do not know what game you playing with Cory Reid. The Civil Rights Complaint against Margaret Sawah Deputy Clerk of App Term. Ast Dept is secured. Susanna Molina Rojas why you think I made A paper trail.

Respectfully Submitted
Cory Reid-Petitioner
275 Atlantic Av.
Bk NY 11201-BKDC
By: _____
Aug-7-2018

07/11/18                    14:42

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

      AMOUNT    REFERENCE#
      13.00     1336971868
TOTAL    13.00    ----------

Spending Limit is $125 per week

==========================================
        TIMES PLAZA
     539 ATLANTIC AVE
       BROOKLYN
         NY
      11217-9996
     3508770349
07/12/2018   (800)275-8777  3:51 PM
==========================================
Product         Sale    Final
Description      Qty     Price
First-Class     1    $2.05
Mail
Large Envelope
  (Domestic)
  (NEW YORK, NY  10010)
  (Weight:0 Lb 5.20 Oz)
  (Estimated Delivery Date)
  (Saturday 07/14/2018)
Certified      1    $3.45
  (@@USPS Certified Mail #)
  (70181130000070160159)
Return        1    $2.75
Receipt
  (@@USPS Return Receipt #)
  (95909402414880925914 70)
------------------------------------------
Total            $8.25

Cash           $20.25
Change        ($12.00)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Se1*              offer
quick and easy
Associate can s      etail



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

NEW YORK, NY 1001◯
Certified Mail Fee    $3.45
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $_____
☐ Return Receipt (electronic)     $_____
☐ Certified Mail Restricted Delivery  $_____
☐ Adult Signature Required        $_____
☐ Adult Signature Restricted Delivery $_____
Postage    $2.05
Total Postage and Fees    $8.25
Sent To  APD Team 4st Dep Clerk of Court
Street and Apt. No., or PO Box No.  27 Madison Avenue
City, State, ZIP+4  NY NY 10010

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

This one ~~Detailing~~ with Returning INDICTment back to part 71

07/25/18                          15:01        *This one dealing with*

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION                        *Plain error*

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

```
=======================================
               TIMES PLAZA
           539 ATLANTIC AVE
                BROOKLYN
                  NY
               11217-9996
              3508770349
07/25/2018    (800)275-8777   4:02 PM
=======================================
```

|          | AMOUNT | REFERENCE#  |
|----------|--------|-------------|
|          | 12.00  | 1337319935  |
| TOTAL    | 12.00  | ----------  |

```
Product             Sale      Final
Description          Qty       Price
```

Spending Limit is $125 per week

```
First-Class          1        $1.63
Mail
Large Envelope
 (Domestic)
 (NEW YORK, NY  10010)
 (Weight:0 Lb 3.10 Oz)
 (Estimated Delivery Date)
 (Friday 07/27/2018)
Certified            1        $3.45
 (@@USPS Certified Mail #)
 (70180680000134026028)
Return               1        $2.75
Receipt
 (@@USPS Return Receipt #)
 (9590940234987275861466)

Total                         $7.83

Cash                          $8.00
Change                       ($0.17)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
```



THAT, on this 26 day of July, 2018 *Cory Reid*, personally appeared before me and known to be that same man who told me that he was forwarding this(his)second correspondence to Susanna Mojas(Clerk of App Court First Department).

Notary Publ;ic signature                        Stamp

MIGUEL A. AGUIRRE
NOTARY
NO.01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC, STATE OF NEW YORK

*Contracts Law > Formation > Acceptance > Mailbox Rule*

Depositing in the post office a properly addressed, prepaid letter raises a presumption that it reached its destination by due course of mail, and mailing a letter in such way is prima facie evidence that it was received by the person to whom it was addressed.

*Contracts Law > Formation > Acceptance > Mailbox Rule*

Testimony contravening the receipt of mail does not put into issue the question of whether the letter was received. The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees. Usually, the one who mails a letter is devoid of any ability to prove receipt of the letter by the addressee. The testimony of the addressee that he did not receive the letter, while admissible, is admitted only because of the import of that testimony on the issue of whether the letter was mailed.

Clerk of Court

27 Madison Ave

NY NY 10010

App Term

First Dep

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: FIRST DEPARTMENT

CORY REID, **Plantiff**

    -against-

SUSANNA MOLINA ROJAS
     **Defendant**

2nd
**A F F I D A V I T ...**

STATE OF NEW YORK
COUNTY OF KINGS

Aug-9-2018

I, CORY REID, being duly sworn, despose and says:

An AFFIDAVIT left un-rebutted is equivalent to it being true.

THAT, Susanna you doing the same thing with the July-11-2018 Article 78 Petition that Margaret Sowah did with the April 3rd 2018 and April 19 2018 Petition, wait for Cory Reid to gety convicted so there will not be any live controversy pursuant to indictment number 4445-2017. Cory Reid's right to Petition the Goverment for a redress of grievances is clearly established in the yeas 2018.

Remember Susanna if you did not hide Cory Reid's Article 78 Petition he would have never gotten convicted. You caused that result. CPLR 2102(c) goveras your authority.

Cory Reid declares under penalty of perjury that Susanna Molina Rojas did hide Cory Reid's July-11-2018 Article 78 Petition becaue it warrated a finding in his favor.

RIGHT TO ACESS THE COURT
RESREVED

Sworn to before me this

09 day of August ,2018

NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No.01GO_____039
Qualified in New York County
My Commission Expires 09-15-2020

*PROOF OF SERVICE*

STATE OF NEW YORK

COUNTY OPF KINGS

I, CORY REID, being duly sworn, despose and says:

Pursuant to the Mailbox Rule, that I have on this 9th day of August 2018, placed and submitted in the POstal Receptacle in the New York City Correctional Facility known as the BRROKLYN DETENTION COMPLEX, A second AFFIDAVIT, to be duly mailed via the United States Postal service to a Goverment Official who deprived Cory Reid of a Federal Right:

Clerk of App Court
First Department
Susanna Molina Rojas
27 Madison Avenue
New York, New York, 10010

Federal Right to Acess the Court is reserved

Sworn to before me this

09 day of August ,2018

NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6348039
Qualified in New York County
My Commission Expires 09-19-2020



7018 1130 0000 7016 0159

7018 1130 0000 7016 0159

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage  $

Total Postage and Fees  $

Sent To  App Term 1st Dep Clerk of Court

Street and Apt. No., or PO Box No.  27 Madison Avenue

City, State, ZIP+4®  NY NY 10010

Postmark Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

ATTN: Clerk of Court
App Term first Depart
27 Madison Ave
NY NY 10010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: FIRST DEPARTMENT

CORY REID, Plantiff

    -against-

Clerk of Court SUSANNA. M. ROJAS
for App Term First Department
        Defendant

                             3rd
                     A F F I D A V I T..

     STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, declares by his signature that..,

A denial-of-acess-to-the-courts claim is not valid if a litigants
position is not prejudiced by the alleged violation. Ruiz v. Unit
ed States,160 f.3d 273. It is only when a prisoner suffers some a
ctual prejudice or detriment because of the alleged denial of acc
ess to the courts that the allegation becomes one of a constituti
onal nature. Walker v. Navarro County Jail, 4 f.3d 410. To prove
his claim, a plantiff must show real detriment - a true denial of
access, such as the loss of a motion, the loss of a right to comm
ence, prosecute or appeal in a court, or substantial delay in obt
aining a judicial determination in a proceeding. Oaks v. Wainwrig
ht, 430 f.2d 2412. The Second Circuit stated 'In order to establi
sh a violation of a right of access to courts, aplantiff must dem
onstrate that a defendant caused actual injury, i.e., took or was
responsible for actions that hindered a plantiff's efforts to pur
sue a legal claim.'

When Susanna Molina Rojas clerk of App Court First Department rec
ived Cory Reid's Article 78 Petition dated July-11-2018 on estima
ted delivery day July-14-2018(7-16-2018 if shwe works monday thru
friday) she showed Margaret Sowah Deputy Clerk of App court First
Departmemnt and Margaret told her to hide it because it could get
granted and the trial judge Laura.A.Ward would be upset with us.

So now Susanna is stalling waiting for Nicholas Barnes to commenc
e a trial against Cory Reid, and, if Susanna was to file that Art
icle 78 like she is suppose to(CPLR 2102(C) ) there will not be n
o trial.

Cory Reid declares under penalty of perjury and by his signature
        that Susanna Rojas is hiding Cory Reid's Article 78 Peti
tion notarized and forwarded to the Appellate Division First Depa
rtment with Certified Mail July-11-2018(estimated delivery day 7-
14-18).

                                        Private Citizen
                                        ----------------------
                                        Cory Reid


Sworn to before me nthis


     10  day of AUGUST ,2018

     ------------------------------
     NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6348039
Qualified in New York County
My Commission Expires 09-18-2020

07/11/18                                    14:42

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

|  | AMOUNT | REFERENCE# |
|---|---|---|
|  | 13.00 | 1336971868 |
| TOTAL | 13.00 | ---------- |

Spending Limit is $125 per week



===========================================
             TIMES PLAZA
         539 ATLANTIC AVE
             BROOKLYN
               NY
            11217-9996
            3508770349
07/12/2018   (800)275-8777   3:51 PM
===========================================

| Product Description | Sale Qty | Final Price |
|---|---|---|
| First-Class Mail Large Envelope (Domestic) (NEW YORK, NY 10010) (Weight:0 Lb 5.20 Oz) (Estimated Delivery Date) (Saturday 07/14/2018) | 1 | $2.05 |
| Certified (@@USPS Certified Mail #) (70181130000070160159) | 1 | $3.45 |
| Return Receipt (@@USPS Return Receipt #) (95909402414880092591470) | 1 | $2.75 |

| Total |  | $8.25 |
|---|---|---|
| Cash |  | $20.25 |
| Change |  | ($12.00) |

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

In a hurry? Se¹                offer
quick and easy               etail
Associate can s

No Return Date

1st Article 78

07/25/18

15:01

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

| | AMOUNT | REFERENCE# |
|---|---|---|
| | 12.00 | 1337319935 |
| TOTAL | 12.00 | --------- |

Spending Limit is $125 per week

```
================================
          TIMES PLAZA
       539 ATLANTIC AVE
          BROOKLYN
             NY
          11217-9996
         3508770349
07/25/2018   (800)275-8777  4:02 PM
================================
Product              Sale    Final
Description          Qty     Price

First-Class           1      $1.63
Mail
Large Envelope
(Domestic)
(NEW YORK, NY  10010)
(Weight:0 Lb 3.10 Oz)
(Estimated Delivery Date)
(Friday 07/27/2018)
Certified             1      $3.45
(@@USPS Certified Mail #)
(70180680000134026028)
Return                1      $2.75
Receipt
(@@USPS Return Receipt #)
(9590940234987275861466)

Total                        $7.83

Cash                         $8.00
Change                      ($0.17)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call         11.

In a hurry? Self-s            er
quick and easy che            l
```



September 20 return Date

Second article 78

*PROOF OF SERVICE*

STATE OF NEW YORK
COUNTY OF KINGS

THAT pursuant to the Prison Mailbox Rule, on this 10th day of August, 2018, placed and submitted in the Postal Receptacle of the New York City Correctional Facility known as the BROOKLYN DETENTION COMPLEX A Third AFFIDAVIT, to be duly mailed via the United States Postal Service to the following concerned Party that is witholding Cory Reid's Article 78 bPetition until a trial is commenced against him:

CLERK OF COURT
APP TERM, FIRST DEPARTMENT
27 Madison Avenue
New York, New York, 10010
 ATTN: Susanna Molina Rojas


Right to Petition the
Goverment is reserved

-------------------------------
                Cory Reid


Sworn to before me this


10 day of August ,2018
-------------------------------
   NOTARY PUBLIC OFFICIAL

FABIOLA GOMES
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6348039
Qualified in New York County
My Commission Expires 09-19-2020



ATTN: Susana Molina Rojas
Clerk of App Court
First Department
27 Madison Avenue
NY NY 10010

Cory Reed
275 Atlantic Av
Brooklyn NY 11201
BKDC-349170094





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 71
-----------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

DECISION AND ORDER
IND. # 4445/17

- against -

COREY RIED,

Defendant.
-----------------------------------------------------------x

Laura A. Ward, J.:

Upon inspection of the grand jury minutes, the motion to dismiss the indictment or reduce the crimes charged therein is denied.  The evidence presented to the grand jury established a prima facie case of the defendant's commission of the crimes charged in the indictment. Although the criminal court complaint charges the defendant with misdemeanors, the People served Criminal Procedure Law § 170.20 grand jury notice, indicating they intended to present the case to the grand jury. The evidence submitted to the grand jury supports felony charges. The motion to dismiss the indictment on the ground that the grand jury proceeding was defective is denied.  The defendant has not supplied the court with any evidence of a defect in the grand jury proceedings nor do the grand jury minutes reflect any such defect.

The defendant's motion to dismiss the indictment due to a lack of jurisdiction is denied. The indictment and grand jury minutes establish that the defendant is charged with two counts of Criminal Tampering in the First Degree, in violation of Penal Law § 145.20, based on the defendant's alleged conduct in New York County. Therefore, New York County Supreme Court, Part 71, has jurisdiction over the defendant's case.

The defendant's motion to dismiss the indictment based on a violation of the defendant's due process rights is denied. The defendant's motion does not establish and the record does not support a finding that the defendant's due process rights were violated.

The foregoing is the decision and order of the court.

Dated: New York, New York
        March 14, 2018

_Laura A. Ward_
Laura A. Ward
Acting Justice Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK PART 71

THE PEOPLE OF THE STATE OF NEW YORK

—against—

CORY REID

NOTICE OF
AFFIDAVIT
TO BE REBUTTED

I, CORY REID, A PRIVATE CITIZEN of the State of New York, Reserving All Rights, that flow from the Federal Constitution and Constitution of the State of New York, and any all other rights that are Secured and granted, will move this Court of Supreme Part 71 on the 29th of January of the current year with an AFFIDAVIT TO BE REBUTTED challenging the Jurisdiction of Part 71 and what Liam. R. Nfaha naphy. Esp wanted Cory Reid to adopt trying to trick him.

ALL RIGHTS RESERVED
2018
* PRIVATE CITIZEN *

The Notary Public of the BROOKLYN DETENTION COMPLEX, witnessed under my signature, that I am forwarding this NOTICE TO Trial JUDGE Laura Award and Liam R. Malanaphy. Esq.

Witnessed on the

6 day of Jan., 2018

Antonio Frazier
NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 2020

1/6/18

P1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 71

THE PEOPLE OF THE STATE OF NEW YORK

— against —

CORY REID

AFFIDAVIT
TO BE
REBUTTED

STATE OF NEW YORK )
COUNTY OF KINGS )

I, CORY REID, being duly sworn, despose and say:
An *AFFIDAVIT* left unrebutted truly and accurately
depicts what is taking place.

1 THAT, Liam R.M. your Conscious objective on 12-4-2017
in part 71 when you underlined with your pen <u>Substantial</u>
<u>interruption</u> and <u>metrocard machine</u>, to try and trick
Cory Reid that that paper was a valid and sufficient
accusatory instrument Cory Reid could lawfully be prosecuted
on. You wanted to cause that result. (Art 1 sec 6).

2 THAT, Liam.R. Mahanaphy. Esq, You forwarded to
Cory Reid via mail an omnibus motion so Cory Reid
can adopt it, but, Liam, for a part 71 reason you omitted
CPL 210.20(1)(A) and, on the top of page 4, Mr Reid
relies on his substantial right to have a Grand jury
accuse him of a Criminal act; right to know the

nature and cause of accusation and his right to have those two papers part 7 I gave him plead enough facts so he can prepare a defense, and enable him to plead prior Jeopardy. All you said is _and other rights_. Pg 4.

5 * Your HONOR, _Your_ got Liam to forward to me an omni
* bus motion so _your_ can disregard my CPL 210.20 sub 1A *
motion because it _warrants_ a finding in my favor. XIV.

4 YOUR HONOR, the reason _your_ not giving Cory Reid
a sufficient valid accusatory instrument as required
by _Art 7 sec 6 of N.Y. State Const._ because, your saying
when I get out I probably will do this again. XIV.

5 LIAM·R·Malanaphy and Laura-A ward your both
know, an indictment serves the purpose of preventing
the prosecutor from usurping the powers of the Grand
Jury by insuring that the crime for which the defend
ant is tried is the same crime for which he was
indicted- meaning, if the prosecuting attorney stated
in courtroom that Cory Reid ripped a piece of paper
off of the wall and inserted it into two machines
the accusatory instrument itself have to incorporate
that act. Not a bill of particulars. Art 1 sec 6. So
LIAM run along with your request for a bill of partic.
That do not give a court the jurisdiction over a defendant.

XIV.

6 Liam. R. Malanaphy esq. passing the Bar, you know, a courts jurisdiction over a defendant in felony cases must be based upon the decision of a grand jury as expressed in an indictment. That requirement derives from the state Constitution, and not from any act of the Legislature, *why didn't you* put that in 'Your' omnibus motion, if you was only trying to help advise me? XIV.

7 Liam. R. Malanaphy esq, before I became my own Criminal defense attorney, it is a good thing I did, because you was not going to tell Laura. A. ward that my client cannot be arraigned on a paper that just depicts a misjoinder of offenses, instead Liam, you underlined one that duplicates another. *Metrocard machine* and *Common Carrier.* That was your intent to decieve Cory Reid. (Misconduct by Attorneys). XIV.

8 Your Honor, 'Your' only doing this to me because I struggle currently with crack-cocaine. That is why 'Your' making this a felony, and it is proving that 'Your' making it a felony because inoperable and not fully operable can't both be a substantial interruption *you* just don't want *them* to be mad with *you* for *abiding* by the law and Constitution, *they* might think you on my side, which I wish you was for one at of three... *I'm worthy of It. XIV.

P4

9 YOUR HONOR, naming of the crime of criminal Tampering in the first degree in violation of Penal law 145.20 and putting Metrocard Machine next to all of the other offenses. Do not constitute fair notice, that Cory Reid stands _charged_ with Tampering with a Metrocard machine. Since factual allegations are controlling and not the name of the crime charged—— what did Cory Reid Do to the machine unlawfully—— even though the prosecuting attorney on Dec-4-2017 mentioned a criminal act—— In a Supreme Court a _grand jury indictment_ is controlling—— not a prosecuting attorney. (NY Const. art 1 sec 6). 1.20 sub 1

YOUR HONOR, he who fails to reserve a right, cannot use it —— So YOUR HONOR, for the 29th of January of 2018, CORY REID is reserving his federal Right to have the trial JUDGE Keep the balance nice, clear and true between him and the State (XIV) So traditional notions of fair play and substantial justice will not be infringed upon him.

Aforementioned RIGHT RESERVED

**NOTARY PUBLIC**

That on this day of JAN 6, 2018 CORY REID personally appeared before me, and known to be the same man who told me he was forwarding this AFFIDAVIT TO BE REBUTTED TO trial JUDGE LAURA A WARD and ESQUIRE LIAM R MALANAPHY.

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 2020

Antonio Frazier   1/6/18

P5

**✱ PROOF OF SERVICE ✱**

STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn by NOTARY PUBLIC, despose and SAY:

That on this 6th day of January of 2018, after the NOTARY PUBLIC of the BROOKLYN DETENTION COMPLEX where CORY REID is being detained in, Put his stamp and witnesses my NOTICE OF AFFIDAVIT TO BE REBUTTED, then place his stamp on my AFFIDAVIT TO BE REBUTTED, I am going to KINDLY ask the NOTARY PUBLIC can he stamp my Proof that I am serving Trial JUDGE Laura A·Ward Located at 100 centre street NY.NY.10013 Part 71 and Esquire LIAM R·MALANAPHY Located at 30 WALL street 8th floor NY. NY.10005 and I am serving them both with the same NOTICE OF AFFIDAVIT TO BE REBUTTED and AFFIDAVIT TO be REBUTTED that the NOTARY PUBLIC stamped by Placing 2 copies in the Postal receptacle of the BROOKLYN DETENTION COMPLEX to be duly mailed via the united states Postal service to Laura·A·Ward and LIAM·R·MALANAPHY.

AFOREMENTIONED RIGHT IN AFFIDAVIT TO BE REBUTTED RESERVED FOR 1-29-2018

Sworn to before me this

6 day of Jan , 2018.

Antonio Frazier

NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 20 20

1/6/18

P6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 71
------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

<u>DECISION AND ORDER</u>
IND. # 4445/17

- against -

COREY RIED,

                Defendant.
------------------------------------------------------------x

Laura A. Ward, J.:

        Upon inspection of the grand jury minutes, the motion to dismiss the indictment
or reduce the crimes charged therein is denied.  The evidence presented to the grand jury
established a prima facie case of the defendant's commission of the crimes charged in the
indictment. Although the criminal court complaint charges the defendant with misdemeanors, the
People served Criminal Procedure Law § 170.20 grand jury notice, indicating they intended to
present the case to the grand jury. The evidence submitted to the grand jury supports felony
charges. The motion to dismiss the indictment on the ground that the grand jury proceeding was
defective is denied.  The defendant has not supplied the court with any evidence of a defect in the
grand jury proceedings nor do the grand jury minutes reflect any such defect.

        The defendant's motion to dismiss the indictment due to a lack of jurisdiction is
denied. The indictment and grand jury minutes establish that the defendant is charged with two
counts of Criminal Tampering in the First Degree, in violation of Penal Law § 145.20, based on
the defendant's alleged conduct in New York County. Therefore, New York County Supreme
Court, Part 71, has jurisdiction over the defendant's case.

        The defendant's motion to dismiss the indictment based on a violation of the
defendant's due process rights is denied. The defendant's motion does not establish and the
record does not support a finding that the defendant's due process rights were violated.

        The foregoing is the decision and order of the court.

Dated: New York, New York
      March 14, 2018

Sub 1 Sub Sec A

                _____
                    Laura A. Ward
            Acting Justice Supreme Court



Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.

6784       In re Corey Reid,
[M-1735]        Petitioner,                        Ind. 4445/17
                                                    OP 143/18
                    -against-

         Hon. Laura A. Ward,
              Respondent.

———————————————

Corey Reid, petitioner pro se.

Eric T. Schneiderman, Attorney General, New York (Charles F. Sanders of counsel), for respondent.

———————————————

     The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules,

     Now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon,

     It is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements.

          THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

              ENTERED:   JUNE 5, 2018

                                    CLERK

66

ORDERED that service of a copy of this order, together with the papers upon which it is granted, upon both the respondents LAURA.A .WARD, NICHOLAS BARNES and the Attorney General, by mail, on or before                .20    , shall be sufficient.


ENTER:


_____

JUSTICE OF THE SUPREME COURT


This is the April 12 2018 Article 78 petition against Laura A ward and Nicholas Barnes
I DO NOT Know what happened to the Cover.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: 1ST DEPARTMENT

---

In the Matter of the Application of

CORY REID, Petitioner

    -against-

LAURA.A.WARD JUDGE

NICHOLAS BARNES. PROSEC. ATT.

      Respondents

For a Judgenment Pursuant to Article 78
of the Civil Pracice Law and Rules

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE

---

   STATE OF NEW YORK

COUNTY OF KINGS

I,CORY REID,being duly sworn,despose and say:

I am the petitioner in the above-entitled ½proceeding.

I amke this affidavit in support of my annexed application for an
Ordfer to Show Cause to prosecute this atached petition pursuant
to Article 78 of the Civil Practice Law and Rules which challenge
s respondent Nicholas Barnes decision not to prosecute the petiti
oner on an suficient accusatory instrument.

The decision complained of is unlawful because defendants right t
o a factual statement showing how the charge is arrived at in fac
tbal terms is fundamental.

Petitioner seeks to proceed by order to show cause rather than by
notice of petition becuase the harm the petitioner face is greate
r than the cost of the stay.

Petitioner being incarcerated,also cannot effect personal service
of the within papers and respectfully request that timely service
by mail be deemed suficient.

Petitioner designates Neqw York County as the place of venue.

No previous application for the relief requested herein has been
made.

I have moved by the annexed afidavit for a reduction/waiver of th
e filing fees.

WHEREFORE,Petitioner respectfully request that this court enter a
nd order directing respondents to mshow cause why a judgement sho
uld not be mader and entered pursuant to Article 78 of the Civil
Practice Law and Rules compelling respondent Nicholas Barnes to a
bide by tyhe Constitution of the State of New York. And GRANTING
such other and further relief this court deems just and proper.

CORY REID

BKDC 275 Atlantic AV BKNY1124

Sworn to before me this

12 day of April ,2018

NOTARY PUBL:IC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 20

4/12/18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: 1st DEPARTMENT

In the Matter of the Application of
CORY REID,Petitioner                              PETITION

          -against-                               Index No.

L'AURA.A.WARD. JUDGE
NICHOLAS BARNES. PROSECU.ATT.
          Respondents
For a Judgement Pursuant to Article 78
of the Civil Practice L'aw and Rules

          To THE  SUPREME  COURT  OF  THE  STATE  OF  NEW  YORK  FOR
NEW  YORK  COUNTY:
               The petitionb of CORY REID,complaining of the
respondents L'AURA.A.WARD,NICHOL'AS BARNES,respectfully alleges:
               Petitioner CORY REID is a defendasnt in an on-
going prosecution in front of respondent L'aura.A.WARD in part 71
located at 100 Centre Street,NY,NY,10013.

Part 71 handed the petitioner on his supreme court araignment 12
-4-2017 an acousatory instrument that stated the following in su
bstance: the defendant damaged and tampered with the property to w
it a metrocard vending machine of a gas,electric,sewer,steam and
water works corporation,telephone and telegraph corporatoion,comm
on carier,nuclear powered electric generating facility owned by a
municipality and thereby caused a substsantial interruption and i
mpairment of a service rendered to the public.

Both counts state the following in violation of Penal L'aw 145.20.

Defendants right to a factual statement showingb how a charge is
artived at in factual terms is fundamental,nor can such a deficie
ncy be cured by mere bill of particulars. Rather,it is the duty o
f the courts to see to it that the right which the legislature ha
s accorded to a citizen accusewd of crimes to have the indictment
state the facts constitutiog the crime,so that he may prepare his
defense and to prevent him from again being tried for the same of
fense.

No previous application has been mader for the requested relief.
WHEREFORE,Petitioner respectfully request that judgement be enter
ed pursuant to Article 78 of the Civil Practice Law and Rules.

This court should issue an ordert ENJOINING respondent Nicholas B
arnes from prosecuting the petitioner on a defective accusatory i
nstrument. Since the petitioner has a clear legal right to a suff
icient aacusatory instrument. This court should also issue an ord
er DIRECTING respondent Laura.A.ward to safeguard the rights of t
he petitioner as well as the administration of criminal justice.
GRANTING such other and further relief as the court may deem just
and proper. CPLR 3017 A.

CORY REID
_____ P
Petitioner,pro se
Dated: April-17-2018

# VERIFICATION

STATE OF NEW YORK)
COUNTY OF KINGS ) SS.:


_____CORY REID_____, being duly sworn, deposes and says that deponent is the petitioner in the above captioned proceeding, that he has read the foregoing petition and knows the contents thereof, that the same is true to deponent's own knowledge, except as to matters therein stated upon information and belief, which matters deponent believes to be true .

_____
Petitioner, Pro Se


Sworn to before me this

12 day of April 2018

_____
Notary Public, State of New York

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 20 20

4/12/18

REQUEST FOR JUDICIAL INTERVENTION

REQUEST FOR JUDICIAL INTERVENTION

Index No._____

SUPREME COURT,NEW YORK COUNTY

DATE PURCHASED

PLANTIFF:CORY REID

ias entry date:_____

JUdge asigned:_____

DEFENDANTS: LAURA.A.WARD,NICHOLAS BARNES.

Rji date:_____

_____

NATURE OF JUDICIAL INTERVENTION

☑ Order to Show Cause

return date for may 1 2018

NATURE OF ACTION OR PROCEEDING

SPECIAL PROCEEDINGS

☑ Article 78

Is this a proceeding against a

Municipality:__NO__          Public Authority:__Yes__

Does this proceeding seek equitable relief:__Yes__

Does this proceeding seek recovery for personal injury:__NO__

Does this proceeding seek recovery for property damage:__NO__

Estimated time period for case to be ready for trial 1 month

CORY REID BKDC 275 Atlantic Avenue BKLYN NY 11201

LAURA.A.WARD 100 Centre Street NY NY 10013 part 71

NICHOLAS BARNES ONE HOGAN PLACE NY NY 10013


I afirm under penalty of perjury,to my knowledge,other than as no
ted above,there are an have been  no related actions or proceedin
gs,nor has a request for judicial intervention previousl;y ben fi
led in this proceeding.

Dated: April-12-2018

_____

CORY REID

APPLICATION FOR INDEX NUMBER

*Index Number*

APPLICATION FOR INDEX NUMBER

Pursuant to section 8018,Newq York Civil Practice Law and Rules

Title of Action:Article 78 Order to Show Cause

CORY REID 275 Atlantic Avenue BKLYN NY 11201

LAURA.A.WARD 100 Centre Street NY NY 10013 part 71

NICHOLAS BARNES one Hogan place NY NY 10013

---

SUPREME COURT,NEW YORK COUNTY

CORY REID,petitioner

    v

LAURA.A.WARD   JUDGE

NICHOLAS BARNES   PROSECUTING ATTORNEY

*INDEX NUMBER*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: 1st DEPARTMENT

In the Mater of the Application of

CORY REID, Petitioner

    -against-

LAURA.A.WARD JUDGE

NICHOLAS BARNES PROSECU.ATT.

       Respondents

For a Judgement Pursuant to Article 78

of the Civil Practice Law and Rules

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR FEE REDU
CTION/WAIVER PURUSANT TO
NYCPLR 1101(F)

    I,CORY REID,being duly sworn,hereby declares as follows:

I am the petitioner in the above-entitled proceeding. I am an inm
ate in a County Correctional Facility Brooklyn Detention Complex,
275 Atlantic Avenue BK NY 11201 and I submit this afidavit in sup
port of my application for a reduction/waiver of the filing fees
pursuant to NYCPLR 1101(F)(and that an atorney be asigned to repr
esent me NYCPLR 1102 A)

    I curently recieve income from the following sources,exclusi
ve of corectional wages_____NONE_____

I own the following valuable property(other than miscellaneous pe
rsonal property)

List property            Value

NONE            NONE

I have no savings,property,assets,or income other than as set for
th herein.

I am unable to pay the filing fee necessary to prosecute this pro
ceeding.

N o ohter person who is able to pay the filing fee has a benefici
al interest in the result of thgis proceeding.

The facts of my case are described in my claim and other papers f
iled with the court.

I have made no prior request for this relief in this case.

_____

Sworn to before me this

12 day of April ,2018

*Antonio Frazier*

NOTARY PUBLIC OFFICIAL

ANTONIO MIGUEL FRAZIER
Commissioner of Deeds
No. 2-13375
Qualified in Kings County
Commission Expires May 1, 20 2-0
4/12/18

I,Cory Reid,inmate number 3491709514,request and authorize the a
gency holding me in custody to send to the Clerk of the Court cer
tified copies of the Correctional facility trust fund account sta
tement (or the institutional equivalent)for the past six Months.

I further request and authorize the agency holding me in custody
to deduct the filing fee from my corectional facility trust fund
account(or the institutional equivalent)and to disburse those amo
unts as instructed by the Court. This authorization is furnished
in connection with the above entitled case and shall apply to any
agency into whose custody I may be transferred.

I UNDERSTAND THAT I MAY HAVE TO PAY THE ENTIRE FEE IF THE COURT
DENIES MY REQUEST FRO A FEE REDUCTION. MOREOVER,I UNDERSTAND THAT
THE FEE DETERMINED BY THE COURT WILL BE PAID IN INSTALLMENTS BY A
UTOMATIC DEDUCTIONS FROM MY CORRECTIONAL FACILITY TRUST FUND ACOU
NT EVEN IF MY CASE IS DISMISSED.

At a term of the Supreme Court of the State of New York, held in and for the County of New York on the                    day of
        Present: Hon.                    ,JUstice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of

CORY REID, Petitioner

        -against-

LAURB.A.WARD, Judge
            Rerspondent

For a Judgement  Pursuant to Article 78
of the Civil Practice Law and Rules

ORDER TO SHOW CAUSE
Index No._____

        Upon ther annexed affidavit in support of an order to Show C ause of CORY REID, verified on the 20 day of JUne ,2018,the verifie d Petition, sqworn to on the 20th day of JUne ,2018, It is

        ORDERED that respondents LAURA.A.WARD show cause at a term o f this court to be held in the County of New York on the   day of         ,20  , or as soon thereafter counsel may be heard why ju dgement should not be made and entetred in this matter Pursuant t o Article 78 of the Civil Practice Law and Rules:

        VACATING and setting aside repondents Laura.A.WArd decision not to dismiss indictment as jurisdictionally defective.

        DIRECTING respondent Laur.A.Ward to dismiss indictment as de fective in its use.

        GRANTING such other and further relief as the court may deem just and proper. It is further

        ORDERED that service of a copy of this order, together with the papers upon which it is granted upon both the respondents LAU RA.A.WARD and the Attorney General by mail, on or before         shall be sufficient.

        ENTER:

JUSTICE OF THE SWPREME COURT

'18/9/6  10:34 AMM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:FIRST DEPARTMENT

In the Matter of the Application of

CORY REID, Petitioner

      -against-

LAURA.A.WARD, Judge

          Respondent

For a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules

AFFIDAVIT IN SUPPORT OF
ORDER TO SHOW CAUSE
Index No._____

    STATE OF NEW YORK
COUNTY OF KINGS

I, CORY REID, being duly sworn, despose and say:
I am the Petitioner in the above-entitled proceeding.
I amke this affidavit in support of my annexed application for an
Order to Show Cause to prosecute the attached Petition Pursuant t
o Article 78 of the Civil Practice Law and Rules which challenges
Laura.A.Ward's decision not to dismiss indictment as jurisadictio
nally defective.

The decision complained is unlawful because a sufficienty accusat
ory instrument is a non-waivable jurisdictional pre-requisite to
a criminal prosecution.

Petitioner seeks to proceed by order to show cause rather than by
notice of Petition because he is incarcerated and canot effect se
rvice of respondents.

Petitioner designates New York County as the Place of venue.

No previous application for the relief requersted herein has been
made.

I have moved by the amnexed affidavit for a reduction/waiver of t
he filing fees.

WHEREFORE,Petitioner respectfully request that this court enter a
n order directing respondent to show cause why a judgement should
not be made and entered pursuant to Article 78 of the Civil Pract
ice Law and Rules compelling respondent WARD to dismiss indictmen
t as jurisdictionally defective and Granting such other and furth
er relief as the court may deem just and proper.

_Cory Reid_

BKLN 275 Atlantic Av BK NY 11201

Sworn to before me this

20th day of June ,2018

NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:FIRST DEPARTMENT

In the Matter of the Application of
CORY REID,Petitioner                          P E T I T I O N
                                              Index NO._____

          -against-
LAURA.A.WARD Judge
          Respondent
For a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules

To  THE  SUPREME  COURT  OF  THE  STATE  OF  NEW  YORK  FOR  NEW
YORK  COUNTY:
              The Petition of CORY REID, complaining of the reppon
dent LAURA.A.WARD, respectrfully alleges:

                          Cory Reid is a criminal
defendant in an on-going prosecution in front of presiding Justic
e respondent Laura.A.Ward, in 100 Centre Street ,New York, New Yo
rk, 10013 Part 71.

The Court's jurisdiction over a mandamus petition depends on the
character of the Goverment's duty to the petitioner. THe test fo
r jurisdiction is wheter mandamus would be an appropriate means o
f relief. If the duty is ministerial, clearly defined and perempt
ory, mandamus is appropriate.

On the 4th day of December of 2018, the clerk of Supreme Court pa
rt 71 araigned the petitioner on a two count indictment in violat
ion of penal law 145.20. Criminal Tampering in the first degree.

On the face of the indictment allegationsa state as follows:

The defendant, in the County of New York, on or about September 2
5, 2017, with intent to cause a substantial interupption and impa
irment of a service rendered to the public, and having no right t
o do so nor any reasonable ground to believe that he had a right,
damaged and tampered with property, to wit, a metrocard vending m
achine, of a gas, electric, sewer, steam and waterworks corporati
on, telephone and telegraph corporation, common carrier(same thin
g as metrocard machine)nuclear powered electric generating facili
ty, and public utility operated by a municvipality and district

and thereby caused substantial interruption and impairment of ser
vice.


Both counts of the indictment are not criminal acts within the me
aning of CPL.200.50 sub 7 A (question of Law). And if the respond
ent strate in oppostyion that the indictment counts do allege cri
minal acts, it is not the same criminal acts the prosecutor prese
nted to the Grand Jury within the meaning of CPL.200.70 sub 2(que
stion of law). Also see CPL.10.20 sub 2.

On the 4th day of December of 2017 in Supreme Court part 71 the p
rosecuting atorney stated that he saw in the video the petitioner
rip a piece of paper off of the wall and insert that paper into t
wo metrocard vending machines causing the m,achines to not fully
operate.(criminal act presenteds to the Grand Jury).

The Court of Appeals of New York stated in In the Matter of Luis
Durr et al v Paragon Trading Corporation,270 N.Y.464;
A peremptory mandamus order may be granted in the first instance
where the applicant's right to the mandamus order depends only up
on questions of law. See case annexed.

The petitioner fikled a pre-trial motion with the trial court but
the motion went unanswered. The motion was Pursuant to CPL.210.20
sub 1A. Amongst other subsections.

The fact that the plaintiff may have had another remedy by an acti
on on his contracvt for damages does not furnish a legal reason f
or denying the alternative mandamus order. In the Matter of the A
pplication of Universal By-Products Corporation,216 ad 311;Suprem
e court of New York, Appellater Division, Fourth Department.

No previous application has been made for the requested relief.

WHEREFORE, Petitioner respectfully request that judgement be ente
red purusnat to Article 78 of the Civil Practice Law and Rules.

This Court should issue an order ENJOINING respondent LAURA.A.WAR
D from proceeding with a defective indictment in part 71. This co
urt should also issue an order DIRECTING respondent LAURA.A.WARD
to dismiss indictment due to it being defective. Granting such ot
her and further erelief as the court may deem just and proper. cp
lr 3017A.

_Cory Reid_

Petitioner, Pro-Se

June- 20 -2018

# VERIFICATION

STATE OF NEW YORK)
COUNTY OF KINGS   ) SS.:


___CORY REID_____, being duly sworn, deposes and says that deponent is the petitioner in the above captioned proceeding, that he has read the foregoing petition and knows the contents thereof, that the same is true to deponent's own knowledge, except as to matters therein stated upon information and belief, which matters deponent believes to be true .

_____
Petitioner,  Pro Se

Sworn to before me this

20ᵗʰ day of  June   201 8

_____
Notary Public, State of New York

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

REQUEST FOR JUDICIAL INTERVENTION

REQUEST FOR JUDICIAL INTERVENTION

Index No._____

SUPREME COURT, NEW YORK COUNTY

DATE PURCHASED

PLANTIFF: CORY REID

Ias entry date;_____

Judge asigned;_____

DEFENDANT: LAURA.A.WARD.

Rji date:_____

---

NATURE OF JUDICIAL INTERVENTION

☑    ORDER TO SHOW CAUSE

      return date for June 30 2018

NATURE OF ACTION OR PROCEEDING

Special Proceedings

☑    Article 78

Is this a Special Proceeding against a

Municipality: _Yes_____     Public Authority: _Yes_____

Does this Proceeding seek equitable Relief: _Yes_____

Does this Porceeding seek recovery for persoanl Injury: _NO____

Does this Proceeding seek recovery for property damage: _NO___

Estimated time case to be ready for trial 1 Month

CORY REID 275 Atlantic Avenue BK NY 11201

LUARA.A.WARD 100 Centre Street NY NY 10013

APPLICATION FOR INDEX NUMBER

[APPLICATION FOR INDEX NUMBER

Pursuant to section 8018, New York Civil Practice Law and Rules

TITLE OF ACTION: ARTICLE 78 ORDER TO SHOW CAUSE

CORY REID, 275 ATLANTIC AVENUE BKLYN NY 11201

LAURA.A.WARD 100 CENTRE STREET NY NY 10013

---

SUPREME COURT, NEW YORK COUNTY

CORY REID, Petitioner.

    v

LAURA.A.WARD, Judge

_____Index NUmber

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:FIRST DEPARTMENT

In the Matter of the Application of

CORY REID, Petitioner

     -against-

JUDGE LAURA.A.WARD
       Respondent

For a Judgement Pursuant to Article 78
of the Civil Practice Law and Rules

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR FEE
REDUCTION/WAIVER PURSUANT
TO NYCPLR 1101(F).

I,CORY REID,being duly sworn,despose and say:

Iam the petitioner in the above entitled proceeding. Iam an inmate in a county Correctional Facility,Brooklyn Det.Com,275 Atlantic avenue,BK,NY,11201 and I submit this affidavit in support of my application for a reduction/waiver of the filing fees purusnat to NYCPLR 1101 F(and that an attorney be asigned to represent me 1102 A)I currently recieve income from the following sources,exclusive of correctional wages) **NONE**

List Property **NONE**      Value **NONE**

)

I have no savings,assets,property,or income other than as set forth herein.

I am unable to pay the filing fee necessary to prosecute this proceeding.

No thoer person who is able to pay the filing fee has a beneficial interest in the result of this proceeding.

The facts of my case are described inmy claim and other papers filed with the court.

I have made no prior request for this relief in this case.

SWORN TO BEFORE ME THIS

20th DAY OF June ,2018

NOTARY PUBLIC OFFICIAL

MIGUEL A. AGUIRRE
NOTARY
NO. 01AG6297057
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02-18-2022
PUBLIC
STATE OF NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CORY RIED,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the

defendant of the crime of **CRIMINAL TAMPERING IN THE FIRST DEGREE**, in violation of

Penal Law § 145.20, committed as follows:

The defendant, in the County of New York, on or about September 25, 2017, with intent to

cause a substantial interruption and impairment of a service rendered to the public, and having no

right to do so nor any reasonable ground to believe that he had such right, damaged and tampered

with property, to wit, a MetroCard vending machine, of a gas, electric, sewer, steam and water-

works corporation, telephone and telegraph corporation, common carrier, nuclear powered electric

generating facility, and public utility operated by a municipality and district, and thereby caused

substantial interruption and impairment of service.

Barred by CPL 200.50 7A

AND/or CPL 200.70 sub 2

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **CRIMINAL TAMPERING IN THE FIRST DEGREE**, in violation of Penal Law §145.20, committed as follows:

The defendant, in the County of New York, on or about September 25, 2017, with intent to cause a substantial interruption and impairment of a service rendered to the public, and having no right to do so nor any reasonable ground to believe that he had such right, damaged and tampered with property to wit, a second MetroCard vending machine of a gas, electric, sewer, steam and water-works corporation, telephone and telegraph corporation, common carrier, nuclear powered electric generating facility, and public utility operated by a municipality and district, and thereby caused substantial interruption and impairment of service.

CYRUS R. VANCE, JR.
District Attorney

07/11/18                        14:42

THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION

BKHD

RIED,CORY
ID#3491709514

WITHDRAWAL OF FUNDS

POSTAGE/CERT. MAIL

DISBURSED AS CASH

                    AMOUNT      REFERENCE#
                     13.00      1336971868
TOTAL                13.00      ----------

Spending Limit is $125 per week

8.25

```
================================================
              TIMES PLAZA
           539 ATLANTIC AVE
              BROOKLYN
                 NY
              11217-9996
              3508770349
07/12/2018    (800)275-8777   3:51 PM
================================================
Product                   Sale      Final
Description                Qty       Price

First-Class         1              $2.05
Mail
Large Envelope
    (Domestic)
    (NEW YORK, NY  10010)
    (Weight:0 Lb 5.20 Oz)
    (Estimated Delivery Date)
    (Saturday 07/14/2018)
Certified           1              $3.45
    (@@USPS Certified Mail #)
    (70181130000070160159)
Return              1              $2.75
Receipt
    (@@USPS Return Receipt #)
    (9590940241488092591470)

Total                              $8.25

Cash                              $20.25
Change                           ($12.00)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Se                     offer
quick and easy                     etail
Associate can s
```



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

App Term 7st Dep.
Clerk of Court CPLR
27 Maddison Ave 50¢ BT
NY NY 10010
CPLR
2102(c)

9590 9402 4148 8092 5914 70

2. Article Number (Transfer from service label)

7018 1130 0000 7016 0159

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

A. ORTIZ

C. Date of Delivery

7/6/18

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #

9590 9402 4148 8092 5914 70

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Cory Reed - 349170951 4
278 Atlantic Av BKHN NY 11201
housing area 5C

07/16

Cory Reid
275 Atlantic Av
Brooklyn NY 11201
BKDC-349170951◊

ATTN: Clerk of Court
App Term first De
27 Madison Ave
NY NY 10010



ostal Service™
TIFIED MAIL® RECEIPT
c Mail Only

ry information, visit our website at www.usps.com®.

OFFICIAL USE

Fee

5 & Fees (check box, add fee as appropriate)
eipt (hardcopy)      $ _____
eipt (electronic)    $ _____
 all Restricted Delivery  $ _____
ture Required        $ _____
ture Restricted Delivery $ _____

je and Fees

DD Term 4st Dep Clerk of Court
zt No., or PO Box No.  27 Madison Avenue
_____ NY NY 10010

800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

Ann Clerk of Court
App Tom First Depart
27 Madison Ave
NY NY 10010

...cliffe Av
...n NY 11201
...349909516

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4148 8092 5914 70

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•



Cory Reed - 367170514
1718 Atlantic Av BKln NY 11201
Housing area SC

## Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).

**Important Reminders:**

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is not available for international mail.
- Insurance coverage is not available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For an electronic version, complete PS Form 3811, Domestic Return Receipt; attach PS Form 3811 to your mailpiece;

- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 (Reverse) PSN 7530-02-000-9047



ostal Service™
TIFIED MAIL® RECEIPT
c Mail Only

ry information, visit our website at www.usps.com®.

OFFICIAL USE

Fee

5 & Fees (check box, add fee as appropriate)
eipt (hardcopy)        $
eipt (electronic)      $
ail Restricted Delivery $
ture Required          $
ature Restricted Delivery $

ge and Fees

PO Term 45t Dep Clerk of Court
St No., or PO Box No.
27 Madison Avenue
NY NY 10010

806, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Attn: Clerk of Court
App Tem First Depat
27 Madison Ave
NY NY 10010

N NY 11201
349705516